

1
2  LAW OFFICE OF RON BOCHNER
   Ron K. Bochner - 160093
   3333 Bowers Avenue, Suite 130
3  Santa Clara, California 95054
   (408) 200-9890
4  (510) 740-3699
   robolaw@justice.com
5                            E-filing
   ATTORNEYS FOR PLAINTIFF
6

7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DIVISION OF CALIFORNIA

10
                                                      EDL
11
                                    C07-05881
12  RICHARD HOWARD,                  Case No.
                                                       ADR
13          Plaintiff,               COMPLAINT

14  vs.                             (Fair Credit Reporting Act, 15 USC 1681)

15                                   DEMAND FOR JURY TRIAL
    WELLS FARGO FINANCIAL
16  ACCEPTANCE and DOES 1-50,

17
            Defendants.
18
                                 /
19
    1. This court has jurisdiction under 15 USC section 1651.
20
    2. Plaintiff Richard Howard ("plaintiff") is a consumer as defined by the Fair and Accurate Credit
21
    Transactions Act (FACTA), 15 USC section 1681a(c), and a resident of Contra Costa County,
22
    California.
23
    3. Defendant Wells Fargo Financial Acceptance ("WF") is an entity furnishing information to
24
    consumer reporting agencies under 15 USC section 1681s-2.
25
    4. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1-50,
26
    inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this

    complaint to allege their true names and capacities when ascertained. Plaintiff is informed and



Law Office of Ron
Bochner, 3333 Bowers
Ave., Suite 130, Santa
Clara, CA 95054
(408) 200-9890

1

1 | believes, and thereon alleges that each of the fictitiously named Defendants is responsible in some
2 | manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were
3 | legally caused by these Defendants.

4 | 5. At all times herein mentioned, WF and Defendant Does 1-50, and each of them, were the
5 | employers, contractors-of, agents and/or employees of the other Defendants, and, in doing the
6 | things hereinafter alleged, were acting in the scope of their agency and employment and with the
7 | permission and consent of the other Defendants.

8 | 6. At all times herein mentioned, WF and Defendant Does 1-50, and each of them, were, in doing
9 | the things hereinafter alleged, acting in the scope of their agency and employment and with the
10 | permission and consent of the other Defendants.

11 | 7. In November of 2004, Plaintiff was compelled to sue WF after his identity was stolen,
12 | inaccurate items were placed on his credit report and defendants failed to remove such items
13 | despite the fact that Mr. Howard provided a veritable plethora of information on multiple
14 | occasions showing the account alleged to be his was not his, but had in fact been taken out by an
15 | identity thief. That matter settled in October of 2005. See *Howard v. Blue Ridge Bank*, 371
16 | F.Supp.2d 1139 (ND Cal., 2005). One of these inaccurate items was an automobile loan through
17 | Wells Fargo Financial Acceptance, the terms of which showing on the credit report was an
18 | automobile loan with an account number 5382580, a high balance of either $19,178 or $19,179
19 | and 72 payments of $412.00 per month, and a date open of 04/2003. The inaccurate entries were
20 | removed as part of the settlement.

21 | 8. In March of 2007, Plaintiff, who continued to meticulously track his credit report as a result of
22 | his prior history, first noticed that a Wells Fargo Financial Acceptance account was again
23 | appearing on his credit report. The report bore a different account number (50237593) than had
24 | previously been reported, but otherwise closely matched the information of the previously
25 | removed entry (automobile loan, with high balance of $19,178 and 72 monthly payments of $412,
26 | a date open of 04/2003 and shows a date verified of February, 2007). Plaintiff has not opened,
and has never opened, any account or taken any credit from Wells Fargo Financial Acceptance.

1 | The entry constituted and constitutes a negative entry on his credit report, as apparently the person
2 | who took out the account has not been paying it. The account has now apparently been charged
3 | off.

