LAW OFFICE OF RON BOCHNER
Ron K. Bochner - 160093
3333 Bowers Avenue, Suite 130
Santa Clara, California 95054
(408) 200-9890
FAX: (510) 740-3699
robolaw@justice.com

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT

NORTHERN DIVISION OF CALIFORNIA

| | |
|---|---|
| RICHARD HOWARD, | Case No.  C07-05881 EDL |
| Plaintiff, | FIRST AMENDED COMPLAINT |
| vs. | (Fair Credit Reporting Act, 15 USC 1681) |
| | DEMAND FOR JURY TRIAL |
| WELLS FARGO FINANCIAL ACCEPTANCE, WELLS FARGO AUTO FINANCE, INC., WELLS FARGO FINANCIAL CAR, LLC, and DOES 1-50, | |
| Defendants. | |

1. This court has jurisdiction under 15 USC section 1651.

2. Plaintiff Richard Howard ("plaintiff") is a consumer as defined by the Fair and Accurate Credit Transactions Act (FACTA), 15 USC section 1681a(c), and a resident of Contra Costa County, California.

3. Defendants Wells Fargo Financial Acceptance, Wells Fargo Auto Finance, Inc., Wells Fargo Financial Car, LLC ("WF") is an entity, or are entities, furnishing information to consumer reporting agencies under 15 USC section 1681s-2.

4. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1-50, inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiff will amend this

1  complaint to allege their true names and capacities when ascertained. Plaintiff is informed and
2  believes, and thereon alleges that each of the fictitiously named Defendants is responsible in
3  some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged
4  were legally caused by these Defendants.
5  5. At all times herein mentioned, WF and Defendant Does 1-50, and each of them, were the
6  employers, contractors-of, agents and/or employees of the other Defendants, and, in doing the
7  things hereinafter alleged, were acting in the scope of their agency and employment and with the
8  permission and consent of the other Defendants.
9  6. At all times herein mentioned, WF and Defendant Does 1-50, and each of them, were, in doing
10 the things hereinafter alleged, acting in the scope of their agency and employment and with the
11 permission and consent of the other Defendants.
12 7. In November of 2004, Plaintiff was compelled to sue WF after his identity was stolen,
13 inaccurate items were placed on his credit report and defendants failed to remove such items
14 despite the fact that Mr. Howard provided a veritable plethora of information on multiple
15 occasions showing the account alleged to be his was not his, but had in fact been taken out by an
16 identity thief. That matter settled in October of 2005.  See **Howard v. Blue Ridge Bank**, 371
17 F.Supp.2d 1139 (ND Cal., 2005). One of these inaccurate items was an automobile loan through
18 Wells Fargo Financial Acceptance, the terms of which showing on the credit report was an
19 automobile loan with an account number 5382580, a high balance of either $19,178 or $19,179
20 and 72 payments of $412.00 per month, and a date open of 04/2003. The inaccurate entries were
21 removed as part of the settlement.
22 8. In March of 2007, Plaintiff, who continued to meticulously track his credit report as a result of
23 his prior history, first noticed that a Wells Fargo Financial Acceptance account was again
24 appearing on his credit report. The report bore a different account number (50237593) than had
25 previously been reported, but otherwise closely matched the information of the previously
26 removed entry (automobile loan, with high balance of $19,178 and 72 monthly payments of $412,
   a date open of 04/2003 and shows a date verified of February, 2007). Plaintiff has not opened,

1 and has never opened, any account or taken any credit from Wells Fargo Financial Acceptance.
2 The entry constituted and constitutes a negative entry on his credit report, as apparently the
3 person who took out the account has not been paying it.  The account has now apparently been
4 charged off.
5 9.  Knowing that the entry was inaccurate and likely a result of the prior identity theft, Plaintiff
6 disputed the account entry with the two credit reporting agencies that were reporting it: non-
7 defendant Equifax and defendant Trans Union.  Equifax, while not completely correcting his
8 report (inaccurate addresses and former employers still remain on the report), did remove the
9 Wells Fargo entry.  However, Trans Union did not remove, and has not removed, the entry.
10 10.  Plaintiff is informed and believes, and thereon alleges, that Trans Union contacted Wells
11 Fargo as a part of its investigation after plaintiff's dispute.  Plaintiff is informed and believes and
12 thereon alleges that Wells Fargo verified the accuracy of its entry on the report, despite the fact it
13 was and is clearly inaccurate and continues to report this inaccurate account to this day.  Trans
14 Union continues to report inaccurate information and continues to purport it verified disputed
15 information was accurate when it has been, and continues to be, inaccurate, to this date.

