DONALD J. QUERIO (State Bar No. 54367)
djq@severson.com
MARK D. LONERGAN (State Bar No. 143622)
mdl@severson.com
PETER H. BALES (State Bar No. 251345)
phb@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendants
WELLS FARGO FINANCIAL ACCEPTANCE, WELLS FARGO AUTO FINANCE, INC., WELLS FARGO FINANCIAL CAR, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HOWARD,<br><br>    Plaintiff,<br><br>    vs.<br><br>WELLS FARGO FINANCIAL ACCEPTANCE, WELLS FARGO AUTO FINANCE, INC., WELLS FARGO FINANCIAL CAR, LLC, and DOES 1-50,<br><br>    Defendants. | Case No.: CO7-05881 EDL<br>Assigned to: Magistrate Judge Elizabeth D. Laporte<br><br>**DEFENDANTS' ANSWER**<br><br>Complaint Date: November 20, 2007 |

For their answer to Plaintiff's Complaint, Defendants Wells Fargo Financial Acceptance, Wells Fargo Auto Finance, Inc., and Wells Fargo CAR, LLC ("Defendants") admit, deny, and affirmatively allege as follows:

  1.   Paragraph 1 sets forth no allegations of fact, but asserts a legal conclusion which requires no answer. To the extent these allegations may be deemed to require an answer, Defendants deny the allegations in paragraph 1.

  2.   Paragraph 2 sets forth no allegations of fact, but asserts a legal conclusion which requires no answer. To the extent these allegations may be deemed to require an answer,

1  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and therefore deny same.

3. Paragraph 3 sets forth no allegations of fact, but asserts a legal conclusion which requires no answer. To the extent these allegations may be deemed to require an answer, Defendants deny the allegations in paragraph 3.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and therefore deny same.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and therefore deny same.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and therefore deny same.

7. Defendants admit that the entries on plaintiff's credit report were removed as part of the settlement in *Howard v. Blue Ridge Bank*, 371 F.Supp.2d 1139 (N.D.Cal., 2005). Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7, and therefore deny same.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore deny same.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and therefore deny same.

10. Defendants admit that TransUnion contacted Wells Fargo regarding the disputed account and that Wells Fargo verified the account based on the information that was known to it at that time. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10, and therefore deny same.

## FIRST CLAIM FOR RELIEF

11. Defendants incorporate by reference their responses to the prior paragraphs herein as if fully restated.

12. Paragraph 12 sets forth no allegations of fact, but asserts a legal conclusion which requires no answer. To the extent these allegations may be deemed to require an answer, Defendants deny the allegations in paragraph 12.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore deny same.

14. Paragraph 14 sets forth no allegations of fact, but asserts a legal conclusion which requires no answer. To the extent these allegations may be deemed to require an answer, Defendants deny the allegations in paragraph 14.

15. Paragraph 15 sets forth no allegations of fact, but asserts a legal conclusion which requires no answer. To the extent these allegations may be deemed to require an answer, Defendants deny the allegations in paragraph 15.

## SECOND CLAIM FOR RELIEF

16. Defendants incorporate by reference their responses to the prior paragraphs herein as if fully restated.

17. Paragraph 17 sets forth no allegations of fact, but asserts a legal conclusion which requires no answer. To the extent these allegations may be deemed to require an answer, Defendants deny the allegations in paragraph 17.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and therefore deny same.

19. Paragraph 19 sets forth no allegations of fact, but asserts a legal conclusion which requires no answer. To the extent these allegations may be deemed to require an answer, Defendants deny the allegations in paragraph 19.

20. Paragraph 20 sets forth no allegations of fact, but asserts a legal conclusion which requires no answer. To the extent these allegations may be deemed to require an answer, Defendants deny the allegations in paragraph 20.

**PRAYER**

**On the First Claim for Relief:**

1. Defendants deny that plaintiff is entitled to any actual damages.
2. Defendants deny that plaintiff is entitled to any injunctive relief.
3. Defendants deny that plaintiff is entitled to any attorney's fees.
4. Defendants deny that plaintiff is entitled to any costs and expenses.

**On the Second Claim for Relief:**

1. Defendants deny that plaintiff is entitled to any actual damages.
2. Defendants deny that plaintiff is entitled to any punitive damages.
3. Defendants deny that plaintiff is entitled to any injunctive relief.
4. Defendants deny that plaintiff is entitled to any attorney's fees.
5. Defendants deny that plaintiff is entitled to any costs and expenses.

**Affirmative Defenses:**

1. The complaint fails to state a claim upon which relief can be granted because Defendants did not violate FCRA.
2. The complaint fails state a claim for negligent non compliance with FCRA because Defendants conducted a reasonable investigation and carried out their duties pursuant to 15 U.S.C. § 1681s-2.
3. The complaint fails state a claim for willful noncompliance with FCRA because Defendants conducted a reasonable investigation and carried out their duties pursuant to 15 U.S.C. § 1681s-2.
4. Any prayer for injunctive relief under FCRA is barred because such relief is not available under 15 U.S.C. § 1681s-2.
5. Any prayer for punitive damages under FCRA is barred because Defendants did not willfully fail to comply with the requirements of 15 U.S.C. § 1681s-2.
6. Plaintiff's claims are barred by the doctrine of res judicata.
7. Plaintiff's claims are barred by the doctrine of release.
8. Plaintiff's claims are barred by the doctrine of consent.

-4-

07515/0096/654503.2

DEFENDANTS' ANSWER
Case No.: CO7-05881EDL

9. Plaintiff's claims are barred by the doctrine of ratification.

10. Plaintiff's claims are barred by the doctrine of estoppel.

11. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

12. Plaintiff's claims are barred by the doctrine of waiver.

13. Plaintiff's claims are barred by the doctrine of laches.

Defendants reserve the right to assert such other defenses as may become known through discovery.

DATED: January 28, 2008

SEVERSON & WERSON
A Professional Corporation

By: /s/ Peter H. Bales
Peter H. Bales

Attorneys for Defendant
WELLS FARGO FINANCIAL ACCEPTANCE,
WELLS FARGO AUTO FINANCE, INC.,
WELLS FARGO FINANCIAL CAR, LLC

-5-

07515/0096/654503.2

DEFENDANTS' ANSWER
Case No.: C07-05881 EDL