1

2                          UNITED STATES DISTRICT COURT

3                        NORTHERN DISTRICT OF CALIFORNIA

4

| | |
|---|---|
| 5  RICHARD HOWARD, | Case No.: CO7-05881 EDL |
| 6            Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT AND PLAINTIFF'S RULE 26(F) DISCLOSURE [PROPOSED] ORDER** |
| 7        vs. | |
| 8  WELLS FARGO FINANCIAL ACCEPTANCE, WELLS FARGO AUTO FINANCE, INC., WELLS FARGO FINANCIAL CAR, LLC, and DOES 1-50, | |
| 9 | Dept.:  E<br>Judge:  Hon. Elizabeth D. Laporte |
| 10 | |
|            Defendants. | Complaint Filed:  November 20, 2007 |
| 11 | |

12        The parties to the above-entitled action jointly submit this Case Management Statement

13  and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

14                          DESCRIPTION OF THE CASE

15        1.    Jurisdiction and Service:  The matter comes under the Fair Credit Reporting

16  Act/Fair and Accurate Credit Transactions Act, 15 USC section 1681, et seq.  The party listed on

17  the credit report in question is Wells Fargo Financial Acceptance.  Wells Fargo now contends

18  another of its entities is responsible for this entry.

19        2.    Facts:

20        Plaintiff's Statement:  Defendant Wells Fargo credit reported a previously disputed and

21  removed and inaccurate entry on his credit report and, despite plaintiff's dispute of the entry and

22  request for reinvestigation, allowed the inaccurate entry to remain on his report.

23        Defendant's Statement:  Defendant conducted an investigation with respect to the disputed

24  information, reviewed all relevant information provided by the consumer reporting agency, and

25  reported the results to the consumer reporting agency.  Defendant believes a reasonable

26  investigation was performed upon the notification of the disputed account.  Defendant verified the

27  disputed account, which bore a different account number than the account that was previously

28

1 | disputed and removed in *Howard v. Blue Ridge Bank, et al.*, 371 F.Supp.2d 1139 (N.D. Cal.,

2 | 2005), due to the investigation and a recent computer system conversion.

3 |             a.     The principal factual issues which the parties dispute:

4 | Plaintiff's Statement:  Whether the Wells Fargo entry should ever have been on plaintiff's

5 | credit report.  Whether it should have been allowed to remain after his dispute.  How much, and

6 | what kind, of damage has plaintiff suffered.

7 | Defendant's Statement:

8 |             •     Whether the account on plaintiff's account was accurate.

9 |             •     Whether plaintiff took the proper steps to dispute the account.

10 |             •     Whether plaintiff has suffered economic harm.

11 |             •     Whether plaintiff has suffered non-economic harm.

12 |             b.     The parties which have not been served and the reasons:

13 | Plaintiff:  Perhaps Wells Fargo & Company.  Perhaps Wells Fargo & Co.  Soon, if by

14 | stipulation, later if discovery on the issue needs to be performed.

15 | Defendant:  None.

16 | 3.     Legal Issues

17 | Plaintiff's Statement:  Whether failing to remove the disputed entry violated the Fair and

18 | Accurate Credit Transactions Act.  What type of remedies the FACTA affords in this instance.

19 | Defendant's Statement:

20 |             •     Whether Defendant negligently failed to comply with FACTA.

21 |             •     Whether Defendant willfully failed to comply with FACTA.

22 |             •     Whether Defendant conducted a reasonable investigation and carried out its

23 |                   duties pursuant to 15 U.S.C. § 1681s-2.

24 |             •     Whether a prayer for injunctive relief under FCRA is barred because such

25 |                   relief is not available under 15 U.S.C. § 1681s-2.

26 |             •     Whether plaintiff's claims are barred by the doctrine of res judicata or the

27 |                   settlement  agreement signed by plaintiff in association with the previous

28 |

- 2 -

1    lawsuit, *Howard v. Blue Ridge Bank, et al.*, 371 F.Supp.2d 1139 (N.D.

2    Cal., 2005).

3    4.    Motions

4    Plaintiff:  None at this time.  Expect Summary Judgment.

5    Defendant:  Expect Summary Judgment Motion.

6    5.    Amendment of Pleadings

7    Plaintiff:  Per Wells Fargo's amended Certification of Interested Parties, whether Wells

8    Fargo & Company should be named as a defendant.  Whether Wells Fargo & Co. should be

9    named.

10    Defendant:  Plaintiff names entities in the complaint, Well Fargo Financial Acceptance,

11    Wells Fargo Auto Finance Inc. and Wells Fargo Financial CAR, LLC, which do not exist due to

12    recent mergers.  The proper defendant is Wells Fargo Financial Missouri, Inc.  Unless plaintiff is

13    willing to stipulate to amend the complaint to name the proper defendant, Defendant expects to

14    file an amended answer to reflect the proper Defendants in this case.

15    6.    Evidence Preservation:  Plaintiff and Defendant have not destroyed and will not

16    destroy any relevant documents.

17    DISCLOSURES

18    7.    Disclosures:  None as of this date.  Parties will provide Rule 26 disclosures after

19    the February 18, 2008, Rule 26(f) conference.  A protective order has been entered by the court.

20    Defendant's Statement:  Defendant objects pursuant to F.R.C.P. 26(a) to disclosures that

21    would violate the privacy rights of itself and its customers.  Defendant requires a protective order

22    before it discloses actual documents.

