*Law Offices of Ron Bochner*
*3333 Bowers Avenue, Suite 130*
*Santa Clara, California 95054*
*408-200-9890*

May 5, 2008

Honorable Judge Elizabeth D. Laporte
United States Federal Court
Northern District of California
450 Golden Gate Avenue
Courtroom E, 15th Floor
San Francisco, CA 94102

    Re:    *Howard v. Wells Fargo Financial Missouri, Inc.* Northern Dist. of California
            Case No. C07-05881 EDL

Dear Judge Laporte:

This chambers letter is made pursuant to Departmental Rule, Order re Discovery Procedures, Paragraph 9, which states "[t]he Court strives to set matters and render decisions in a timely manner. The Court encourages parties to advise the Court by letter to chambers of any matter that appears to have been unduly delayed."

I represent plaintiff Richard Howard. In this Fair Credit Reporting Act matter, defendant and furnisher Wells Fargo has, and is, unduly delaying discovery response. Discovery was propounded upon it just after the Initial Case Management Conference (February 26, 2008) in this case. At that time, the Court set very early dates for Early Neutral Evaluation, Summary Judgment and Adjudication and discovery cut-off dates. The important issues covered by this discovery are why a fraudulent item reported and subsequently removed by Wells Fargo returned to plaintiff's credit report, what its policies and procedures are to prevent such occurrences about such removal and return, what Wells Fargo did in response to plaintiff's disputes about the item's return, what its policies and procedures are about investigating those disputes, and whether Wells Fargo should be held liable for punitive damages and how much.

After providing skeletal responses and promising to fully respond within two weeks, Wells Fargo has, other than producing 8 pages from its website, not amended nor provided additional responses. These responses contain mostly boilerplate and unfounded objections and promises to amend and supplement responses. Throughout the undersigned has reminded Wells Fargo of the early dates it obtained from the court and hence the need to timely comply with discovery. See March 28, 2007 email. Indeed, in its April 3, 2008 letter which accompanied the so-called discovery responses, Wells Fargo promised to supplement the responses within two weeks. But in its letter of two weeks later (April 17, 2008), Wells Fargo stated "[w]e are in the process of gathering information necessary to supplement the Bank's responses to plaintiff's other

Letter to Judge Laporte
Page Two
May 5, 2008

discovery requests. However, our client contact with the Bank has been out of town, which has caused unexpected delays in obtaining the necessary information.  The Bank will supplement its responses as soon as it is able to gather the necessary information." As pointed out in the undersigned's letter of April 18, 2008, it appears that Wells Fargo has not provided even basic documents.  That letter expresses concern with the unrestricted time period Wells Fargo was now affording itself to produce responses and discovery.  There was no response to this letter, nor further response to the discovery.  The undersigned documented this in a letter of April 23, 2008.

Ironically, the only thing I have heard from Wells Fargo was on April 27, 2008, when Wells Fargo wrote to inquiry about the Early Neutral Evaluation.  The evaluator initially assigned recused himself.  However, it appears that holding an ENE before initial discovery is complete would be a wasted effort and prejudicial to plaintiff. Wells Fargo was informed of this by letter on April 24, 2008.  There has been no further communication from Wells Fargo, despite the fact that a meet and confer letter regarding the deficient discovery response of 6 single line pages, with a response date of May 2, 2008, was faxed to Wells Fargo on April 28, 2008.

The plaintiff would appreciate the court's intervention of this issue.  There is currently set a case management conference on June 24, 2008.  Plaintiff requests the court shorten the time for a case management conference and relieve the parties of the need to comply with ADR Local Rule 5-4(b).

Very truly yours,


Ron Bochner
RB