UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HOWARD,<br><br>  Plaintiff,<br><br>  vs.<br><br>WELLS FARGO FINANCIAL MISSOURI, INC., WELLS FARGO FINANCIAL ACCEPTANCE, WELLS FARGO AUTO FINANCE, INC., WELLS FARGO FINANCIAL CAR, LLC, and DOES 1-50,<br><br>  Defendants. | Case No.: CO7-05881 EDL<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: June 3, 3008<br>Time: 10:00 a.m.<br>Dept.: E<br><br>Complaint Filed: November 20, 2007<br>Trial Date: January 5, 2009 |

The parties to the above-entitled action jointly submit this updated Case Management Statement pursuant to the Court's order advancing the case management conference to June 3, 2008 at 10:00 a.m. in Courtroom E, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California.

DESCRIPTION OF THE CASE

1. Jurisdiction and Service:  The matter comes under the Fair Credit Reporting Act/Fair and Accurate Credit Transactions Act, 15 USC section 1681, et seq.

Plaintiff's Statement: The party listed on the credit report in question is Wells Fargo Financial Acceptance. Wells Fargo now contends another of its entities is responsible for this entry.

1  Defendant's Statement: Wells Fargo Financial Missouri Inc. is the proper defendant.

2. Facts:

Plaintiff's Statement: Defendant Wells Fargo credit reported a previously disputed and removed and inaccurate entry on his credit report and, despite plaintiff's dispute of the entry and request for reinvestigation, allowed the inaccurate entry to remain on his report, removing the improper entry only after a lawsuit was filed.

Defendant's Statement: Defendant conducted an investigation with respect to the disputed information, reviewed all relevant information provided by the consumer reporting agency, and reported the results to the consumer reporting agency. Defendant believes a reasonable investigation was performed upon the notification of the disputed account. The disputed account bore a different account number than the account that was previously disputed and removed in *Howard v. Blue Ridge Bank, et al.*, 371 F.Supp.2d 1139 (N.D.Cal., 2005). The account as issue was inadvertently reported due to a computer system conversion. When Wells Fargo was first contacted by TransUnion regarding the account, Wells Fargo instructed the credit reporting agency to report that the customer disputed the account. Wells Fargo has since instructed all credit reporting agencies to delete the account due to fraud.

a.   The principal factual issues which the parties dispute:

Plaintiff's Statement: Whether the Wells Fargo entry should ever have been on plaintiff's credit report. Whether it should have been allowed to remain after his dispute. How much, and what kind, of damage, including punitive, plaintiff has suffered. Plaintiff does not believe Wells Fargo's below disputes will be subject to summary adjudication when outstanding discovery is finally responded-to.

Defendant's Statement:

- Whether the account on plaintiff's account was accurate.
- Whether plaintiff took the proper steps to dispute the account.
- Whether plaintiff has suffered economic harm.
- Whether plaintiff has suffered non-economic harm.

b.   The parties which have not been served and the reasons:

2

Plaintiff: None.

Defendant: None.

3.   Legal Issues

Plaintiff's Statement: Whether allowing the entry to be on Mr. Howards' report and then failing to remove the disputed entry violated the Fair and Accurate Credit Transactions Act. What type of remedies the FACTA affords in this instance.

Defendant's Statement:

- Whether Defendant negligently failed to comply with FACTA.
- Whether Defendant willfully failed to comply with FACTA.
- Whether Defendant conducted a reasonable investigation and carried out its duties pursuant to 15 U.S.C. §1681s-2.
- Whether a prayer for injunctive relief under FCRA is barred because such relief is not available under 15 U.S.C. §1681s-2.
- Whether plaintiff's claims are barred by the doctrine of res judicata or the settlement agreement signed by plaintiff in association with the previous lawsuit, *Howard v. Blue Ridge Bank, et al*., 371 F.Supp.2d 1139 (N.D. Cal., 2005).
- Whether plaintiff is entitled to recover emotional damages without ever being denied credit.

4.   Motions

Plaintiff: None at this time. Expect Summary Judgment.

Defendant: Expect Summary Judgment Motion.

5.   Amendment of Pleadings

Plaintiff: Not contemplated at this time.

Defendant: None.

6.   Evidence Preservation: Plaintiff and Defendant have not destroyed and will not destroy any relevant documents.

## DISCLOSURES

7. <u>Disclosures</u>:

<u>Plaintiff's Statement</u>: Plaintiff produced his initial disclosures pursuant to FRCP 26(a).

<u>Defendant's Statement</u>: Defendant produced its initial disclosures pursuant to F.R.C.P. 26(a).

## DISCOVERY

The Court outlined the discovery procedures for this action in its February 29, 2008 order.

