LAW OFFICE OF RON BOCHNER
Ron K. Bochner - 160093
3333 Bowers Avenue, Suite 130
Santa Clara, California 95054
(408) 200-9890

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT

NORTHERN DIVISION OF CALIFORNIA

RICHARD HOWARD,

               Plaintiff,

vs.

WELLS FARGO FINANCIAL MISSOURI,
INC. AKA WELLS FARGO FINANCIAL
ACCEPTANCE, INC.  et al.

               Defendants.

_____/

Case No. CV 07-05881 EDL

STATEMENT OF DISCOVERY IN
DISPUTE AND REASONS TO COMPEL
FURTHER RESPONSE

     Re: REQUESTS FOR ADMISSION, SET ONE by Plaintiff Howard to Responding Party Defendant Wells Fargo Financial Missouri.  The following are the interrogatories and responses received verbatim, and the reasons why moving party contends that responses should be compelled:

REQUEST FOR ADMISSION

5.  ADMIT that you intended your actions in 2006 and 2007 when you reported to Trans Union that Plaintiff was personally liable to you on an account.

Law Office of Ron
Bochner, 3333 Bowers
Ave., Suite 130, Santa
Clara,  California
95404
Tel (408) 200-9890

1

1  RESPONSE TO REQUEST

2  5. Wells Fargo objects to this request to the extent it seeks information that is neither relevant

3  nor reasonably calculated to lead to the discovery of admissible evidence.  Wells Fargo further

4  objects to this request as overbroad, vague and ambiguous as to the term "you intended your

5  actions."

6  REASON TO COMPEL FURTHER RESPONSE OR DEEM ADMITTED

7  Defendant has waived objections by making mere boilerplate objections and by not timely

8  substantiating its objections under ***Marchand v. Mercy Medical Center*** (9th Cir. 1994) 22 F3d 933,

9  938.  The request is reasonably calculated.  Under the Fair Credit Reporting Act/Fair and

10  Accurate Transactions Act (the "ACT"), whether one acts willfully and whether punitive

11  damages can be assessed is based in part on whether acts were intentional.  Plaintiff has pled

12  willful violation of the ACT.  The request is not overbroad, vague nor ambiguous.  Intention has a

13  well accepted definition in the law.

14  REQUEST FOR ADMISSION

15  6.   ADMIT that you did not intend your actions in 2006 and 2007 when you reported to Trans

16  Union that Plaintiff was personally liable to you on an account.

17  RESPONSE TO REQUEST

18  6. Wells Fargo objects to this request to the extent it seeks information that is neither relevant

19  nor reasonably calculated to lead to the discovery of admissible evidence.  Wells Fargo further

20  objects to this request as overbroad, vague and ambiguous as to the term "you did not intended

21  (sic) your actions."

22  REASON TO COMPEL FURTHER RESPONSE OR DEEM ADMITTED

23  Defendant has waived objections by making mere boilerplate objections and by not timely

24  substantiating its objections under ***Marchand v. Mercy Medical Center*** (9th Cir. 1994) 22 F3d 933,

25  938.  The request is reasonably calculated.  Under the Fair Credit Reporting Act/Fair and

26  Accurate Transactions Act (the "ACT"), whether one acts willfully and whether punitive

damages can be assessed is based in part on whether acts were intentional.  Plaintiff has pled

Law Office of Ron
Bochner, 3333 Bowers
Ave., Suite 130, Santa
Clara,  California
95404
Tel (408) 200-9890

2

1  willful violation of the ACT.  The request is not overbroad, vague nor ambiguous.  Intention has a

2  well accepted definition in the law.

3  REQUEST FOR ADMISSION

4  7.  ADMIT that the investigation you performed in 2007 regarding Plaintiff was accomplished as

5  you intended.

6  RESPONSE TO REQUEST

7  7.  Wells Fargo objects to this request to the extent it seeks information that is neither relevant

8  nor reasonably calculated to lead to the discovery of admissible evidence.  Wells Fargo further

9  objects to this request as overbroad, vague and ambiguous as to the term "as you intended."

10  REASON TO COMPEL FURTHER RESPONSE OR DEEM ADMITTED

11  Defendant has waived objections by making mere boilerplate objections and by not timely

12  substantiating its objections under *Marchand v. Mercy Medical Center* (9th Cir. 1994) 22 F3d 933,

13  938.  The request is reasonably calculated.  Under the Fair Credit Reporting Act/Fair and

14  Accurate Transactions Act (the "ACT"), whether one acts willfully and whether punitive

15  damages can be assessed is based in part on whether acts were intentional.  Plaintiff has pled

16  willful violation of the ACT.  The request is not overbroad, vague nor ambiguous.  Intention has a

17  well accepted definition in the law.

18  REQUEST FOR ADMISSION

19  8.  ADMIT that the investigation you performed in 2007 regarding Plaintiff was not

20  accomplished as you intended.

21  RESPONSE TO REQUEST

22  8.  Wells Fargo objects on the ground that this request is vague and ambiguous.  Wells Fargo

23  further objects to this request as overbroad, vague and ambiguous as to the term "you did not

24  intended."

25  REASON TO COMPEL FURTHER RESPONSE OR DEEM ADMITTED

26  Defendant has waived objections by making mere boilerplate objections and by not timely

substantiating its objections under *Marchand v. Mercy Medical Center* (9th Cir. 1994) 22 F3d 933,

Law Office of Ron
Bochner, 3333 Bowers
Ave., Suite 130, Santa
Clara,  California
95404
Tel (408) 200-9890

3

1  938.  The request is reasonably calculated.  Under the Fair Credit Reporting Act/Fair and

2  Accurate Transactions Act (the "ACT"), whether one acts willfully and whether punitive

3  damages can be assessed is based in part on whether acts were intentional.  Plaintiff has pled

4  willful violation of the ACT.  The request is not overbroad, vague nor ambiguous.  Intention has a

5  well accepted definition in the law.

6  REQUEST FOR ADMISSION

7  13.  ADMIT that your Net Worth is in excess of $1 Billion.

8  RESPONSE TO REQUEST

9  13.  Wells Fargo objects to this request on the grounds that it seeks confidential documents.

10  Wells Fargo objects to this request to the extent it seeks information that is neither relevant nor

11  reasonably calculated to lead to the discovery of admissible evidence.  Wells Fargo further

12  objects to this request as overbroad, vague and ambiguous.

13  REASON TO COMPEL FURTHER RESPONSE OR DEEM ADMITTED

14  Defendant has waived objections by making mere boilerplate objections and by not timely

15  substantiating its objections under *Marchand v. Mercy Medical Center* (9th Cir. 1994) 22 F3d 933,

16  938.  The request is reasonably calculated.  A protective order is in place in this case.  A public

17  company's net worth is not privacy protected.   A company's net worth is pertinent to the issue of

18  punitive damages. Plaintiff is entitled to know the net worth of the company under such

19  circumstances.  Respondent has not substantiated why it thinks the information is confidential.

20  The request is not overbroad, vague nor ambiguous.  Net Worth has a well accepted definition in

21  the law.

22  REQUEST FOR ADMISSION

23  14.  ADMIT that your Net Worth is in excess of $500 Million.

24  RESPONSE TO REQUEST

25  14.  Wells Fargo objects to this request on the grounds that it seeks confidential documents.  Wells

26  Fargo objects to this request to the extent it seeks information that is neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence.  Wells Fargo further objects

Law Office of Ron
Bochner, 3333 Bowers
Ave., Suite 130, Santa
Clara,  California
95404
Tel (408) 200-9890

4

1  to this request as overbroad, vague and ambiguous.

2  REASON TO COMPEL FURTHER RESPONSE OR DEEM ADMITTED

3  Defendant has waived objections by making mere boilerplate objections and by not timely

4  substantiating its objections under *Marchand v. Mercy Medical Center* (9th Cir. 1994) 22 F3d 933,

5  938.  The request is reasonably calculated.  A protective order is in place in this case.  A public

6  company's net worth is not privacy protected.  A company's net worth is pertinent to the issue of

7  punitive damages.  Plaintiff is entitled to know the net worth of the company under such

8  circumstances.  Respondent has not substantiated why it thinks the information is confidential.

