DONALD J. QUERIO (State Bar No. 54367)
djq@severson.com
MARK D. LONERGAN (State Bar No. 143622)
mdl@severson.com
PETER H. BALES (State Bar No. 251345)
phb@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendants
WELLS FARGO FINANCIAL
MISSOURI, INC., et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HOWARD,<br><br>  Plaintiff,<br><br> vs.<br><br>WELLS FARGO FINANCIAL MISSOURI, INC., WELLS FARGO FINANCIAL ACCEPTANCE, WELLS FARGO AUTO FINANCE, INC., WELLS FARGO FINANCIAL CAR, LLC, and DOES 1-50,<br><br>  Defendants. | Case No.: CO7-05881 EDL<br><br>**DECLARATION OF PETER H. BALES IN SUPPORT OF WELL FARGO'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO DISCOVERY**<br><br>Hearing Date: July 22, 2008<br>Time: 9:00 a.m.<br>Dept.: E<br>Judge: Hon. Elizabeth D. Laporte<br><br>Complaint Date: November 20, 2007 |

I, Peter H. Bales, declare as follows:

1.   I am an attorney at law, licensed to practice in the State of California, and I am an attorney with the law firm of Severson & Werson, counsel of record for Wells Fargo Defendants. I have personal knowledge of the following facts, and if called as a witness, I would testify truthfully with respect to the matters stated herein.

2.   On March 1, 2008 Wells Fargo was served with written discovery from plaintiff, which included 39 requests for admission, 6 interrogatories, and 78 document requests.

3. Prior to responding to the written discovery, Wells Fargo produced its initial disclosure documents on March 18, 2008. The initial disclosure documents were responsive to many of the document requests at issue in this motion.

4. In light of the numerous requests, I sent an email to plaintiff's counsel on March 28, 2008 to request a two week extension to respond. Plaintiff's counsel declined. He responded by insisting that Wells Fargo supply whatever information it had gathered as of the time of its response, and that it supplement its responses later. In compliance with this, Wells Fargo served its written responses and objections on April 3, 2008 and served supplemental production of documents on April 17, 2008, which consisted of policies and procedures from Wells Fargo's credit dispute department, together with organizational charts requested by plaintiff.

5. On April 18, 23, and 24, 2008 plaintiff's counsel sent consecutive letters to Wells Fargo iterating that plaintiff would consider Wells Fargo's responses to discovery and its document production final and complete as of a certain date if plaintiff's counsel did not hear differently. True and correct copies of the April 18, 23, and 24, 2008 letters are attached as Exhibits A, B, and C. On April 23, 2008 I sent a letter to plaintiff stating that Wells Fargo would continue to abide by its duty under the Federal Rules of Civil Procedure to supplement and correct discovery. A true and correct copy of the April 23, 2008 letter is attached as exhibit D.

6. On April 28, 2008 my office received plaintiff's meet and confer letter, which demanded responses "in full, without objection by week's end," or within four days. A true and correct copy of plaintiff's April 28, 2008 letter is attached at exhibit E.

7. I emailed plaintiff's counsel on May 5, 2008 requesting a conference call to discuss the numerous issues in the letter. I never received a response to this email. On May 7, 2008 I sent a second request, via letter, stating that "at a minimum, we can (and in fact are required to) make an effort to narrow the issues for the Court to decide on any potential motion to compel." A true and correct copy of the May 7, 2008 letter is attached as exhibit F. Plaintiff's counsel responded in a May 9, 2008 letter that "A tele-or other conference would be a waste of time when you have not even thought about the bases for your objections or responses." A true and correct copy of the May 9, 2008 letter is attached as exhibit G.

-2-

8. On May 14, 2008 I sent a four page letter to plaintiff in an attempt to narrow the discovery issues by giving examples of specific examples of requests which Wells Fargo had difficulty determining what information or documents plaintiff was seeking. The letter also made clear that Wells Fargo was making a "final attempt through this letter to arrange a conference, via telephone or in person," to discuss the discovery issues that remained. A true and correct copy of the May 14, 2008 letter is attached as exhibit H. That day plaintiffs sent a letter agreeing to a conference call.

9. Mark Lonergan, a member of Severson and Werson and counsel of record for Wells Fargo, and I were on the conference call with plaintiff's counsel on May 14, 2008. Throughout the call we attempted to discuss individual requests, including what it was that plaintiff was seeking, whether the request could be clarified or narrowed, the basis for Wells Fargo's objections, and whether plaintiff would be willing to clarify, withdraw, or narrow discovery requests to address those objections. Plaintiff's counsel repeatedly asserted during the conference call that all of Wells Fargo's objections were boilerplate, that none of them had any merit, that all of plaintiff's discovery requests were clear and understandable, that none of them were overbroad of difficult to understand. Counsel refused to clarify or withdraw even one request. Counsel took the position that he should not be required to discuss each individual request.

10. Fairly early on in the conference and during its entirety counsel's demeanor became condescending, unyielding, and unproductive. Plaintiff's counsel repeatedly interrupted Mr. Lonergan and me, iterating that the discovery requests were clear and understandable. At one point counsel asked us whether we could read. Each time Mr. Lonergan or I stated that a request was unclear, counsel simply read the request aloud; at one point counsel asked if he needed to read the request a third time. At that point, Mr. Lonergan stated he felt that plaintiff's counsel approach was condescending, reached the conclusion that the call would not be productive, and ended the call. (Lonergan Decl., ¶2.); (Ex. I.)

11. Wells Fargo agreed during the conference call to provide amended responses to certain discovery requests by May 28, 2008. On May 28, 2008 Wells Fargo served amended

-3-

1. responses to plaintiff's interrogatories and requests for admissions as well as supplemental responsive documents. A true and correct copy of the supplemental response to plaintiff's requests for admissions is attached at exhibit J.

12. As required Wells Fargo has provided supplemental documents to Wells Fargo's response to plaintiff's first set of document requests. On June 2, 2008 and June 6, 2008 Wells Fargo produced responsive documents. To date, Wells Fargo has produced 416 pages of documents.

I declare under penalty of perjury that the foregoing is true and correct. Executed within the United States on June 24, 2008.

By: /S/ Peter H. Bales
Peter H. Bales