**EXHIBIT E**

*Law Offices of Ron Bochner*
*3333 Bowers Avenue, Suite 130*
*Santa Clara, California 95054*
*408-200-9890*

VIA FACSIMILE (415-956-0439) & U.S. MAIL

April 28, 2008

Mark D. Lonergan, Esq.
Peter H. Bales, Esq.
Severson & Werson
One Embarcadero Center, Suite 2600
San Francisco, CA 94111

    Re:    *Howard v. Wells Fargo Financial Missouri, Inc.* Northern Dist. of California
              Case No. C07-05881 EDL

Counsel:

This is my meet and confer letter regarding your responses to plaintiff's discovery of April 3, 2008. As you know, you were provided an extension of time to respond, yet have only provided 8 pages of documents and no modification of the prior responses. The term "you" as used below refers to your client or your firm as appropriate.

## INTERROGATORIES

No. 1 asks you identify witnesses. You refused to provide specific response, instead objecting that response would be oppressive and burdensome and making other boilerplate objections. Boilerplate objections or blanket refusals to respond constitute are insufficient. Boilerplate objections are presumptively insufficient. FRCP 34, **Burlington Northern v. USDC**, 408 F3d 1142 (9th Cir. 2005). It is clear that requesting identification of witnesses is reasonably calculated to lead to the discovery of admissible evidence under FRCP 26 and that you have not provided sufficient information. The names of the persons actually performing the response to the consumer dispute, including those who filled out the consumer dispute verification form, is not provided. The response as it exists constitutes a withholding of pertinent information and violates the FRCP as well as your duties as attorneys. Please modify by week's end.

No. 2 asks for every step you took to investigate Mr. Howard's dispute. You again object this would be oppressive and burdensome and provide other unexplained boilerplate objections and provide no substantive response. Such objections are again invalid under the FRCP and your complete failure to provide any information based thereon is not inappropriate. Please modify by week's end.

No. 3 asks regarding your clients policies, procedures and practices concerning the renumbering of accounts. You again provide boilerplate objections and refuse to provide any substantive

**EXHIBIT "E"**

Letter to Lonegran, Bales
April 28, 2008
Page Two

response. Such objections are again invalid under the FRCP and your complete failure to provide any information based thereon is not inappropriate. Please modify by week's end.

No. 4 asks why the account in dispute appeared on plaintiff's credit report. You again make boilerplate objections. The substantive response does not indicate why the account remained on the Shaw Systems management program or why or how the use of the "Shaw Systems" allowed the account number to be "inadvertently" renumbered and the block removed. Moreover, no witnesses are identified regarding this inadvertence. Please modify by week's end.

## ADMISSIONS

Nos. 5 through 8 ask your client to admit that your client intended or did not intend its reports of plaintiff's liability to Trans Union and whether its investigation of Mr. Howard's dispute was accomplished as intended. You refused to respond, providing boilerplate objections and stating you found the phrase you intended /did not intend your actions vague and ambiguous without explaining why you so found. The meaning of intent is clear. You must amend these responses. Please do so before the week's end.

9 and 10 similarly asked if, or if not, the investigation performed in 2007 was accomplished in accordance with your standard investigation procedures and practices. You refused to respond, contending without explanation that you found the phrase "standard or official investigation procedures" vague and ambiguous. There is nothing ambiguous about the phrase. Such procedures are standardized. Therefore, you must amend these responses. Please do so before the week's end.

11 and 12 similarly asked if your policies and procedures for compliance with the FCRA did or did not permit or require investigating employees to review original documents during its investigation. You failed to respond, stating your client had insufficient knowledge to admit or deny this request. This is unacceptable. Only your client would know if it had such policies and procedures. You must amend these responses. Please do so before the week's end.

13, 14 and 15 asked your client to admit its net worth was above certain numbers. You refused to respond, stating it was not relevant and making other boilerplate and inapplicable objections. Net worth is not privacy protected for public corporations. It is relevant as punitive damages are sought. It is not vague and ambiguous. Therefore, you must amend these responses. Please do so before the week's end.

33 and 34 ask you to admit that your client has written procedures regarding investigation of consumer credit report disputes and with 15 USC 1681s2. You refused to respond, objecting that the term "written procedures" is vague and ambiguous with no further explanation. There is nothing vague nor ambiguous about these terms. Therefore, you must amend these responses.

