# EXHIBIT H



## Severson & Werson
A Professional Corporation

Peter H. Bales
Attorney
phb@severson.com

One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

May 14, 2008

*VIA FACSIMILE AND FIRST CLASS MAIL*

Ron Bochner, Esq.
Law Offices of Ron Bochner
3333 Bowers Ave., Suite 130
Santa Clara, CA 95054

    Re:  *Howard v. Wells Fargo Financial Missouri, Inc., et al.*
           United States District Court, Northern District of California, Case No. C07-05881

Dear Mr. Bochner:

    I am writing in response to your letter dated May 9, 2008. This letter will narrow but not eliminate the discovery issues that remain between the parties. The remaining issues addressed below must be discussed in a good faith effort between the parties as required by local rules and Judge Laporte's standing orders. At a minimum, we believe a good faith effort requires you to discuss these issues with us in person or via telephone.

### INTERROGATORIES

    No. 1: In its initial response, Wells Fargo provided the names of the witnesses known at that time to have knowledge of the facts relating to the incident. Since that response was served, Wells Fargo has learned of additional persons having knowledge of the facts. Wells Fargo will supplement this response, as permitted and required by Federal Rule of Civil Procedure 26(e).

    No. 2: Wells Fargo will supplement this response, as permitted and required by Federal Rule of Civil Procedure 26(e).

    No. 3: Wells Fargo will supplement this response, as permitted and required by Federal Rule of Civil Procedure 26(e).

    No. 4: Wells Fargo provided a substantive response to this interrogatory. Your letter now seeks to ask follow up questions, which were not included in the original interrogatory. Wells Fargo is of course willing to further confer regarding what information this interrogatory is seeking. A live discussion would aid in resolving this issue.



Ron Bochner, Esq.
May 14, 2008
Page 2

### ADMISSIONS:

No. 5 through 8: The letter contests the validity of the objections asserted but fails to explain why the request is not overbroad, vague, and ambiguous with sufficient detail to allow Wells Fargo to formulate a response. Wells Fargo is more than willing to provide a response if it is able to comprehend what exactly the request is asking. A live discussion would aid in resolving this issue.

No. 9 and 10: Wells Fargo will supplement this response, as permitted and required by Federal Rule of Civil Procedure 26(e).

No. 11 and 12: Wells Fargo will supplement this response, as permitted and required by Federal Rule of Civil Procedure 26(e).

No. 13, 14, and 15: We are still discussing and reviewing whether it is appropriate at this stage in the litigation to provide responses to requests seeking information seeking Wells Fargo's net worth.

No 33 and 34: Wells Fargo will provide supplemental responses to these requests.

### DOCUMENT REQUESTS:

Your various letters seem to suggest that Wells Fargo has produced only 8 pages; this is incorrect. To date, 93 documents have been produced, 84 of which were produced in its initial disclosures. These documents are responsive to a many of your 78 requests for documents. The Federal Rules of Civil Procedure require a responding party to produce the documents "as they are kept in the usual course of business." (Fed. R. Civ. P. 34(b)(2)(E)(i).) Wells Fargo has produced documents in accordance with this rule and is not required, as you have suggested, to identify which documents are responsive to which request.

Wells Fargo has produced all documents responsive to those requests to the extent they are not objected to. For example, request No 20 requests "all documents or computer screens which set forth or demonstrate all the account information that you are currently reporting about plaintiff." Documents responsive to this request were produced with Wells Fargo's initial disclosures, including but not limited to the document identified as bates number WFF/RH 0001. As Wells Fargo continues to investigate this action, it will of course abide by its duties under the Federal Rules of Civil Procedure to supplement and correct discovery responses, including producing any additional responsive documents. (Fed. R. Civ. P. 26(e).)

