**EXHIBIT J**

DONALD J. QUERIO (State Bar No. 54367)
djq@severson.com
MARK D. LONERGAN (State Bar No. 143622)
mdl@severson.com
PETER H. BALES (State Bar No. 251345)
phb@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
WELLS FARGO FINANCIAL
ACCEPTANCE MISSOURI, INC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HOWARD, | Case No.: CO7-05881 EDL |
| Plaintiff, | **WELLS FARGO'S SUPPLEMENTAL RESPONSE TO RICHARD HOWARD'S FIRST SET OF REQUESTS FOR ADMISSION** |
| vs. | |
| WELLS FARGO FINANCIAL ACCEPTANCE, WELLS FARGO AUTO FINANCE, INC., WELLS FARGO FINANCIAL CAR, LLC, and DOES 1-50, | |
| Defendants. | |
| | Complaint Date: November 20, 2007 |

PROPOUNDING PARTY:     Plaintiff RICHARD HOWARD

RESPONDING PARTY:     Defendant WELLS FARGO FINANCIAL ACCEPTANCE MISSOURI, INC.

SET NUMBER:     ONE

Pursuant to Federal Rules of Civil Procedure, Wells Fargo Financial Acceptance Missouri, Incorporated ("Wells Fargo") responds to plaintiff Richard Howard's first set of requests for admission as follows:

**EXHIBIT "J"**

07515/0096/661339.3

1 | REQUEST NO. 1:

2 |     ADMIT that Plaintiff has never been personally liable for Wells Fargo Financial

3 | Acceptance, Inc. account number 5382580.

4 | RESPONSE TO REQUEST NO. 1:

5 |     Wells Fargo admits the allegations contained in this request.

6 | REQUEST NO. 2:

7 |     ADMIT that Plaintiff has never been personally liable for Wells Fargo Financial

8 | Acceptance, Inc. account number 50237593.

9 | RESPONSE TO REQUEST NO. 2:

10 |     Wells Fargo admits the allegations contained in this request.

11 | REQUEST NO. 3:

12 |     ADMIT that you made a mistake in 2007 when you verified to Trans Union that Plaintiff

13 | was personally liable to you on any account.

14 | RESPONSE TO REQUEST NO. 3:

15 |     Wells Fargo objects to this request to the extent it seeks information that is neither

16 | relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Wells Fargo

17 | further objects to this request as overbroad, vague and ambiguous as to the term "personally

18 | liable."   Subject to these objections, Wells Fargo denies that it verified the account.

19 | REQUEST NO. 4:

20 |     ADMIT that you did not make a mistake in 2007 when you verified to Trans Union that

21 | Plaintiff was personally liable to you on an account.

22 | RESPONSE TO REQUEST NO. 4:

23 |     Wells Fargo objects to this request to the extent it seeks information that is neither

24 | relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Wells Fargo

25 | further objects to this request as overbroad, vague and ambiguous as to the term "personally

26 | liable."   Subject to these objections, Wells Fargo denies that it verified the account.

27 |

28 |

07515/0096/661339.3

Case No.:  CO7-05881 EDL

1  REQUEST NO. 5:

2      ADMIT that you intended your actions in 2006 and 2007 when you reported to Trans

3  Union that Plaintiff was personally liable to you on an account.

4  RESPONSE TO REQUEST NO. 5.

5      Wells Fargo objects to this request to the extent it seeks information that is neither

6  relevant nor reasonably calculated to lead to the discovery of admissible evidence. Wells Fargo

7  further objects to this request as overbroad, vague and ambiguous as to the term "you intended

8  your actions."

9  REQUEST NO. 6:

10      ADMIT that you did not intend your actions in 2006 and 2007 when you reported to Trans

11  Union that Plaintiff was personally liable to you on an account.

12  RESPONSE TO REQUEST NO. 6.

13      Wells Fargo objects to this request to the extent it seeks information that is neither

14  relevant nor reasonably calculated to lead to the discovery of admissible evidence. Wells Fargo

15  further objects to this request as overbroad, vague and ambiguous as to the term "you did not

16  intend your actions."