4 | 9.  Knowing that the entry was inaccurate and likely a result of the prior identity theft, Plaintiff
5 | disputed the account entry with the two credit reporting agencies that were reporting it: non-
6 | defendant Equifax and defendant Trans Union. Equifax, while not completely correcting his
7 | report (inaccurate addresses and former employers still remain on the report), did remove the
8 | Wells Fargo entry. However, Trans Union did not remove, and has not removed, the entry.
9 | 10.  Plaintiff is informed and believes, and thereon alleges, that Trans Union contacted Wells
10 | Fargo as a part of its investigation after plaintiff's dispute. Plaintiff is informed and believes and
11 | thereon alleges that Wells Fargo verified the accuracy of its entry on the report, despite the fact it
12 | was and is clearly inaccurate and continues to report this inaccurate account to this day. Trans
13 | Union continues to report inaccurate information and continues to purport it verified disputed
14 | information was accurate when it has been, and continues to be, inaccurate, to this date.

15 | FIRST CLAIM FOR RELIEF

16 | (Negligent Noncompliance with FACTA)

17 | 11.  Plaintiff realleges and incorporates paragraphs 1 through 10.

18 | 12.  Defendants Wells Fargo and Does 1-50 received notice of plaintiff's dispute from Trans
19 | Union and negligently failed to comply with the requirements of 15 USC 1681s-2 in that Wells
20 | Fargo negligently failed to assure information it provided to credit reporting agencies was
21 | accurate upon reinvestigation after plaintiff requested such reinvestigation in a proper manner.
22 | Plaintiff also alleges that Wells Fargo was negligent in allowing the alteration of the previously
23 | disputed and deleted account number to a different account number.

24 | 13.  As a result of defendants' failure to comply with the requirements of FACTA, plaintiff has
25 | suffered, and continues to suffer, actual damages and pain and suffering for which he seeks
26 | damages in an amount determined by the jury. Plaintiff also seeks punitive damages in an amount
   | to be determined by the jury.

1 || 14. Plaintiff also seeks injunctive relief prohibiting said defendants from engaging in any of the

2 || acts alleged.

3 || 15. Plaintiff requests attorneys fees pursuant to 15 USC 1681o(a).

4 || SECOND CLAIM FOR RELIEF

5 || (Willful Noncompliance with FACTA)

6 || 16. Plaintiff realleges and incorporates paragraphs 1 through 15. .

7 || 17. Plaintiff is informed and believes, and thereon alleges, that Defendants Wells Fargo and Does

8 || 1-50 received notice of plaintiff's dispute as required by 15 USC 1681i(a)(2)(b) from Trans Union

9 || and willfully failed to comply with the requirements of 15 USC 1681s-2(b) in that Wells Fargo,

10 || despite the prior history with this loan, its prior removal, and repeated disputes received from

11 || Trans Union, willfully failed to assure information it provided to credit reporting agencies was

12 || accurate upon reinvestigation, after plaintiff requested such reinvestigation in a proper manner.

13 || Plaintiff is also informed and believes and thereon alleges that defendant Wells Fargo deliberately

14 || altered the account number so that it could continue to negatively report the account.

15 || 18. As a result of defendants' failure to comply with the requirements of FACTA, plaintiff has

16 || suffered, and continues to suffer, actual damages for which he seeks damages in an amount

17 || determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by

18 || the jury.

19 || 19.    Plaintiff also seeks injunctive relief prohibiting said defendants from engaging in any of the

20 || acts alleged.

21 || 20. Plaintiff requests attorneys fees pursuant to 15 USC 1681o(a).

22 || PRAYER

23 || On the First Claim for Relief:

24 || 1. Actual damages as to each defendant in an amount to be determined by the jury;

25 || 2. Injunctive relief prohibiting said defendants from engaging in any of the acts alleged.

26 || 3. Attorney's fees; and

4. Costs and expenses incurred in this action.

1    On the Second Claim for Relief:

2    1. Actual damages as to each defendant in an amount to be determined by the jury;

3    2. Punitive Damages as to each defendant in an amount to be determined by the jury;

4    3. Injunctive relief prohibiting said defendants from engaging in any of the acts alleged.

5    4. Attorney's fees; and

6    5. Costs and expenses incurred in this action.

7

8    November ___, 2007                    LAW OFFICE OF RON BOCHNER

9

10                                         BY
                                           RON K. BOCHNER
11                                         Attorney for Plaintiff
                                           Richard Howard
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26