FIRST CLAIM FOR RELIEF

(Negligent Noncompliance with FACTA)

18 11.  Plaintiff realleges and incorporates paragraphs 1 through 10.
19 12.  Defendants Wells Fargo and Does 1-50 received notice of plaintiff's dispute from Trans
20 Union and negligently failed to comply with the requirements of 15 USC 1681s-2 in that Wells
21 Fargo negligently failed to assure information it provided to credit reporting agencies was
22 accurate upon reinvestigation after plaintiff requested such reinvestigation in a proper manner.
23 Plaintiff also alleges that Wells Fargo was negligent in allowing the alteration of the previously
24 disputed and deleted account number to a different account number.
25 13.  As a result of defendants' failure to comply with the requirements of FACTA, plaintiff has
26 suffered, and continues to suffer, actual damages and pain and suffering for which he seeks
damages in an amount determined by the jury.  Plaintiff also seeks punitive damages in an

1  amount to be determined by the jury.

2  14. Plaintiff also seeks injunctive relief prohibiting said defendants from engaging in any of the
3  acts alleged.

4  15. Plaintiff requests attorneys fees pursuant to 15 USC 1681o(a).

SECOND CLAIM FOR RELIEF

(Willful Noncompliance with FACTA)

7  16. Plaintiff realleges and incorporates paragraphs 1 through 15.

8  17. Plaintiff is informed and believes, and thereon alleges, that Defendants Wells Fargo and Does
9  1-50 received notice of plaintiff's dispute as required by 15 USC 1681i(a)(2)(b) from Trans
10 Union and willfully failed to comply with the requirements of 15 USC 1681s-2(b) in that Wells
11 Fargo, despite the prior history with this loan, its prior removal, and repeated disputes received
12 from Trans Union, willfully failed to assure information it provided to credit reporting agencies
13 was accurate upon reinvestigation, after plaintiff requested such reinvestigation in a proper
14 manner.  Plaintiff is also informed and believes and thereon alleges that defendant Wells Fargo
15 deliberately altered the account number so that it could continue to negatively report the account.

16 18. As a result of defendants' failure to comply with the requirements of FACTA, plaintiff has
17 suffered, and continues to suffer, actual damages for which he seeks damages in an amount
18 determined by the jury.  Plaintiff also seeks punitive damages in an amount to be determined by
19 the jury.

20 19.   Plaintiff also seeks injunctive relief prohibiting said defendants from engaging in any of the
21 acts alleged.

22 20. Plaintiff requests attorneys fees pursuant to 15 USC 1681o(a).

23 PRAYER

24     On the First Claim for Relief:

25 1. Actual damages as to each defendant in an amount to be determined by the jury;

26 2. Injunctive relief prohibiting said defendants from engaging in any of the acts alleged.

3. Attorney's fees; and

1  4. Costs and expenses incurred in this action.

2      On the Second Claim for Relief:

3  1. Actual damages as to each defendant in an amount to be determined by the jury;

4  2. Punitive Damages as to each defendant in an amount to be determined by the jury;

5  3. Injunctive relief prohibiting said defendants from engaging in any of the acts alleged.

6  4. Attorney's fees; and

7  5. Costs and expenses incurred in this action.

8

9  December 22, 2007                              LAW OFFICE OF RON BOCHNER

10

11                                           BY _____
                                           RON K. BOCHNER

12                                            Attorney for Plaintiff
                                           Richard Howard

13

14

15

16

17

18

19

20

21

22

23

24

25

26