23    DISCOVERY

24    Plaintiff's Statement:  The parties have not yet fully discussed a discovery plan pursuant

25    to FRCP 26(f).  Plaintiff believes that 75 interrogatories would be appropriate and less wasteful of

26    court and counsel time and effort.  (35 and 35 per LR 36-2 basis for denial of admission)

27    Discovery cut off 30 days before trial.

28

07515/0096/658229.1                    JOINT CASE MANAGEMENT STATEMENT AND ORDERe
                                       No.:  CO7-05881 EDL

1    Defendant's Statement:  Discovery plan should adhere to the Federal Rules of Civil

2  Procedure.  Defendant sees no basis for a case of this limited size and complexity to allow

3  plaintiff to exceed the number of interrogatories provided by the rules.

4    Plaintiff's Proposal:  Pre-Discovery Disclosures.  The parties will exchange before the

5  case management conference.

6    Plaintiff's Proposal:  Discovery Plan.  Plaintiff proposes to the court the following

7  discovery plan:

8    Plaintiffs' Discovery will be needed as follows:

9    Initial Discovery:  To determine the knowledge of, and records reflecting, instances of the

10  allegations in the complaint.

11    Initial discovery to be completed by: at time sufficient to have summary

12  judgment/adjudication motions heard.

13    Follow-up discovery to be completed by 45 days before trial.

14    Maximum initial interrogatories by plaintiff:  35 to each party.

15    Maximum initial request for admissions by plaintiff:  35 to each party, per LR 36

16    Maximum of depositions by plaintiff:  10.

17    Each deposition limited to 4 hours, unless extended by agreement.

18    Reports of retained experts under Rule 26(a)(2) due:  To Be Determined.

19    Supplemental responses under Rule 26(e) due:  To Be Determined.

20    Defendant's Proposal:  Discovery should proceed according to F.R.C.P.

21    8.    Class Actions:  N/A.

22    9.    Related Cases:  Action against Trans Union in California Contra Costa Superior

23  Court.  Plaintiff does not believe coordination or consolidation is necessary or appropriate.

24    10.    Relief:  Actual damages, including pain and suffering, $75,000.00.  Damages for

25  costs of monitoring credit, emotional distress caused by continuing problems.  Punitive Damages.

26  Exact amount unknown.  Need discovery to determine why Wells Fargo behaved as it did, based

27  on willful misconduct by Wells Fargo in continuing to report this entry after multiple disputes.

28

- 4 -

ATTORNEYS' DISPUTE RESOLUTION

11. <u>Settlement and ADR</u>:  The parties filed a Notice of Need for ADR Phone Conference and the phone conference was held on or is scheduled for February 25, 2008 at 11:30 a.m.

TRIAL SCHEDULE

12. <u>Consent to Magistrate for All Purposes</u>:  All parties.

13. <u>References</u>:  None.

14. <u>Narrowing of Issues</u>:  None at this time.

15. <u>Expedited Schedule</u>:  Trial within one year from January, 2009.

16. <u>Scheduling</u>:  Per FRCP.

17. <u>Trial</u>:  Jury.

Plaintiff:  4-7 days.  Plaintiff's request for trial date as follows: January, 2009

Defendant:  3 days.  Defendant's request for trial date as follows:  January, 2009.

18. <u>Disclosure of Non-party Interested Entities or Persons</u>:  Plaintiff and Defendant have complied.

OTHER MATTERS

<u>Plaintiff's Statement</u>:

The parties request a conference with the court before entry of the scheduling order.

Plaintiff should be allowed to amend pleadings until after the initial discovery is complete.

Settlement cannot be evaluated prior to the time the initial discovery is complete.

Final lists of witnesses and exhibits under Rule 26(a)(3) should be due:

From all parties 45 days before trial.

Parties shall have 20 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

<u>Defendant's Statement</u>:

- Defendant should be allowed to amend pleadings until after initial discovery is complete.

- 5 -

1
2
3
4
5

- In order to evaluate the possibility of an early settlement, plaintiff should provide in his initial disclosures, specific calculations of all economic and non-economic suffered as a result of the alleged conduct.

6   DATED: _____, 2008            SEVERSON & WERSON
                                             A Professional Corporation
7

8

9                                            By:_____
                                                      Peter H. Bales
10

11                                           Attorneys for Defendant
                                             WELLS FARGO FINANCIAL ACCEPTANCE,
                                             WELLS FARGO AUTO FINANCE, INC.,
12                                           WELLS FARGO FINANCIAL CAR, LLC

13  DATED: _____, 2008            LAW OFFICE OR RON BOCHNER

14

15

16                                           By:_____
                                                      Ron Bochner
17

                                             Attorneys for Plaintiff
18                                           RICHARD HOWARD

19
                                    CASE MANAGEMENT ORDER
20

        The Case Management Statement and Proposed Order are hereby adopted by the Court as
21
    the Case Management Order for the case and the parties are ordered to comply with this Order.
22

        In addition the Court orders:
23

24

25

26

27
    Dated: _____, 2008    _____
28                                           Magistrate Judge
                                             - 6 United States District Court
    ─────────────────────────────────────────────────────────────────────────
    07515/0096/658229.1                      JOINT CASE MANAGEMENT STATEMENT AND ORDERe
                                                                     No.: CO7-05881 EDL