<u>Plaintiff's Statement</u>: Defendants have failed to properly respond to discovery, refusing to produce pertinent documents other than its initial disclosure and refusing to sort such incomplete documents as it has produced so as to respond to the requests made. Plaintiff has attempted to confer on many occasions and Defendants are now refusing to meet and confer any further. While Defendants have repeatedly promised since April 3, 2008 to supplement responses and produce documents, but have not substantively done so. It appears a motion to compel will be necessary. The matter has been set for early adjudication and trial, so truly responsive responses are necessary now.

<u>Defendant's Statement</u>: On March 1, 2008 plaintiff served 78 document requests, 39 requests for admission, and 6 interrogatories on Wells Fargo. Wells Fargo served its responses and objections on April 3, 2008. After substantial efforts by Wells Fargo, plaintiff's counsel agreed to confer with Wells Fargo on the discovery issues on May 14, 2008. This conference call was terminated by Wells Fargo when it became clear that the meet and confer process was not fruitful and became adverse. Wells Fargo expects plaintiff to file a motion to compel and at that point Wells Fargo will provide the Court with a detailed explanation of its responses, objections, and efforts to meet and confer. Wells Fargo will continue to abide by its duties under Federal Rules of Civil Procedure 26(e) to supplement its discovery responses.

8. <u>Class Actions</u>: N/A.

9. <u>Related Cases</u>: Action against TransUnion in California Contra Costa Superior Court. Plaintiff does not believe coordination or consolidation is necessary or appropriate.

10. <u>Relief</u>: Actual damages, including pain and suffering, $75,000.00. Damages for costs of monitoring credit, emotional distress caused by continuing problems. Punitive Damages. Exact amount unknown. Need discovery to determine why Wells Fargo behaved as it did, based on willful misconduct by Wells Fargo in continuing to report this entry after multiple disputes.

<u>Defendant's Statement:</u>

Defendant denies that plaintiff is entitled to any relief.

### ATTORNEYS' DISPUTE RESOLUTION

11. <u>Settlement and ADR:</u>

<u>Plaintiff's Statement</u>: It does not appear that settlement will be made. Nonetheless, plaintiff has agreed to attempt mediation or settlement conference at an appropriate time.

<u>Defendant's Statement:</u> The Court's February 29, 2008 order set this case for Early Neutral Evaluation, which the parties had agreed to in their original Joint Case Management Statement. When the evaluator assigned disclosed that his firm had a bank account with a subsidiary of Wells Fargo, plaintiff objected. Since that time, the ADR department has had great difficulty locating an evaluator who does not have a bank account with Wells Fargo and is not associated with a business which has a bank account with Wells Fargo. For these reasons, Wells Fargo believes it will be difficult to locate a mediator acceptable to plaintiff and Wells Fargo would prefer to have the Court recommend this action to a Settlement Conference before a Magistrate Judge.

### TRIAL SCHEDULE

12. <u>Consent to Magistrate for All Purposes</u>: All parties.

13. <u>References</u>: None.

14. <u>Narrowing of Issues</u>: None at this time.

15. <u>Expedited Schedule</u>: Trial is set for January 5, 2009.

<u>Plaintiff's Statement</u>: This date should be modified in light of the lack of discovery response by defendants, as should dates for summary adjudication/judgment and any and all discovery cut-off dates.

1 | Defendant's Statement: Wells Fargo has provided adequate discovery responses to
2 | plaintiff's non-objectionable discovery requests. Wells Fargo does not believe that the trial
3 | schedule set forth by the Court needs to be modified in anyway; however, Wells Fargo will not
4 | oppose such a request by plaintiff.
5 | 16. Scheduling: Per FRCP.
6 | 17. Trial: Jury.
7 | 18. Disclosure of Non-party Interested Entities or Persons: Plaintiff and Defendant
8 | have complied.

OTHER MATTERS

Plaintiff's Statement: The court should modify the case schedule because defendants have refused to respond to discovery. This is a case likely subject to summary adjudication on duty issues if discovery is completed in a timely fashion.

Defendant's Statement: None at this time.

DATED: May 27, 2008                SEVERSON & WERSON
                                    A Professional Corporation

                                    By:  /s/ Peter H. Bales
                                            Peter H. Bales

                                    Attorneys for Defendant
                                    WELLS FARGO FINANCIAL
                                    MISSOURI, INC., et al.

DATED: May 27, 2008                LAW OFFICE OR RON BOCHNER

                                    By:  /s/ Ron Bochner
                                            Ron Bochner

                                    Attorneys for Plaintiff
                                    RICHARD HOWARD

I hereby attest that concurrence in the filing of the document has been obtained from each of the signatories