9  The request is not overbroad, vague nor ambiguous.  Net Worth has a well accepted definition in

10  the law.

11  REQUEST FOR ADMISSION

12  15.  ADMIT that your Net Worth is in excess of $200 Million.

13  RESPONSE TO REQUEST

14  15.  Wells Fargo objects to this request on the grounds that it seeks confidential documents.  Wells

15  Fargo objects to this request to the extent it seeks information that is neither relevant nor

16  reasonably calculated to lead to the discovery of admissible evidence.  Wells Fargo further objects

17  to this request as overbroad, vague and ambiguous.

18  REASON TO COMPEL FURTHER RESPONSE OR DEEM ADMITTED

19  Defendant has waived objections by making mere boilerplate objections and by not timely

20  substantiating its objections under *Marchand v. Mercy Medical Center* (9th Cir. 1994) 22 F3d 933,

21  938.  The request is reasonably calculated.  A protective order is in place in this case.  A public

22  company's net worth is not privacy protected.  A company's net worth is pertinent to the issue of

23  punitive damages.  Plaintiff is entitled to know the net worth of the company under such

24  circumstances.  Respondent has not substantiated why it thinks the information is confidential.

25  The request is not overbroad, vague nor ambiguous.  Net Worth has a well accepted definition in

26  the law.

//

Law Office of Ron
Bochner, 3333 Bowers
Ave., Suite 130, Santa
Clara,  California
95404
Tel (408) 200-9890

5

1    //

2    **Re: REQUESTS FOR DOCUMENTS, SET ONE by Plaintiff Howard to Responding**

3    **Party Defendant Wells Fargo Financial Missouri.  The following are the interrogatories and**

4    **responses received verbatim, and the reasons why moving party contends that responses**

5    **should be compelled:**

6    REQUEST FOR DOCUMENTS

7    1.  Any and all documents or other recordings evidencing, constituting or referring to your

8    policies and procedures in the care, supervision, direction, custody and control of any documents

9    sought by this request for documents.

10   RESPONSE TO REQUEST

11   1.  Wells Fargo agrees to produce all responsive documents relating to its record retention

12   policies.

13   REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

14   Despite promising to do so, Wells Fargo has failed to produce such documents.  It had previously

15   produced documents pursuant to its initial disclosure, but such are not sorted nor identified as

16   required.  Defendant did not assert it would or had produced documents as kept in the ordinary

17   course of its business.

18   REQUEST FOR DOCUMENTS

19   2.  Copies of each and every document which in any way references the corresponding account

20   numbers, or which otherwise references Plaintiff and/or any of his personal identifiers other than

21   his name, within four years of the filing of the complaint in this matter.

22         a)      "Wells Fargo" Account Nos.  50237044183919001 and/or 5023704418391; and

23                 53825 and/or 5382580

24   RESPONSE TO REQUEST

25   2.  Wells Fargo agrees to produce all responsive documents relating to the accounts mentioned

26   above.

     REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

Law Office of Ron
Bochner, 3333 Bowers
Ave., Suite 130, Santa
Clara,  California
95404
Tel (408) 200-9890

6

1  Despite promising to do so, Wells Fargo has failed to produce such documents. It had previously

2  produced documents pursuant to its initial disclosure, but such are not sorted nor identified as

3  required. Defendant did not assert it would or had produced documents as kept in the ordinary

4  course of its business.

5  REQUEST FOR DOCUMENTS

6  4. Copies of any statements you have taken or received from any third person in any way

7  connected with this action, including, but not limited to, Trans Union, its attorneys and other

8  agents.

9  RESPONSE TO REQUEST

10  4. Wells Fargo objects that compliance with this request would be oppressive and burdensome.

11  Wells Fargo objects to this request to the extent it seeks information that is neither relevant nor

12  reasonably calculated to lead to the discovery of admissible evidence. Wells Fargo further objects

13  to this request as overbroad, vague and ambiguous. As drafted this request fails to describe the

14  documents with "reasonable particularity." Fed. R. Civ. P. 34(b).

15  REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

16  Defendant has waived objections by making mere boilerplate objections and by not timely

17  substantiating its objections under ***Burlington Northern v. United States Dist. Ct.*** (9th Cir. 2005)

18  408 F3d 11. There is nothing oppressive and burdensome about this request, it is relevant and is

19  stated with reasonable particularity. It seeks documents directly relating to this matter. It is not

20  vague and ambiguous and defendant has not explained why it thinks it is.

21  REQUEST FOR DOCUMENTS

22  5. All documents showing an audit or review by you of practices to determine compliance with

23  15 USC section1681s-2(a).

24  RESPONSE TO REQUEST

25  5. Wells Fargo objects that compliance with this request would be oppressive and burdensome.

26  Wells Fargo objects to this request to the extent it seeks information that is neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence. Wells Fargo objects to this

Law Office of Ron
Bochner, 3333 Bowers
Ave., Suite 130, Santa
Clara, California
95404
Tel (408) 200-9890

7

1  request to the extent it expressly or impliedly seeks information protected from discovery by the

2  attorney-client privilege, the attorney work product doctrine, the self-critical analysis privilege,

3  and the bank examination privilege.  Wells Fargo further objects to this request as overbroad,

4  vague and ambiguous.  As drafted this request fails to describe the documents with "reasonable

5  particularity."  Fed. R. Civ. P. 34(b).

6  REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

7  Defendant has waived objections by making mere boilerplate objections and by not timely

8  substantiating its objections under ***Burlington Northern v. US Dist. Ct.*** (9th Cir. 2005) 408 F3d

9  1142.  There is nothing oppressive and burdensome about this request, it is relevant and is stated

10  with reasonable particularity.  It seeks documents directly relating to matters relevant in this case:

11  whether respondent has done anything to determine it complies with the law.  It is not vague and

12  ambiguous and defendant has not explained why it thinks it is.  If respondent thinks it has some

13  basis for claiming privilege or work product protection, it must so express in a privilege log, said

14  having not been provided.

15  REQUEST FOR DOCUMENTS

16  6.  All documents showing an audit or review by you of practices to determine compliance with

17  15 USC section 1681s-2(b).

18  RESPONSE TO REQUEST

19  6.  Wells Fargo objects that compliance with this request would be oppressive and burdensome.

20  Wells Fargo objects to this request to the extent it seeks information that is neither relevant nor

21  reasonably calculated to lead to the discovery of admissible evidence.  Wells Fargo objects to this

22  request to the extent it expressly or impliedly seeks information protected from discovery by the

23  attorney-client privilege, the attorney work product doctrine, the self-critical analysis privilege,

24  and the bank examination privilege.  Wells Fargo further objects to this request as overbroad,

25  vague and ambiguous.  As drafted this request fails to describe the documents with "reasonable

26  particularity."  Fed. R. Civ. P. 34(b).

REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

Law Office of Ron
Bochner, 3333 Bowers
Ave., Suite 130, Santa
Clara,  California
95404
Tel (408) 200-9890

8

1   Defendant has waived objections by making mere boilerplate objections and by not timely

2   substantiating its objections under ***Burlington Northern v. US Dist. Ct.*** (9th Cir. 2005) 408 F3d

3   1142.  There is nothing oppressive and burdensome about this request, it is relevant and is stated

4   with reasonable particularity.  It seeks documents directly relating to matters relevant in this case:

5   whether respondent has done anything to determine it complies with the law.  It is not vague and

6   ambiguous and defendant has not explained why it thinks it is.  If respondent thinks it has some

7   basis for claiming privilege or work product protection, it must so express in a privilege log, said

8   having not been provided.

9   REQUEST FOR DOCUMENTS

10  8.  Please produce all documents sent to Plaintiff by you in the last two years.

11  RESPONSE TO REQUEST

12  8.  Wells Fargo agrees to produce all responsive documents sent to plaintiff by Wells Fargo in the

13  last two years.

14  REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

15  Despite promising to do so, Wells Fargo has failed to produce such documents.  It had previously

16  produced documents pursuant to its initial disclosure, but such are not sorted nor identified as

17  required.  Defendant did not assert it would or had produced documents as kept in the ordinary

18  course of its business.

19  REQUEST FOR DOCUMENTS

20  9.  Please produce all documents sent to you by Plaintiff in the last two years.