Letter to Lonegran, Bales
April 28, 2008
Page Three

Please do so before the week's end.

**DOCUMENTS**

No. 1 asked for, and you agreed to produce, all documents regarding your document control policies and procedures. The only documents which have been produced subsequent to the initial disclosure are the documents Bates Stamped 85-93. These documents are not sorted as to what they are supposed to be responsive to and so cannot be used to constitute your response to the current requests. Please advise if these documents purport to be responsive to this request and, if so, to what. Otherwise, please produce responsive documents. Please do so by week's end.

No. 2 asked for documents referencing account numbers 50237 etc. and 53825 etc. and you agreed to produce them. I have no documents other than those originally produced in your initial disclosure and do not know which of those are responsive to this request. Please advise if these documents purport to be responsive to this request. Otherwise, I will assume you have no such documents.

No. 3 asked for your contract with the credit reporting agencies and related documents. This is a typical request used in this type of litigation. You provided boilerplate objections to this request and refused to provide substantive response. You have failed to provide a privilege log. Such are ineffective, per FRCP 26 and FRCP 34 and ***Burlington***. Please respond in full, without objection by week's end.

No. 4 asked for statements taken by Trans Union regarding this action. You made boilerplate objections and refused to provide any response. You have failed to provide a privilege log. Such are ineffective, per FRCP 26 and FRCP 34 and ***Burlington***. Please respond in full, without objection by week's end.

Nos. 5 and 6 asked for documents showing you have audited your practices to determine compliance with 15 USC 1681s-2(a) and (b). You made boilerplate objections and refused to provide any response. You have failed to provide a privilege log. Such are ineffective, per FRCP 26 and FRCP 34 and ***Burlington***. Please respond in full, without objection by week's end.

No. 7 asked for documents reflecting your audit trail showing modifications or amending information regarding plaintiff reported by you. You made boilerplate objections and refused to provide any response. You have failed to provide a privilege log. Such are ineffective, per FRCP 26 and FRCP 34 and ***Burlington***. Please respond in full, without objection by week's end.

No. 8 asked, and you agreed to produce, all documents sent to plaintiff by you in the last two years. You have produced no such documents, or have failed to identify any in your initial disclosure by week's end. Otherwise, I will assume you have no such documents.

Letter to Lonegran, Bales
April 28, 2008
Page Four

No. 9 asked, and you agreed to provide, all documents plaintiff sent you in the last two years. You have produced no such documents, or have failed to identify any in your initial disclosure by week's end. Otherwise, I will assume you have no such documents.

No. 10 and 11 asked for your quarterly profit and loss statements for the last three years and current balance sheets and financial statements. You made boilerplate objections and refused to provide any response. You have failed to provide a privilege log. Such are ineffective, per FRCP 26 and FRCP 34 and **Burlington**. Please respond in full, without objection by week's end.

No. 12 asks for documents disclosing which of your client's employees worked on plaintiff's credit report. You made boilerplate objections and refused to respond. Plaintiff is entitled to know the names and locations of potential witnesses and, even if privacy rights are somehow implicated, the remainder of the requests should have been provided. Such are ineffective, per FRCP 26 and FRCP 34 and **Burlington**. You also have failed to provide a privilege log. Please respond in full, without objection by week's end.

No. 13 asked, and you agreed to provide, all documents constituting plaintiff's file. It is unclear if the documents produced to date constitute that file and, if they do, which ones. Moreover, it appears the documents produced to date are incomplete. Please respond in full, without objection by week's end.

Nos. 14, 15, 16 and 17 asked, and you agreed to provide, all documents regarding your methods to correctly identify whether tradelines or addresses have been previously reported as incorrect, policy and procedure manuals regarding modifying disputed data and organizational charts for the various Wells Fargo entities involved here. I have no indication of which, if any, of the documents provided in the initial disclosure are responsive to these requests, or whether you intend the last production to be responsive. Please respond in full, without objection by week's end.

No. 18 asked for documents referenced in your interrogatory responses. I have no indication that any such documents have been produced. Please respond in full, without objection by week's end.

No. 20 asked for documents or computer screens regarding your currently reported accounts for plaintiff. You agreed to produce. I have no indication that any such documents have been produced. Please respond in full, without objection by week's end.