However, there remain numerous requests which Wells Fargo cannot determine how to respond, other than objecting to the request. For example, for requests No.'s 3, 26-34, 36-51, 59-64, 67-70, and 73-78 Wells Fargo objected as overbroad, vague, and ambiguous because they

Severson
&Werson
A Professional Corporation

Ron Bochner, Esq.
May 14, 2008
Page 3

failed to describe the document with reasonable particularity. Under rule 34(b) of the Federal Rules of Civil Procedure, a request for production of documents must describe the documents requested with "reasonable particularity". The test for reasonable particularity is whether the request places the party upon "reasonable notice of what is called for and what is not." (*Kidwiler v. Progressive Paloverde Ins. Co.*, (ND WV 2000) 192 FRD 193, 202); citing (*Parsons v. Jefferson-Pilot Corp.*, (M.D.N.C., 1992) 141 F.R.D. 408, 412.) These requests are so overbroad as drafted that Wells Fargo cannot determine how to respond. The scope of these requests is so broad that production of all documents that might fall within that scope would be unduly burdensome give the nature of this lawsuit. Furthermore, you have not responded substantively or articulated the relevance to this lawsuit of the requested documents.

Many of your document requests are also so vague and ambiguous that it is impossible for Wells Fargo to determine what documents are sought. For example, No. 5-7 requests documents relating to an "audit" or "audit trail." Wells Fargo cannot determine what "audit" documents you are looking for. Another example is in Request No.'s 22 and 23, which seek documents relating to the "matching algorithm use to correlate specific credit information to a specific individual for the purpose of assembling a report to a consumer reporting agency." Wells Fargo cannot determine from the request what documents you are asking for. You are not entitled to propound vague, imprecise and scattershot discovery requests in the hope that the responding party will divine what you want to know. It is not the responding parties' job to attempt to re-draft your discovery requests in a manner that is more precise and capable of comprehension than yourself were capable of doing.

In sum, notwithstanding your off-handed dismissal of Wells Fargo's objections as "boilerplate," the objections were and are valid. Your letter does not indicate what information and documents you believe should have been disclosed or why you dispute the validity of Wells Fargo's objections. Thus, we can do nothing more than object to those requests until you have identified for us what it is you are seeking. You have indicated that you are knowledgeable about what documents Wells Fargo has that you need. Please let us know what these specific documents are so that if they are responsive and not otherwise objectionable, we will be able to produce them. This is just another reason we should commence a verbal dialogue to resolve these issues and proceed forward with the case.

Pursuant to Civil L.R. 37-1(a) and Judge Laporte's "Order Re Discovery Procedures," you are required to "confer in good faith with opposing counsel in an effort to resolve the dispute without court action." Refusing to confer in person or via telephone because you claim it to be a "waste of time" does not constitute compliance with this requirement. Wells Fargo is making a final attempt though this letter to arrange a conference, via telephone or in person, for us to discuss the discovery issues that remain after this letter.



Ron Bochner, Esq.
May 14, 2008
Page 4


      Please advise us if you would prefer to confer via telephone or in person. Also, please let us know of available dates and times upon which this conference could take place. Once again, if you continue to refuse to confer regarding these issues, our first point in opposing any motion to compel plaintiff might file will be that plaintiff has failed to meet and confer in good faith as required. We look forward to speaking with you.

      Thank you for your consideration.

                                  Very truly yours,

                                  Peter H. Bales

PHB:pb

```
*********************
***  TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO                    0090
RECIPIENT ADDRESS           9180#075150096#15107403699
DESTINATION ID
ST TIME                     05/14 10:30
TIME USE                    02'05
PAGES SENT                  5
RESULT                      OK
```

# Severson & Werson

### A Professional Corporation

Peter H. Bales
Attorney
Direct Line: (415) 677-5674
phb@severson.com

One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

## FACSIMILE TRANSMISSION COVER SHEET

IF YOU DO NOT RECEIVE _5_ PAGE(S) (INCLUDING COVER SHEET)
PLEASE CALL Peter H. Bales AT THE NUMBER LISTED ABOVE.

DATE: May 14, 2008           TIME: 11:23 AM           Sent By: Angelina Thompson
                                                     Legal Secretary to Peter H. Bales

|          |                        | **FAX #**       | **PHONE #**    |
|----------|------------------------|-----------------|----------------|
| TO:      | Ron K. Bochner, Esq.   | (510) 740-3699  | (408) 200-9890 |
| FROM:    | Peter H. Bales         |                 |                |
| RE:      | Howard v. Wells Fargo Financial Missouri, Inc. | | |

**CLIENT NAME/NUMBER:** 07515.0096
**SENDER'S ID NUMBER:**   9180

MESSAGE:

Please see correspondence dated May 14, 2008.