17  REQUEST NO. 7:

18      ADMIT that the investigation you performed in 2007 regarding Plaintiff was

19  accomplished as you intended.

20  RESPONSE TO REQUEST NO. 7.

21      Wells Fargo objects to this request to the extent it seeks information that is neither

22  relevant nor reasonably calculated to lead to the discovery of admissible evidence. Wells Fargo

23  further objects to this request as overbroad, vague and ambiguous as to the term "as you

24  intended."

25  REQUEST NO. 8:

26      ADMIT that the investigation you performed in 2007 regarding Plaintiff was not

27  accomplished as you intended.

28

- 3 -

1  RESPONSE TO REQUEST NO. 8

2        Wells Fargo objects on the grounds that this request is vague and ambiguous. Wells

3  Fargo further objects to this request as overbroad, vague and ambiguous as to the term "as you

4  intended."

5  REQUEST NO. 9:

6        ADMIT that the investigation you performed in 2007 regarding Plaintiff was

7  accomplished in accordance with your standard or official investigation procedures and policies.

8  RESPONSE TO REQUEST NO. 9:

9        Wells Fargo objects to this request to the extent it seeks information that is neither

10  relevant nor reasonably calculated to lead to the discovery of admissible evidence. Wells Fargo

11  further objects to this request as overbroad, vague and ambiguous as to the term "standard or

12  official investigation procedures in policies." Subject to and without waiving these objections,

13  Wells Fargo currently lacks sufficient information to admit or deny this request.

14  REQUEST NO. 10:

15        ADMIT that the investigation you performed in 2007 regarding Plaintiff was not

16  accomplished in accordance with your standard or official investigation procedures and policies.

17  RESPONSE TO REQUEST NO. 10:

18        Wells Fargo objects to this request to the extent it seeks information that is neither

19  relevant nor reasonably calculated to lead to the discovery of admissible evidence. Wells Fargo

20  further objects to this request as overbroad, vague and ambiguous as to the term "standard or

21  official investigation procedures in policies." Subject to and without waiving these objections,

22  Wells Fargo currently lacks sufficient information to admit or deny this request.

23  REQUEST NO. 11:

24        ADMIT that the investigation procedures and policies for compliance with the FCRA

25  which you had in place in 2007 did not permit your investigating employees to examine original

26  documents during or for such investigation.

27

28

- 4 -

1  RESPONSE TO REQUEST NO. 11

2        Wells Fargo objects to this request to the extent it seeks information that is neither

3  relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to

4  these objections, Wells Fargo denies the allegations contained in this request.

5  REQUEST NO. 12:

6        ADMIT that the investigation procedures and policies for compliance with the FCRA

7  which you had in place in 2007 did not require your investigating employees to examine original

8  documents during or for such investigation.

9  RESPONSE TO REQUEST NO. 12:

10        Wells Fargo objects to this request to the extent it seeks information that is neither

11  relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to

12  these objections, Wells Fargo admits the allegations in this request.

13  REQUEST NO. 13:

14        ADMIT that your Net Worth is in excess of $1 Billion.

15  RESPONSE TO REQUEST NO. 13:

16        Wells Fargo objects to this request on the grounds that it seeks confidential documents.

17  Wells Fargo objects to this request to the extent it seeks information that is neither relevant nor

18  reasonably calculated to lead to the discovery of admissible evidence.  Wells Fargo further

19  objects to this request as overbroad, vague and ambiguous.

20  REQUEST NO. 14:

21        ADMIT that your Net Worth is in excess of $500 Million.

22  RESPONSE TO REQUEST NO. 14:

23        Wells Fargo objects to this request on the grounds that it seeks confidential documents.

24  Wells Fargo objects to this request to the extent it seeks information that is neither relevant nor

25  reasonably calculated to lead to the discovery of admissible evidence.  Wells Fargo further

26  objects to this request as overbroad, vague and ambiguous.