21  RESPONSE TO REQUEST

22  9.  Wells Fargo agrees to produce all responsive documents sent to Wells Fargo by plaintiff in the

23  last two years.

24  REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

25  Despite promising to do so, Wells Fargo has failed to produce such documents.  It had previously

26  produced documents pursuant to its initial disclosure, but such are not sorted nor identified as

required.  Defendant did not assert it would or had produced documents as kept in the ordinary

Law Office of Ron
Bochner, 3333 Bowers
Ave., Suite 130, Santa
Clara,  California
95404
Tel (408) 200-9890

9

1   course of its business.

2   //

3   REQUEST FOR DOCUMENTS

4   10.  Please produce copies of all of your quarterly profit and loss statements for the past three (3)

5   years.

6   RESPONSE TO REQUEST

7   10.  Wells Fargo objects that compliance with this request would be oppressive and burdensome.

8   Wells Fargo objects to this request to the extent it seeks information that is neither relevant nor

9   reasonably calculated to lead to the discovery of admissible evidence.  Wells Fargo further objects

10  to this request as overbroad, vague and ambiguous.  As drafted this request fails to describe the

11  documents with "reasonable particularity."  Fed. R. Civ. P. 34(b).

12  REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

13  Defendant has waived objections by making mere boilerplate objections and by not timely

14  substantiating its objections under **Burlington Northern v. US Dist. Ct.** (9th Cir. 2005) 408 F3d

15  1142.  There is nothing oppressive and burdensome about this request, it is relevant and is stated

16  with reasonable particularity.  It seeks documents directly relating to matters relevant in this case:

17  responding parties amenability and ability to pay damages, including punitive damages.  It is not

18  vague and ambiguous and defendant has not explained why it thinks it is.

19  REQUEST FOR DOCUMENTS

20  11.  Please produce copies of all of your current balance sheets and financial statements.

21  RESPONSE TO REQUEST

22  11.  Wells Fargo objects that compliance with this request would be oppressive and burdensome.

23  Wells Fargo objects to this request to the extent it seeks information that is neither relevant nor

24  reasonably calculated to lead to the discovery of admissible evidence.  Wells Fargo further objects

25  to this request as overbroad, vague and ambiguous.  As drafted this request fails to describe the

26  documents with "reasonable particularity."  Fed. R. Civ. P. 34(b).

REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

Law Office of Ron
Bochner, 3333 Bowers
Ave., Suite 130, Santa
Clara,  California
95404
Tel (408) 200-9890

10

Defendant has waived objections by making mere boilerplate objections and by not timely substantiating its objections under ***Burlington Northern v. US Dist. Ct.*** (9th Cir. 2005) 408 F3d 1142.  There is nothing oppressive and burdensome about this request, it is relevant and is stated with reasonable particularity.  It seeks documents directly relating to matters relevant in this case: responding parties amenability and ability to pay damages, including punitive damages.  It is not vague and ambiguous and defendant has not explained why it thinks it is.

REQUEST FOR DOCUMENTS

12.  Please produce all documents evidencing or including data concerning the names, addresses, telephone numbers, current employers and current whereabouts of each and every one of your employees who performed any credit reporting work regarding Plaintiff.

RESPONSE TO REQUEST

12.  Wells Fargo objects to this request on the grounds that it seeks documents protected by Wells Fargo's employees' rights to privacy under the California and United States Constitutions.  Wells Fargo objects that compliance with this request would be oppressive and burdensome.  Wells Fargo objects to this request to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Wells Fargo further objects to this request as overbroad, vague and ambiguous.  As drafted this request fails to describe the documents with "reasonable particularity."  Fed. R. Civ. P. 34(b).

REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

Defendant has waived objections by making mere boilerplate objections and by not timely substantiating its objections under ***Burlington Northern v. US Dist. Ct.*** (9th Cir. 2005) 408 F3d 1142.  There is nothing oppressive and burdensome about this request, it is relevant and is stated with reasonable particularity.  It seeks documents directly relating to matters relevant in this case: identifying information about witnesses.  It is not vague and ambiguous and defendant has not explained why it thinks it is.  A protective order is in place and this case and privacy rights can be protected while allowing plaintiff to investigate his case.

REQUEST FOR DOCUMENTS

Law Office of Ron
Bochner, 3333 Bowers
Ave., Suite 130, Santa
Clara,  California
95404
Tel (408) 200-9890

13.  Please produce all documents constituting your entire credit file(s), collection file(s) and fraud investigation file(s), which in any way references Plaintiff, Plaintiff's personal identifiers or any of the account numbers associated with Plaintiff's identifiers.

RESPONSE TO REQUEST

13.  Wells Fargo agrees to produce all responsive documents to this request.

REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

Despite promising to do so, it is not clear if Wells Fargo has produced such documents.  It had previously produced documents pursuant to its initial disclosure, but such are not sorted nor identified as required.  Defendant did not assert it would or had produced documents as kept in the ordinary course of its business.

REQUEST FOR DOCUMENTS

14.  Please produce all documents which evidence, constitute and/or address your means, methods or abilities to correctly identify whether a tradeline or former address has been previously reported as incorrect.

RESPONSE TO REQUEST

14.  Wells Fargo agrees to produce all responsive documents to this request.

REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

Despite promising to do so, Wells Fargo has failed to produce such documents.  It had previously produced documents pursuant to its initial disclosure, but such are not sorted nor identified as required.  Defendant did not assert it would or had produced documents as kept in the ordinary course of its business.

REQUEST FOR DOCUMENTS

15.  Please produce all policy manuals, procedure manuals or other documents, which address your policies, practices or procedures in correcting, updating, modifying and/or deleting or suppressing credit data or historical address data which is disputed as inaccurate.

RESPONSE TO REQUEST

15.  Wells Fargo objects to this request to the extent it expressly or impliedly seeks information

Law Office of Ron
Bochner, 3333 Bowers
Ave., Suite 130, Santa
Clara,  California
95404
Tel (408) 200-9890

12

1  which is confidential or proprietary in nature or which constitutes protected commercial, trade

2  secret information of Wells Fargo.  Subject to and without waiving these objections, Wells Fargo

3  will produce documents in its possession, custody and control that are not objectionable.

4  REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

5  Defendant has waived objections by making mere boilerplate objections and by not timely

6  substantiating its objections under ***Burlington Northern v. US Dist. Ct.*** (9th Cir. 2005) 408 F3d

7  1142.  A protective order is in place in this case, the terms of which protect confidential and

8  proprietary information. Despite promising to do so, Wells Fargo has failed to produce such

9  documents.  It had previously produced documents pursuant to its initial disclosure, but such are

10  not sorted nor identified as required.  Defendant did not assert it would or had produced

11  documents as kept in the ordinary course of its business.

12  REQUEST FOR DOCUMENTS

13  16.  Please produce all organizational charts for Wells Fargo Financial Missouri, Inc. from two

14  years before the complaint was filed in this case to present.

15  RESPONSE TO REQUEST

16  16.  Wells Fargo objects to this request to the extent it expressly or impliedly seeks information

17  which is confidential or proprietary in nature or which constitutes protected commercial, trade

18  secret information of Wells Fargo.  Subject to and without waiving these objections, Wells Fargo

19  will produce documents in its possession, custody and control that are not objectionable.

20  REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

21  Defendant has waived objections by making mere boilerplate objections and by not timely

22  substantiating its objections under ***Burlington Northern v. US Dist. Ct.*** (9th Cir. 2005) 408 F3d

23  1142.  A protective order is in place in this case, the terms of which protect confidential and

24  proprietary information. Despite promising to do so, Wells Fargo has failed to produce such

25  documents.  It had previously produced documents pursuant to its initial disclosure, but such are

26  not sorted nor identified as required.  Defendant did not assert it would or had produced

documents as kept in the ordinary course of its business.

Law Office of Ron
Bochner, 3333 Bowers
Ave., Suite 130, Santa
Clara,  California
95404
Tel (408) 200-9890

13

1  REQUEST FOR DOCUMENTS

2  17.  Please produce all organizational charts for Wells Fargo Financial Acceptance, Inc. from two

3  years before the complaint was filed in this case to present.