No. 21 asks for archived records of actions taken regarding plaintiff or his identifiers. You agreed to produce. I have no indication that any such documents have been produced. Please respond in full, without objection by week's end.

Letter to Lonegran, Bales
April 28, 2008
Page Five

Nos. 22 and 23 ask for descriptions of matching algorithms used to correlate credit information with individuals assembled to report to credit reporting agencies. You made boilerplate objections and refused to provide any response. You have failed to provide a privilege log. Such are ineffective, per FRCP 26 and FRCP 34 and ***Burlington***. Please respond in full, without objection by week's end.

Nos. 26 through 34 ask for reinvestigation budgets, bonus plans for employees performing reinvestigations, documents showing statutory and contractual obligations regarding reinvestigations, deposition transcripts of disclosed employees regarding reinvestigation and maintaining reporting databases free of error, policy and procedure manuals regarding the insurance of maximum possible accuracy of data, pre and post reinvestigation and documents reflecting merger of credit information on plaintiff. You refused to respond to each, making boilerplate objections. You have failed to provide a privilege log. Such are ineffective, per FRCP 26 and FRCP 34 and ***Burlington***. Please respond in full, without objection by week's end.

No. 35 asks for archived records of actions taken regarding plaintiff or his identifiers. You agreed to produce. I have no indication that any such documents have been produced. Please respond in full, without objection by week's end.

Nos. 36 through 51 ask for documents your means of archiving credit reporting information, internal remark and information screen prints, standards for correcting information, directions from credit reporting agencies for correcting credit reports, audit trails regarding the falsity of items you reported on credit reports, architecture of database systems, configuration search systems, studies of credit databases, including data arising therefrom, search assessments, audits of improper posted data, reliability of database, accuracy of database, of the consumer dispute process and identifying information about employees having knowledge of this matter. You refused to respond to each, making boilerplate objections. You have failed to provide a privilege log. Such are ineffective, per FRCP 26 and FRCP 34 and ***Burlington***. Please respond in full, without objection by week's end.

Nos. 52 through 58 ask for documents regarding the debt in question in this matter, any underlying contract in this matter, essentially your client's entire file in this matter, information provided to any credit reporting agency, policies for training employees in the area of reinvestigations and verification of disputes and all documents regarding reinvestigations done by your client. You agreed to produce documents responsive to these requests. I have no indication that any such documents have been produced and there is no citation to any prior production. Please respond in full, without objection by week's end.

59 through 64 ask for agreements by which your client uses and provides credit information, training manuals, documents regarding accuracy of your client's reports to credit reporting agencies, regarding the effect of inaccurate reporting, altering credit information and money

Letter to Lonegran, Bales
April 28, 2008
Page Six

spent on reinvestigation processes. You refused to respond to each, making boilerplate objections. You have failed to provide a privilege log. Such are ineffective, per FRCP 26 and FRCP 34 and ***Burlington***. Please respond in full, without objection by week's end.

65 through 66 sought policy and procedure manuals regarding corrections and maintaining database information. You agreed to produce documents responsive to these requests. I have no indication that any such documents have been produced and there is no citation to any prior production. Please respond in full, without objection by week's end.

67 through 70 sought employee identifying information, evaluations of employees performing tasks regarding plaintiff's dispute, account renumbering policy and what is done when a fraud alert is provided to you. You refused to respond to each, making boilerplate objections. You have failed to provide a privilege log. Such are ineffective, per FRCP 26 and FRCP 34 and ***Burlington***. Please respond in full, without objection by week's end.

71 and 72 sought policy, practice and procedure manuals regarding investigation or reinvestigation of accuracy disputed credit data and the first notification of fraud in plaintiff's case. You agreed to produce documents responsive to these requests. I have no indication that any such documents have been produced and there is no citation to any prior production. Please respond in full, without objection by week's end.

73 and 75 through 78 sought documents regarding audits of fraud loss and investigation programs and policies, documents regarding this lawsuit excepting letters between you and your client, codes and abbreviations found in your documents and deposition transcripts of your client regarding the reinvestigation process. You refused to respond to each, making boilerplate objections. You have failed to provide a privilege log. Such are ineffective, per FRCP 26 and FRCP 34 and ***Burlington***. Please respond in full, without objection by week's end.

If you have any question do not hesitate to call.

Very truly yours,

Ron Bochner
RB