27  REQUEST NO. 15:

28        ADMIT that your Net Worth is in excess of $200 Million..

07515/0096/661339.3

Case No.:  C07-05881 EDL

1    RESPONSE TO REQUEST NO. 15

2        Wells Fargo objects to this request on the grounds that it seeks confidential documents.

3    Wells Fargo objects to this request to the extent it seeks information that is neither relevant nor

4    reasonably calculated to lead to the discovery of admissible evidence.  Wells Fargo further

5    objects to this request as overbroad, vague and ambiguous.

6    REQUEST NO. 16:

7        YOU are a "furnisher of information" as that term is described in the Fair Credit

8    Reporting Act ("FCRA"), 15 U.S.C. § 1681-s2.

9    RESPONSE TO REQUEST NO. 16:

10       Wells Fargo admits the allegations contained in this request.

11   REQUEST NO. 17:

12       YOU are a "person" as that term is defined in the Fair Credit Reporting Act ("FCRA"), 15

13   U.S.C. § 1681a.

14   RESPONSE TO REQUEST NO. 17

15       Wells Fargo denies the allegations contained in this request.

16   REQUEST NO. 18:

17       YOU published an account to Trans Union, L.L.C. ("Trans Union"), Experian Information

18   Solutions, Inc. ("Experian") and Equifax Credit Information Solutions ("Equifax") within the two

19   year period prior to the filing of this action.

20   RESPONSE TO REQUEST NO. 18:

21       Wells Fargo objects to the term "published" as vague and ambiguous within the context of

22   this litigation and on the grounds that this request is vague and ambiguous.

23   REQUEST NO. 19:

24       YOU published an account as belonging to the plaintiff.

25   RESPONSE TO REQUEST NO. 19:

26       Wells Fargo objects to the term "published" as vague and ambiguous within the context of

27   this litigation and on the grounds that this request is vague and ambiguous.  Wells Fargo objects

28

- 6 -

1    on the grounds that the term "an account" is vague and ambiguous because there is more than one

2    account involved in this action and the action that preceded it

3    REQUEST NO. 20:

4        The information that YOU published about an account belonging to plaintiff was adverse

5    credit information that negatively reflects upon plaintiff's credit history

6    RESPONSE TO REQUEST NO. 20:

7        Wells Fargo objects to the term "published" as vague and ambiguous within the context of

8    this litigation and on the grounds that this request is vague and ambiguous.

9    REQUEST NO. 21:

10        YOU reported that plaintiff was in default on an account at one or more times.

11    RESPONSE TO REQUEST NO. 21:

12        Wells Fargo objects on the grounds that the term "an account" is vague and ambiguous

13    because there is more than one account involved in this action and the action that preceded it.

14    Subject to these objections, Wells Fargo admits the allegations in this request.

15    REQUEST NO. 22:

16        YOU reported that plaintiff was delinquent on an account at one or more times.

17    RESPONSE TO REQUEST NO. 22:

18        Wells Fargo objects on the grounds that the term "an account" is vague and ambiguous

19    because there is more than one account involved in this action and the action that preceded it.

20    Subject to these objections, Wells Fargo admits the allegations in this request.

21    REQUEST NO. 23:

22        YOU were notified by Trans Union that plaintiff had disputed the information about an

23    account in 2007.

24    RESPONSE TO REQUEST NO. 23:

25        Wells Fargo objects on the grounds that the term "an account" is vague and ambiguous

26    because there is more than one account involved in this action and the action that preceded it.

27    Subject to these objections, Wells Fargo admits that it was contacted by Trans Union regarding

28    account number ****7593.

1    REQUEST NO. 24:

2        YOU received one or more CDV form(s) from Trans Union regarding the plaintiff and an

3    account in 2007.

4    RESPONSE TO REQUEST NO. 24:

5        Wells Fargo objects on the grounds that the term "an account" is vague and ambiguous

6    because there is more than one account involved in this action and the action that preceded it.

7    Subject to these objections, Wells Fargo admits that it received a CDV form from Trans Union

8    regarding account number ****7593.

9    REQUEST NO. 25:

10       In response to the CDV forms that YOU received from Trans Union in 2007, YOU

11   conducted an investigation of plaintiff's dispute within thirty (30) days of YOUR receipt of the

12   CDV form(s).

13   RESPONSE TO REQUEST NO. 25:

14       Wells Fargo admits the allegations in this request.

15   REQUEST NO. 26:

16       YOUR employees who participated in investigating plaintiff's 2007 dispute and

17   completing CDV forms verified the information about an account.