4  RESPONSE TO REQUEST

5  17.  Wells Fargo objects to this request to the extent it expressly or impliedly seeks information

6  which is confidential or proprietary in nature or which constitutes protected commercial, trade

7  secret information of Wells Fargo.  Subject to and without waiving these objections, Wells Fargo

8  will produce documents in its possession, custody and control that are not objectionable.

9  REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

10  Defendant has waived objections by making mere boilerplate objections and by not timely

11  substantiating its objections under *Burlington Northern v. US Dist. Ct.* (9th Cir. 2005) 408 F3d

12  1142.  A protective order is in place in this case, the terms of which protect confidential and

13  proprietary information. Despite promising to do so, Wells Fargo has failed to produce such

14  documents.  It had previously produced documents pursuant to its initial disclosure, but such are

15  not sorted nor identified as required.  Defendant did not assert it would or had produced

16  documents as kept in the ordinary course of its business.

17  REQUEST FOR DOCUMENTS

18  18.  Please produce copies of all papers, records and documents referred, referenced or reflected

19  upon in response to Plaintiff's First Set of Interrogatories Directed to Defendant.

20  RESPONSE TO REQUEST

21  18.  Wells Fargo objects that compliance with this request would be oppressive and burdensome.

22  Wells Fargo objects to this request to the extent it seeks information that is neither relevant nor

23  reasonably calculated to lead to the discovery of admissible evidence.  Wells Fargo further objects

24  to this request as overbroad, vague and ambiguous.  As drafted this request fails to describe the

25  documents with "reasonable particularity."  Fed. R. Civ. P. 34(b).  Subject to and without waiving

26  these objections, Wells Fargo will produce documents in its possession, custody and control that

are not objectionable.

Law Office of Ron
Bochner, 3333 Bowers
Ave., Suite 130, Santa
Clara,  California
95404
Tel (408) 200-9890

14

1   REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

2   Despite promising to do so, Wells Fargo has failed to produce such documents.  It had previously

3   produced documents pursuant to its initial disclosure, but such are not sorted nor identified as

4   required.  Defendant did not assert it would or had produced documents as kept in the ordinary

5   course of its business.

6   REQUEST FOR DOCUMENTS

7   20.  Please produce any and all documents or computer screens which set forth or demonstrate all

8   of the account information that you are currently reporting about the Plaintiff.

9   RESPONSE TO REQUEST

10  20.  Wells Fargo agrees to produce all responsive documents to this request.

11  REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

12  Despite promising to do so, Wells Fargo has failed to produce such documents.  It had previously

13  produced documents pursuant to its initial disclosure, but such are not sorted nor identified as

14  required.  Defendant did not assert it would or had produced documents as kept in the ordinary

15  course of its business.

16  REQUEST FOR DOCUMENTS

17  21.  Any archived records of actions taken by you in relation to the plaintiff or any of the

18  plaintiff's personal identifiers.

19  RESPONSE TO REQUEST

20  21.  Wells Fargo agrees to produce all responsive documents to this request.

21  REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

22  Despite promising to do so, Wells Fargo has failed to produce such documents.  It had previously

23  produced documents pursuant to its initial disclosure, but such are not sorted nor identified as

24  required.  Defendant did not assert it would or had produced documents as kept in the ordinary

25  course of its business.

26  REQUEST FOR DOCUMENTS

26.  Any budgets or projections prepared within the preceding five years, allocating resources or

Law Office of Ron
Bochner, 3333 Bowers
Ave., Suite 130, Santa
Clara,  California
95404
Tel (408) 200-9890

15

1  expenditures to the conducting of reinvestigation under 15 U.S.C. § 1681-s2.

2  RESPONSE TO REQUEST

3  26. Wells Fargo objects that compliance with this request would be oppressive and burdensome.

4  Wells Fargo objects to this request to the extent it seeks information that is neither relevant nor

5  reasonably calculated to lead to the discovery of admissible evidence. Wells Fargo further objects

6  to this request as overbroad, vague and ambiguous. As drafted this request fails to describe the

7  documents with "reasonable particularity." Fed. R. Civ. P. 34(b).

8  REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

9  Defendant has waived objections by making mere boilerplate objections and by not timely

10 substantiating its objections under *Burlington Northern v. US Dist. Ct.* (9th Cir. 2005) 408 F3d

11 1142. The request is reasonably calculated. There is nothing oppressive and burdensome about

12 this request. The request is not overbroad, vague nor ambiguous and is reasonably particularized:

13 it seeks to documents showing how much time and attention, i.e., money, was spent on the

14 reinvestigation goes to the issue of whether defendant's acts were willful.

15 REQUEST FOR DOCUMENTS

16 28. Any manuals, bulletins or notices provided to YOU describing YOUR contractual or statutory

17 duties relating to the reinvestigation of inaccurate or incomplete credit information.

18 RESPONSE TO REQUEST

19 28. Wells Fargo objects that compliance with this request would be oppressive and burdensome.

20 Wells Fargo objects to this request to the extent it seeks information that is neither relevant nor

21 reasonably calculated to lead to the discovery of admissible evidence. Wells Fargo further objects

22 to this request as overbroad, vague and ambiguous. As drafted this request fails to describe the

23 documents with "reasonable particularity." Fed. R. Civ. P. 34(b).

24 REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

25 Defendant has waived objections by making mere boilerplate objections and by not timely

26 substantiating its objections under *Burlington Northern v. US Dist. Ct.* (9th Cir. 2005) 408 F3d

1142. The request is reasonably calculated. There is nothing oppressive and burdensome about

Law Office of Ron
Bochner, 3333 Bowers
Ave., Suite 130, Santa
Clara, California
95404
Tel (408) 200-9890

16

1   this request.  The request is not overbroad, vague nor ambiguous and is reasonably particularized:

2   it seeks documents establishing what defendant knew its duties to be.

3   REQUEST FOR DOCUMENTS

4   29.  Transcripts of any deposition given by any individual identified by you in your disclosures

5   given pursuant to rule 26(a) regarding reinvestigation of consumer disputes.

6   RESPONSE TO REQUEST

7   29.  Wells Fargo objects that compliance with this request would be oppressive and burdensome.

8   Wells Fargo objects to this request to the extent it seeks information that is neither relevant nor

9   reasonably calculated to lead to the discovery of admissible evidence.  Wells Fargo further objects

10  to this request as overbroad, vague and ambiguous.  As drafted this request fails to describe the

11  documents with "reasonable particularity."  Fed. R. Civ. P. 34(b).

12  REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

13  Defendant has waived objections by making mere boilerplate objections and by not timely

14  substantiating its objections under ***Burlington Northern v. US Dist. Ct.*** (9th Cir. 2005) 408 F3d

15  1142.  The request is reasonably calculated.  There is nothing oppressive and burdensome about

16  this request.  The request is not overbroad, vague nor ambiguous and is reasonably particularized:

17  it seeks to documents showing prior testimony about issues pertinent to this case: defendant's

18  reinvestigations of consumer disputes.

19  REQUEST FOR DOCUMENTS

20  30.  Transcripts of any deposition given by any individual identified by you in your disclosures

21  given pursuant to rule 26(a) regarding maintaining consumer reporting databases free from error.

22  RESPONSE TO REQUEST

23  30.  Wells Fargo objects that compliance with this request would be oppressive and burdensome.

24  Wells Fargo objects to this request to the extent it seeks information that is neither relevant nor

25  reasonably calculated to lead to the discovery of admissible evidence.  Wells Fargo further objects

26  to this request as overbroad, vague and ambiguous.  As drafted this request fails to describe the

documents with "reasonable particularity."  Fed. R. Civ. P. 34(b).

Law Office of Ron
Bochner, 3333 Bowers
Ave., Suite 130, Santa
Clara,  California
95404
Tel (408) 200-9890

17

1    REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

2    Defendant has waived objections by making mere boilerplate objections and by not timely

3    substantiating its objections under *Burlington Northern v. US Dist. Ct.* (9th Cir. 2005) 408 F3d

4    1142.  The request is reasonably calculated.  There is nothing oppressive and burdensome about

5    this request.  The request is not overbroad, vague nor ambiguous and is reasonably particularized:

6    it seeks to documents showing prior testimony about issues pertinent to this case: defendant's

7    maintaining of consumer reporting databases free from error.