18   RESPONSE TO REQUEST NO. 26:

19       Wells Fargo objects on the grounds that the term "an account" is vague and ambiguous

20   because there is more than one account involved in this action and the action that preceded it.

21   Subject to these objections, Wells Fargo denies that it verified the account.

22   REQUEST NO. 27:

23       YOUR employees sent Trans Union CDV forms that indicated that YOU had conducted

24   an investigation and verified the information about an account as accurate in 2007.

25   RESPONSE TO REQUEST NO. 27:

26       Wells Fargo objects on the grounds that the term "an account" is vague and ambiguous

27   because there is more than one account involved in this action and the action that preceded it.

28   Subject to these objections, Wells Fargo denies that it verified the account.

- 8 -

1  REQUEST NO. 28:

2      YOUR employees never telephoned the plaintiff to verify or question the accuracy of

3  plaintiff's 2007 dispute.

4  RESPONSE TO REQUEST NO. 28:

5      Wells Fargo objects to the term "dispute" as vague and ambiguous within the context of

6  this litigation and on the grounds that this request is vague and ambiguous.  Subject to these

7  objections, Wells Fargo currently lacks sufficient knowledge to admit or deny this request.

8  REQUEST NO. 29:

9      YOUR employees who participated in investigating plaintiff's 2007 dispute never sent

10  any written correspondence to any credit reporting agency other than a CDV form to verify the

11  accuracy of the information that it had reported about an account.

12  RESPONSE TO REQUEST NO. 29:

13      Wells Fargo objects on the grounds that the term "an account" is vague and ambiguous

14  because there is more than one account involved in this action and the action that preceded it.

15  Subject to these objections, Wells Fargo currently lacks sufficient knowledge to admit or deny

16  this request.

17  REQUEST NO. 30:

18      YOUR employees who participated in investigating plaintiff's 2007 dispute never sent

19  any written correspondence to any other person or party other than a credit reporting agency to

20  verify the accuracy of the information that defendant had reported about an account.

21  RESPONSE TO REQUEST NO. 30:

22      Wells Fargo objects on the grounds that the term "an account" is vague and ambiguous

23  because there is more than one account involved in this action and the action that preceded it.

24  Subject to these objections, Wells Fargo currently lacks sufficient knowledge to admit or deny

25  this request.

26

27

28

- 9 -

1  REQUEST NO. 31:

2       As part of their job duties, the employees who participated in investigating plaintiff's

3  2007 dispute were required to perform a certain number of investigations within a specified time

4  period as established by YOU.

5  RESPONSE TO REQUEST NO. 31:

6       Wells Fargo objects to the term "investigations" as vague and ambiguous within the

7  context of this litigation and on the grounds that this request is vague and ambiguous. Subject to

8  these objections, Wells Fargo denies the allegations in this request.

9  REQUEST NO. 32:

10      As part of their job duties, the employees who participated in investigating plaintiff's 2007

11  dispute were required to perform a certain number of investigations of consumer disputes per

12  hour as established by YOU.

13  RESPONSE TO REQUEST NO. 32:

14      Wells Fargo objects to the term "investigations" as vague and ambiguous within the

15  context of this litigation and on the grounds that this request is vague and ambiguous. Subject to

16  these objections, Wells Fargo denies the allegations in this request.

17  REQUEST NO. 33:

18      YOU have written procedures regarding the investigation of consumer credit report

19  disputes.

20  RESPONSE TO REQUEST NO. 33:

21      Wells Fargo objects to the term "written procedures" as vague and ambiguous within the

22  context of this litigation and on the grounds that this request is vague and ambiguous. Subject to

23  these objections, Wells Fargo admits the allegations in this request.

24  REQUEST NO. 34:

25      YOU have written procedures to assure the compliance with and avoid violation of 15

26  U.S.C. § 1681-s2.

27

28

- 10 -

RESPONSE TO REQUEST NO. 34:

Wells Fargo objects to the term "written procedures" as vague and ambiguous within the context of this litigation and on the grounds that this request is vague and ambiguous. Subject to these objections, Wells Fargo admits the allegations in this request.