8    REQUEST FOR DOCUMENTS

9    31.  Please produce any and all policy manuals, procedure manuals, or other recordings or

10   documents of any kind, which address any or all of your policies, practices or procedures in

11   insuring the maximum possible accuracy of data posted, maintained or disseminated by you.

12   RESPONSE TO REQUEST

13   31.  Wells Fargo objects that compliance with this request would be oppressive and burdensome.

14   Wells Fargo objects to this request to the extent it seeks information that is neither relevant nor

15   reasonably calculated to lead to the discovery of admissible evidence.  Wells Fargo further objects

16   to this request as overbroad, vague and ambiguous.  As drafted this request fails to describe the

17   documents with "reasonable particularity."  Fed. R. Civ. P. 34(b).

18   REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

19   Defendant has waived objections by making mere boilerplate objections and by not timely

20   substantiating its objections under *Burlington Northern v. US Dist. Ct.* (9th Cir. 2005) 408 F3d

21   1142.  The request is reasonably calculated.  There is nothing oppressive and burdensome about

22   this request.  The request is not overbroad, vague nor ambiguous and is reasonably particularized:

23   it seeks to documents showing policies, practices or procedures used to insure compliance with

24   one of the standards applicable here:  the maximum possible accuracy of data posted, maintained

25   and disseminated by furnishers of information.

26   REQUEST FOR DOCUMENTS

32.  Please produce any and all policy manuals, procedure manuals, or other documents, which

Law Office of Ron
Bochner, 3333 Bowers
Ave., Suite 130, Santa
Clara,  California
95404
Tel (408) 200-9890

1  address your policies, practices or procedures in insuring the pre-reinvestigation accuracy of data

2  maintained or disseminated by you.

3  <u>RESPONSE TO REQUEST</u>

4  32.  Wells Fargo objects that compliance with this request would be oppressive and burdensome.

5  Wells Fargo objects to this request to the extent it seeks information that is neither relevant nor

6  reasonably calculated to lead to the discovery of admissible evidence.  Wells Fargo further objects

7  to this request as overbroad, vague and ambiguous.  As drafted this request fails to describe the

8  documents with "reasonable particularity."  Fed. R. Civ. P. 34(b).

9  <u>REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED</u>

10  Defendant has waived objections by making mere boilerplate objections and by not timely

11  substantiating its objections under ***Burlington Northern v. US Dist. Ct.*** (9th Cir. 2005) 408 F3d

12  1142.  The request is reasonably calculated.  There is nothing oppressive and burdensome about

13  this request.  The request is not overbroad, vague nor ambiguous and is reasonably particularized:

14  it seeks to documents showing policies, practices or procedures used to insure compliance with

15  one of the standards applicable here:  the maximum possible accuracy of data posted, maintained

16  and disseminated by furnishers of information.

17  <u>REQUEST FOR DOCUMENTS</u>

18  33.  Please produce any and all policy manuals, procedure manuals, or other documents, which

19  address your policies, practices or procedures in insuring the post-reinvestigation accuracy of data

20  maintained or disseminated by you.

21  <u>RESPONSE TO REQUEST</u>

22  33.  Wells Fargo objects that compliance with this request would be oppressive and burdensome.

23  Wells Fargo objects to this request to the extent it seeks information that is neither relevant nor

24  reasonably calculated to lead to the discovery of admissible evidence.  Wells Fargo further objects

25  to this request as overbroad, vague and ambiguous.  As drafted this request fails to describe the

26  documents with "reasonable particularity."  Fed. R. Civ. P. 34(b).

<u>REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED</u>

Law Office of Ron
Bochner, 3333 Bowers
Ave., Suite 130, Santa
Clara,  California
95404
Tel (408) 200-9890

19

1  Defendant has waived objections by making mere boilerplate objections and by not timely

2  substantiating its objections under ***Burlington Northern v. US Dist. Ct.*** (9th Cir. 2005) 408 F3d

3  1142.  The request is reasonably calculated.  There is nothing oppressive and burdensome about

4  this request.  The request is not overbroad, vague nor ambiguous and is reasonably particularized:

5  it seeks to documents showing policies, practices or procedures used to insure compliance with

6  one of the standards applicable here:  the maximum possible accuracy of data posted, maintained

7  and disseminated by furnishers of information.

8  REQUEST FOR DOCUMENTS

9  35.  Please produce any and all policy manuals, procedure manuals, or other documents, which are

10  training manuals for your employees, in the following areas: consumer credit disputes,

11  reinvestigation, delete mechanisms, suppression functions and deletion functions.

12  RESPONSE TO REQUEST

13  35.  Wells Fargo objects to this request to the extent it expressly or impliedly seeks information

14  which is confidential or proprietary in nature or which constitutes protected commercial, trade

15  secret information of Wells Fargo.  Subject to and without waiving these objections, Wells Fargo

16  will produce documents in its possession, custody and control that are not objectionable.

17  REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

18  Despite promising to do so, Wells Fargo has failed to produce such documents.  A protective

19  order is in place.  It had previously produced documents pursuant to its initial disclosure, but such

20  are not sorted nor identified as required and do not appear to be fully responsive to this request.

21  Defendant did not assert it would or had produced documents as kept in the ordinary course of its

22  business.

23  REQUEST FOR DOCUMENTS

24  39.  Please produce your policy manuals, procedure manuals, or other documents, which address

25  instructions or directions, provided by any nationwide credit reporting agency to YOU, with

26  regard to the means, methods and guidelines for communicating corrections of credit data by you.

RESPONSE TO REQUEST

Law Office of Ron
Bochner, 3333 Bowers
Ave., Suite 130, Santa
Clara,  California
95404
Tel (408) 200-9890

39.  Wells Fargo objects to this request on the grounds it seeks documents protected by third parties' right to confidentiality.  Wells Fargo objects that compliance with this request would be oppressive and burdensome.  Wells Fargo objects to this request to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Wells Fargo further objects to this request as overbroad, vague and ambiguous.  As drafted this request fails to describe the documents with "reasonable particularity."  Fed. R. Civ. P. 34(b).

REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

Defendant has waived objections by making mere boilerplate objections and by not timely substantiating its objections under *Burlington Northern v. US Dist. Ct.* (9th Cir. 2005) 408 F3d 1142.  The request is reasonably calculated.  There is nothing oppressive and burdensome about this request.  The request is not overbroad, vague nor ambiguous and is reasonably particularized: it seeks to documents explaining why the inaccurate account was allowed back on Mr. Howard's credit report.

REQUEST FOR DOCUMENTS

51.  Please produce any and all documents which contain data listing or otherwise identifying each of your operators or other employees, their corresponding office descriptions and numbers, and their corresponding badge and identification numbers, who has knowledge about the matters in dispute in this case.

RESPONSE TO REQUEST

51.  Wells Fargo objects that compliance with this request would be oppressive and burdensome.  Wells Fargo objects to this request to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Wells Fargo further objects to this request as overbroad, vague and ambiguous.  As drafted this request fails to describe the documents with "reasonable particularity."  Fed. R. Civ. P. 34(b).

REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

Defendant has waived objections by making mere boilerplate objections and by not timely substantiating its objections under *Burlington Northern v. US Dist. Ct.* (9th Cir. 2005) 408 F3d

1142.  There is nothing oppressive and burdensome about this request, it is relevant and is stated with reasonable particularity.  It seeks documents directly relating to matters relevant in this case: identifying information about witnesses.  It is not vague and ambiguous and defendant has not explained why it thinks it is.  A protective order is in place and this case and privacy rights can be protected while allowing plaintiff to investigate his case.

REQUEST FOR DOCUMENTS

52.  Produce any documents bearing plaintiff's name or social security number relating to the debt in question in this case, the account relating to that debt, any account reviews, any credit applications,  and the reporting of that debt to any credit reporting agency.

RESPONSE TO REQUEST

52.  Wells Fargo agrees to produce all responsive documents to this request.

REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

Despite promising to do so, Wells Fargo has failed to produce such documents.  It had previously produced documents pursuant to its initial disclosure, but such are not sorted nor identified as required.  Defendant did not assert it would or had produced documents as kept in the ordinary course of its business.