REQUEST NO. 35:

YOU did not remove an account from plaintiff's credit file within thirty days (30) after being notified by Trans Union that plaintiff disputed information being reported about the account in 2007.

RESPONSE TO REQUEST NO. 35:

Wells Fargo admits this request.

REQUEST NO. 36:

At no time during the course of YOUR 2007 investigation in this matter did any of YOUR employees ever request that plaintiff provide documents corroborating plaintiff's disputes.

RESPONSE TO REQUEST NO. 36:

Wells Fargo objects to the term "documents" as vague and ambiguous within the context of this litigation and on the grounds that this request is vague and ambiguous. Subject to these objections, Wells Fargo currently lacks sufficient knowledge to admit or deny this request.

REQUEST NO. 37:

At no point during the course of any of its 2007 investigation did any of YOUR employees examine any records of an account.

RESPONSE TO REQUEST NO. 37:

Wells Fargo denies the allegations in this request.

REQUEST NO. 38:

The reason why the account number 50237593 was on plaintiff's credit report was that it had a different account number due to a computer system conversion.

RESPONSE TO REQUEST NO. 38:

Wells Fargo admits the allegation in this request.

- 11 -

1   REQUEST NO. 39:

2         The reason why the account number 50237593 was on plaintiff's credit report was a result

3   of a computer glitch.

4   RESPONSE TO REQUEST NO. 39:

5         Wells Fargo objects on the grounds that the term "computer glitch" is vague and

6   ambiguous.  Subject to and without waiving this objection, Wells Fargo admits the allegations in

7   this request.

8

9   DATED: _May 24_, 2008              SEVERSON & WERSON
                                       A Professional Corporation
10

11
                                       By _____
12                                             Peter H. Bales

13                                     Attorneys for Defendant
                                       WELLS FARGO FINANCIAL ACCEPTANCE
14                                     MISSOURI, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 12 -

CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action.  I am employed in the City of San Francisco, California; my business address is Severson & Werson, One Embarcadero Center, Suite 2600, San Francisco, CA  94111.

On the date below I served a copy, with all exhibits, of the following document(s):

**WELLS FARGO'S SUPPLEMENTAL RESPONSE TO RICHARD HOWARD'S FIRST SET OF REQUESTS FOR ADMISSION**

on all interested parties in said case addressed as follows:

LAW OFFICE OF RON BOCHNER          *Attorney for Plaintiff*
Ron K. Bochner
3333 Bowers Avenue, Suite 130
Santa Clara, CA  95054
Phone: (408) 200-9890
Fax (510) 740-3699
*Email:robolaw@justice.com*

☒ **(BY MAIL)**  By placing the envelope for collection and mailing following our ordinary business practices.  I am readily familiar with the firm's practice of collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in San Francisco, California in sealed envelopes with postage fully prepaid.

☐ **(BY HAND)**  By placing the documents in an envelope or package addressed to the persons listed above and providing them to a professional messenger service for delivery.

☐ **(BY FEDERAL EXPRESS)**  By depositing copies of the above documents in a box or other facility regularly maintained by Federal Express with delivery fees paid or provided for.

☐ **(BY EXPRESS MAIL)**  By placing the above documents in the United States mail for Express Mail delivery at One Embarcadero Center, Suite 2600, San Francisco, CA  94111, in a sealed envelope addressed as above, with Express Mail postage thereon fully prepaid.

☐ **(BY FAX)**  By use of facsimile machine telephone number (415) 956-0439, I faxed a true copy to the addressee(s) listed above at the facsimile number(s) noted after the party's address.  The transmission was reported as complete and without error.

☒ **(BY ELECTRONIC SERVICE)**  Pursuant to CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities.  The Court's CM/ECF system sends an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's EMC/ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  This declaration is executed in San Francisco, California, on May 28, 2008.

Angelina Thompson

07515/0096/661339.3

CERTIFICATE OF SERVICE
CASE NO.: C07-05881 EDL