REQUEST FOR DOCUMENTS

53. Produce any contract or obligation which relate to any contract or obligation attributed to plaintiff's name or social security number.

RESPONSE TO REQUEST

53.  Wells Fargo agrees to produce all responsive documents to this request.

REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

Despite promising to do so, Wells Fargo has failed to produce such documents.  It had previously produced documents pursuant to its initial disclosure, but such are not sorted nor identified as required.  Defendant did not assert it would or had produced documents as kept in the ordinary course of its business.

REQUEST FOR DOCUMENTS

Law Office of Ron Bochner, 3333 Bowers Ave., Suite 130, Santa Clara,  California 95404
Tel (408) 200-9890

1   54.  Produce any contract, obligation, application, approvals, denials, credit evaluations, credit

2   reports, reinvestigation notes, correspondence, notices, credit scores, account history, billing

3   statements, collection notes, dispute logs, memoranda, data, credit reportings, CDV's, ACDV's,

4   responses to CDV's, requests for reinvestigation of credit data (including any documents provided

5   along with the request), responses to ACDV's, UDF's, consumer disputes, responses to requests

6   for reinvestigation, Metro data, Metro II data, or other documents which relate to any account

7   attributed to plaintiff's  name or social security number in the period before four years before this

8   complaint was filed and the present.

9   RESPONSE TO REQUEST

10  54.  Wells Fargo agrees to produce all responsive documents to this request.

11  REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

12  Despite promising to do so, Wells Fargo has failed to produce such documents.  It had previously

13  produced documents pursuant to its initial disclosure, but such are not sorted nor identified as

14  required.  Defendant did not assert it would or had produced documents as kept in the ordinary

15  course of its business.

16  REQUEST FOR DOCUMENTS

17  55.  Produce any credit information supplied to any credit reporting agency relating to plaintiff's

18  credit report, plaintiff's social security number, or any account attributable to plaintiff or

19  plaintiff's social security number.

20  RESPONSE TO REQUEST

21  55.  Wells Fargo agrees to produce all responsive documents to this request.

22  REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

23  Despite promising to do so, Wells Fargo has failed to produce such documents.  It had previously

24  produced documents pursuant to its initial disclosure, but such are not sorted nor identified as

25  required.  Defendant did not assert it would or had produced documents as kept in the ordinary

26  course of its business.

    REQUEST FOR DOCUMENTS

Law Office of Ron
Bochner, 3333 Bowers
Ave., Suite 130, Santa
Clara,  California
95404
Tel (408) 200-9890

23

56.  Produce all manuals, guides, bulletins, memoranda, or other documents, which address your policies, practices or procedures in training or instructing employees in the handling disputes, investigations, or reinvestigations of credit data furnished to credit reporting agencies.

RESPONSE TO REQUEST

56.  Wells Fargo objects to this request to the extent it expressly or impliedly seeks information which is confidential or proprietary in nature or which constitutes protected commercial, trade secret information of Wells Fargo.  Subject to and without waiving these objections, Wells Fargo will produce documents in its possession, custody and control that are not objectionable.

REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

A protective order covering confidential and propriety information exists in this matter, but it does not appear Wells Fargo has produced such documents.  It had previously produced documents pursuant to its initial disclosure, but such are not sorted nor identified as required.  Defendant did not assert it would or had produced documents as kept in the ordinary course of its business.

REQUEST FOR DOCUMENTS

57.  Produce all  manuals, guides, bulletins, memoranda, or other documents, which address your policies, practices or procedures in training or instructing employees in verification of credit data in response to any credit dispute initiated through directly dispute with you.

RESPONSE TO REQUEST

57.  Wells Fargo objects to this request to the extent it expressly or impliedly seeks information which is confidential or proprietary in nature or which constitutes protected commercial, trade secret information of Wells Fargo.  Subject to and without waiving these objections, Wells Fargo will produce documents in its possession, custody and control that are not objectionable.

REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

A protective order covering confidential and propriety information exists in this matter, but it does not appear Wells Fargo has produced such documents.  It had previously produced documents pursuant to its initial disclosure, but such are not sorted nor identified as required.  Defendant did not assert it would or had produced documents as kept in the ordinary course of its business.

1  REQUEST FOR DOCUMENTS

2  58.  Produce any other documents prepared, sent, or received by YOU in the course of conducting

3  any reinvestigation regarding plaintiff's consumer report in period between four years before the

4  complaint was filed and the present.

5  RESPONSE TO REQUEST

6  58.  Wells Fargo agrees to produce all responsive documents to this request.

7  REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

8  Despite promising to do so, Wells Fargo has failed to produce such documents.  It had previously

9  produced documents pursuant to its initial disclosure, but such are not sorted nor identified as

10  required.  Defendant did not assert it would or had produced documents as kept in the ordinary

11  course of its business.

12  REQUEST FOR DOCUMENTS

13  59.  Produce any agreement and amendments under which YOU use, report or furnish credit

14  information to any credit reporting agency to which you provided credit data or account

15  information relating to plaintiff operative in the period between four years before the complaint

16  was filed and the present.

17  RESPONSE TO REQUEST

18  59.  Wells Fargo objects that compliance with this request would be oppressive and burdensome.

19  Wells Fargo objects to this request to the extent it seeks information that is neither relevant nor

20  reasonably calculated to lead to the discovery of admissible evidence.  Wells Fargo further objects

21  to this request as overbroad, vague and ambiguous.  As drafted this request fails to describe the

22  documents with "reasonable particularity."  Fed. R. Civ. P. 34(b).

23  REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

24  Defendant has waived objections by making mere boilerplate objections and by not timely

25  substantiating its objections under ***Burlington Northern v. US Dist. Ct.*** (9th Cir. 2005) 408 F3d

26  1142.  There is nothing oppressive and burdensome about this request, it is relevant and is stated

with reasonable particularity.  It seeks documents directly relating to matters relevant in this case:

Law Office of Ron
Bochner, 3333 Bowers
Ave., Suite 130, Santa
Clara,  California
95404
Tel (408) 200-9890

25

1  what its contractual obligations are under its various agreements, for example.  It is not vague and

2  ambiguous and defendant has not explained why it thinks it is.

3

4  REQUEST FOR DOCUMENTS

5  60.  Produce any training materials including manuals, memos, videos, instructions, agreements,

6  or any other document provided to you by any credit reporting agency relating to reinvestigations

7  of credit data.

8  RESPONSE TO REQUEST

9  60.  Wells Fargo objects that compliance with this request would be oppressive and burdensome.

10  Wells Fargo objects to this request to the extent it seeks information that is neither relevant nor

11  reasonably calculated to lead to the discovery of admissible evidence.  Wells Fargo further objects

12  to this request as overbroad, vague and ambiguous.  As drafted this request fails to describe the

13  documents with "reasonable particularity."  Fed. R. Civ. P. 34(b).

14  REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

15  Defendant has waived objections by making mere boilerplate objections and by not timely

16  substantiating its objections under ***Burlington Northern v. US Dist. Ct.*** (9th Cir. 2005) 408 F3d

17  1142.  There is nothing oppressive and burdensome about this request, it is relevant and is stated

18  with reasonable particularity.  It seeks documents directly relating to matters relevant in this case:

19  how its employees are trained in regard to reinvestigations and what it knows about such

20  processes, for example.  It is not vague and ambiguous and defendant has not explained why it

21  thinks it is.

22  REQUEST FOR DOCUMENTS

23  61. Produce all documents which address the accuracy, truthfulness, or reliability of your

24  reportings to the credit reporting agencies.

25  RESPONSE TO REQUEST

26  61.  Wells Fargo objects that compliance with this request would be oppressive and burdensome.

Wells Fargo objects to this request to the extent it seeks information that is neither relevant nor

Law Office of Ron
Bochner, 3333 Bowers
Ave., Suite 130, Santa
Clara,  California
95404
Tel (408) 200-9890

26

1   reasonably calculated to lead to the discovery of admissible evidence.  Wells Fargo further objects

2   to this request as overbroad, vague and ambiguous.  As drafted this request fails to describe the

3   documents with "reasonable particularity."  Fed. R. Civ. P. 34(b).

4   REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

5   Defendant has waived objections by making mere boilerplate objections and by not timely

6   substantiating its objections under *Burlington Northern v. US Dist. Ct.* (9th Cir. 2005) 408 F3d

7   1142.  There is nothing oppressive and burdensome about this request, it is relevant and is stated

8   with reasonable particularity.  It seeks documents directly relating to matters relevant in this case:

9   whether and what, if anything, respondent knows its duties under the ACT.  It is not vague and

10  ambiguous and defendant has not explained why it thinks it is.

11  REQUEST FOR DOCUMENTS

12  62.  Produce any report, memoranda, bulletin or other document which describes the potential

13  adverse effects or consequences on consumers of inaccurate, untruthful, or unreliable credit

14  reporting by YOU.

15  RESPONSE TO REQUEST

16  62.  Wells Fargo objects that compliance with this request would be oppressive and burdensome.

17  Wells Fargo objects to this request to the extent it seeks information that is neither relevant nor

18  reasonably calculated to lead to the discovery of admissible evidence.  Wells Fargo further objects

19  to this request as overbroad, vague and ambiguous.  As drafted this request fails to describe the

20  documents with "reasonable particularity."  Fed. R. Civ. P. 34(b).

21  REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

22  Defendant has waived objections by making mere boilerplate objections and by not timely

23  substantiating its objections under *Burlington Northern v. US Dist. Ct.* (9th Cir. 2005) 408 F3d

24  1142.  There is nothing oppressive and burdensome about this request, it is relevant and is stated

25  with reasonable particularity.  It seeks documents directly relating to matters relevant in this case:

26  whether and what, if anything, respondent knows will be the effect of reporting inaccurate,

    untruthful, or unreliable information to credit reporting agencies and thus to the damages that may

Law Office of Ron
Bochner, 3333 Bowers
Ave., Suite 130, Santa
Clara,  California
95404
Tel (408) 200-9890

27

1  be imposed against it.  It is not vague and ambiguous and defendant has not explained why it

2  thinks it is.

3

4  REQUEST FOR DOCUMENTS

5  65.  Produce all policy manuals, procedure manuals, or documents, which address your policies,

6  practices or procedures regarding correcting, updating, modifying, deleting credit data which is

7  disputed as inaccurate and/or preventing reinsertion of previously corrected, updated, modified,

8  and/or deleted credit data.

9  RESPONSE TO REQUEST

10  65.  Wells Fargo objects to this request to the extent it expressly or impliedly seeks information

11  which is confidential or proprietary in nature or which constitutes protected commercial, trade

12  secret information of Wells Fargo.  Subject to and without waiving these objections, Wells Fargo

13  will produce documents in its possession, custody and control that are not objectionable.

14  REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

15  A protective order is in place.  Defendant has waived objections by making mere boilerplate

16  objections and by not timely substantiating its objections under ***Burlington Northern v. US Dist.***

17  ***Ct.*** (9th Cir. 2005) 408 F3d 1142.  There is nothing oppressive and burdensome about this request,

18  it is relevant and is stated with reasonable particularity.  It seeks documents directly relating to

19  matters relevant in this case: how it assures accurate reporting when it alters data.  It is not vague

20  and ambiguous and defendant has not explained why it thinks it is.

21  REQUEST FOR DOCUMENTS

22  66.   Produce all policy manuals, procedure manuals, or other documents, which address your

23  policies, practices or procedures for collection, maintenance, retention, dissemination or disposal

24  of account data, during each of the preceding five years.

25  RESPONSE TO REQUEST

26  66. Wells Fargo objects to this request to the extent it expressly or impliedly seeks information

which is confidential or proprietary in nature or which constitutes protected commercial, trade

Law Office of Ron
Bochner, 3333 Bowers
Ave., Suite 130, Santa
Clara,  California
95404
Tel (408) 200-9890

28

1   secret information of Wells Fargo.  Subject to and without waiving these objections, Wells Fargo

2   will produce documents in its possession, custody and control that are not objectionable.

3

4   REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

5   A protective order is in place in this case, the terms of which protect confidential and proprietary

6   information. Despite promising to do so, Wells Fargo has failed to produce such documents.  It

7   had previously produced documents pursuant to its initial disclosure, but such are not sorted nor

8   identified as required.  Defendant did not assert it would or had produced documents as kept in the

9   ordinary course of its business.

10  REQUEST FOR DOCUMENTS

11  67.  Produce all documents concerning the names, addresses, telephone numbers, current

12  employers and current whereabouts of each and every one of your employees who were involved

13  in placing, maintaining and/or reinserting the account in dispute on plaintiff's credit file or report.

14  RESPONSE TO REQUEST

15  67.  Wells Fargo objects to this request on the grounds that it seeks documents protected by Wells

16  Fargo's employees' rights to privacy under the California and United States Constitutions.  Wells

17  Fargo objects that compliance with this request would be oppressive and burdensome.  Wells

18  Fargo objects to this request to the extent it seeks information that is neither relevant nor

19  reasonably calculated to lead to the discovery of admissible evidence.  Wells Fargo further objects

20  to this request as overbroad, vague and ambiguous.  As drafted this request fails to describe the

21  documents with "reasonable particularity."  Fed. R. Civ. P. 34(b).

22  REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

23  Defendant has waived objections by making mere boilerplate objections and by not timely

24  substantiating its objections under ***Burlington Northern v. US Dist. Ct.*** (9th Cir. 2005) 408 F3d

25  1142.  There is nothing oppressive and burdensome about this request, it is relevant and is stated

26  with reasonable particularity.  It seeks documents directly relating to matters relevant in this case:

    location of witnesses who were involved in this matter.  It is not vague and ambiguous and

Law Office of Ron
Bochner, 3333 Bowers
Ave., Suite 130, Santa
Clara, California
95404
Tel (408) 200-9890

1  defendant has not explained why it thinks it is.  A protective order is in place and this case and

2  privacy rights can be protected while allowing plaintiff to investigate his case.

3

4  REQUEST FOR DOCUMENTS

5  68.  Produce all performance evaluations for each and every one of your employees who took any

6  action with regard to the resolution of any of plaintiff's credit dispute.

7  RESPONSE TO REQUEST

8  68.  Wells Fargo objects to this request on the grounds that it seeks documents protected by Wells

9  Fargo's employees' rights to privacy under the California and United States Constitutions.  Wells

10  Fargo objects that compliance with this request would be oppressive and burdensome.  Wells

11  Fargo objects to this request to the extent it seeks information that is neither relevant nor

12  reasonably calculated to lead to the discovery of admissible evidence.  Wells Fargo further objects

13  to this request as overbroad, vague and ambiguous.  As drafted this request fails to describe the

14  documents with "reasonable particularity."  Fed. R. Civ. P. 34(b).

15  REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

16  Defendant has waived objections by making mere boilerplate objections and by not timely

17  substantiating its objections under ***Burlington Northern v. US Dist. Ct.*** (9th Cir. 2005) 408 F3d

18  1142.  There is nothing oppressive and burdensome about this request, it is relevant and is stated

19  with reasonable particularity.  It seeks documents directly relating to matters relevant in this case:

20  whether it knew its employees were performing adequately.  It is not vague and ambiguous and

21  defendant has not explained why it thinks it is.  A protective order is in place and this case and

22  privacy rights can be protected while allowing plaintiff to investigate his case.

23  REQUEST FOR DOCUMENTS

24  69.  Produce all policies, procedures, and practices regarding the renumbering of your accounts

25  and/or notification to the credit bureaus of such renumbering.

26  RESPONSE TO REQUEST

69.  Wells Fargo objects that compliance with this request would be oppressive and burdensome.

1  Wells Fargo objects to this request to the extent it seeks information that is neither relevant nor

2  reasonably calculated to lead to the discovery of admissible evidence.  Wells Fargo further objects

3  to this request as overbroad, vague and ambiguous.  As drafted this request fails to describe the

4  documents with "reasonable particularity."  Fed. R. Civ. P. 34(b).

5  REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

6  Defendant has waived objections by making mere boilerplate objections and by not timely

7  substantiating its objections under ***Burlington Northern v. US Dist. Ct.*** (9th Cir. 2005) 408 F3d

8  1142.  There is nothing oppressive and burdensome about this request, it is relevant and is stated

9  with reasonable particularity.  It seeks documents directly relating to matters relevant in this case:

10  the renumbering of the account lies at the heart of this matter.  It is not vague and ambiguous and

11  defendant has not explained why it thinks it is.

12  REQUEST FOR DOCUMENTS

13  70.  Produce all policy manuals, procedure manuals, or documents, which address your policies,

14  practices or procedures regarding your considerations and safeguards employed when a consumer

15  report on a credit applicant to your company contains a statement alerting you of possible fraud or

16  misuse of the consumer's personal identifiers.

17  RESPONSE TO REQUEST

18  70.  Wells Fargo objects that compliance with this request would be oppressive and burdensome.

19  Wells Fargo objects to this request to the extent it seeks information that is neither relevant nor

20  reasonably calculated to lead to the discovery of admissible evidence.  Wells Fargo further objects

21  to this request as overbroad, vague and ambiguous.  As drafted this request fails to describe the

22  documents with "reasonable particularity."  Fed. R. Civ. P. 34(b).

23  REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

24  Defendant has waived objections by making mere boilerplate objections and by not timely

25  substantiating its objections under ***Burlington Northern v. US Dist. Ct.*** (9th Cir. 2005) 408 F3d

26  1142.  There is nothing oppressive and burdensome about this request, it is relevant and is stated

with reasonable particularity.  It seeks documents directly relating to matters relevant in this case:

Law Office of Ron
Bochner, 3333 Bowers
Ave., Suite 130, Santa
Clara,  California
95404
Tel (408) 200-9890

31

1  what special policies and practices are invoked when, as here, a fraud alert is on a consumer's

2  report.  It is not vague and ambiguous and defendant has not explained why it thinks it is.  A

3  protective order is in place and this case and privacy rights can be protected while allowing

4  plaintiff to investigate his case.

5  REQUEST FOR DOCUMENTS

6  71.  Produce all policy manuals, procedure manuals, or other documents, which address your

7  policies, practices or procedures in the investigation or reinvestigation of credit data which is

8  disputed as inaccurate.

9  RESPONSE TO REQUEST

10  71.  Wells Fargo objects to this request to the extent it expressly or impliedly seeks information

11  which is confidential or proprietary in nature or which constitutes protected commercial, trade

12  secret information of Wells Fargo.  Subject to and without waiving these objections, Wells Fargo

13  will produce documents in its possession, custody and control that are not objectionable.

14  REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

15  A protective order is in place in this case, the terms of which protect confidential and proprietary

16  information. Despite promising to do so, Wells Fargo has failed to produce such documents.  It

17  had previously produced documents pursuant to its initial disclosure, but such are not sorted nor

18  identified as required.  Defendant did not assert it would or had produced documents as kept in the

19  ordinary course of its business.

20  REQUEST FOR DOCUMENTS

21  72.  Produce all documents evidencing, constituting or including data concerning your first

22  notification of any allegation that any account bearing either or both Plaintiffs' personal identifiers

23  and/or any of the account numbers had been created by application fraud or been used by a person

24  not authorized to use or possess such account.

25  RESPONSE TO REQUEST

26  72.  Wells Fargo agrees to produce all responsive documents sought in this request.

REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

Law Office of Ron
Bochner, 3333 Bowers
Ave., Suite 130, Santa
Clara,  California
95404
Tel (408) 200-9890

32

1　Despite promising to do so, Wells Fargo has failed to produce such documents. It had previously

2　produced documents pursuant to its initial disclosure, but such are not sorted nor identified as

3　required. Defendant did not assert it would or had produced documents as kept in the ordinary

4　course of its business.

5　REQUEST FOR DOCUMENTS

6　75. Produce all documents or correspondence in your, or your attorney's, possession that refers to

7　or relates to any fact(s) which may be relevant in this lawsuit excluding letters between you and

8　your attorney.

9　RESPONSE TO REQUEST

10　75. Wells Fargo objects that compliance with this request would be oppressive and burdensome.

11　Wells Fargo objects to this request to the extent it seeks information that is neither relevant nor

12　reasonably calculated to lead to the discovery of admissible evidence. Wells Fargo objects to this

13　request to the extent it expressly or impliedly seeks information protected from discovery by the

14　attorney-client privilege, the attorney work product doctrine, the self-critical analysis privilege,

15　and the bank examination privilege. Wells Fargo further objects to this request as overbroad,

16　vague and ambiguous. As drafted this request fails to describe the documents with "reasonable

17　particularity." Fed. R. Civ. P. 34(b).

18　REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

19　Defendant has waived objections by making mere boilerplate objections and by not timely

20　substantiating its objections under **Burlington Northern v. US Dist. Ct.** (9th Cir. 2005) 408 F3d

21　1142. There is nothing oppressive and burdensome about this request, it is relevant and is stated

22　with reasonable particularity. It seeks documents directly relating to matters relevant in this case:

23　documents relevant to the complaint. It is not vague and ambiguous and defendant has not

24　explained why it thinks it is. The request is expressly delimited to non-attorney client privileged

25　documents. If respondent thinks it has some basis for claiming privilege or work product

26　protection, it must so express in a privilege log, said having not been provided.

REQUEST FOR DOCUMENTS

Law Office of Ron
Bochner, 3333 Bowers
Ave., Suite 130, Santa
Clara, California
95404
Tel (408) 200-9890

33

77.  Produce any document containing any description, definition, concordance, or index of any shorthand, abbreviations, codes, shorthand, or notations contained in any documents which would be responsive to any of the prior requests.

RESPONSE TO REQUEST

77.  Wells Fargo objects that compliance with this request would be oppressive and burdensome. Wells Fargo objects to this request to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Wells Fargo objects to this request to the extent it expressly or impliedly seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the self-critical analysis privilege, and the bank examination privilege.  Wells Fargo further objects to this request as overbroad, vague and ambiguous.  As drafted this request fails to describe the documents with "reasonable particularity."  Fed. R. Civ. P. 34(b).

REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

Defendant has waived objections by making mere boilerplate objections and by not timely substantiating its objections under *Burlington Northern v. US Dist. Ct.* (9th Cir. 2005) 408 F3d 1142.  There is nothing oppressive and burdensome about this request, it is relevant and is stated with reasonable particularity.  It seeks documents directly relating to matters relevant in this case: explanation of codes used in documents, without which the documents are somewhat inexplicable. It is not vague and ambiguous and defendant has not explained why it thinks it is.  If respondent thinks it has some basis for claiming privilege or work product protection, it must so express in a privilege log, said having not been provided.

REQUEST FOR DOCUMENTS

78.  Produce any deposition transcripts in which YOU or any of YOUR agents offered testimony regarding YOUR policies, procedures or practices relating to credit reporting or reinvestigation.

RESPONSE TO REQUEST

78.  Wells Fargo objects that compliance with this request would be oppressive and burdensome. Wells Fargo objects to this request to the extent it seeks information that is neither relevant nor

Law Office of Ron
Bochner, 3333 Bowers
Ave., Suite 130, Santa
Clara,  California
95404
Tel (408) 200-9890

34

reasonably calculated to lead to the discovery of admissible evidence.  Wells Fargo further objects

to this request as overbroad, vague and ambiguous.  As drafted this request fails to describe the

documents with "reasonable particularity."  Fed. R. Civ. P. 34(b).

REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED

Defendant has waived objections by making mere boilerplate objections and by not timely

substantiating its objections under ***Burlington Northern v. US Dist. Ct.*** (9th Cir. 2005) 408 F3d

1142.  There is nothing oppressive and burdensome about this request, it is relevant and is stated

with reasonable particularity.  It seeks documents directly relating to matters relevant in this case:

testimony on the same issues as those found in this case.  It is not vague and ambiguous and

defendant has not explained why it thinks it is.  If respondent thinks it has some basis for claiming

privilege or work product protection, it must so express in a privilege log, said having not been

provided.


June ____, 2008                         LAW OFFICES OF RON BOCHNER







                                        _____
                                        Ron Bochner
                                        Attorney for Plaintiff
                                        RICHARD HOWARD

Law Office of Ron
Bochner, 3333 Bowers
Ave., Suite 130, Santa
Clara,  California
95404
Tel (408) 200-9890