# EXHIBIT I

Case 3:07-cv-05881-EDL    Document 42-2    Filed 06/24/2008    Page 1 of 4



# Severson
# &Werson

A Professional Corporation

Mark D. Lonergan
Attorney
mdl@severson.com

One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

May 14, 2008

***VIA FACSIMILE AND FIRST CLASS MAIL***

Ron Bochner, Esq.
Law Offices of Ron Bochner
3333 Bowers Ave., Suite 130
Santa Clara, CA 95054

  Re: *Howard v. Wells Fargo Financial Missouri, Inc., et al.*
    United States District Court, Northern District of California, Case No. C07-05881

Dear Mr. Bochner:

  This letter is the latest (and, presumably, final) letter which we are sending you as part of the Wells Fargo defendants' efforts to meet and confer with respect to plaintiff's outstanding discovery request. It will briefly recap the history of Wells Fargo's meet and confer efforts, outlining where we believe the process broke down, and will make a final attempt at avoiding a motion to compel. Should you have a change of heart and wish to confer reasonably in an effort to resolve our remaining disputes, we will make ourselves available to you at your convenience to discuss these issues in a professional and courteous manner.

  In what should be a simple case, where plaintiff has sued Wells Fargo for a single alleged FCRA violation but alleges no out-of-pocket damages—plaintiff served 78 document requests, 39 requests for admissions and 6 interrogatories on Wells Fargo. Wells Fargo served timely responses, providing what information it had been able to gather and what responsive documents it had been able to locate in the time allotted, as plaintiff declined Wells Fargo's request for an extension of time to respond. As set forth in the responses themselves, Wells Fargo found many of the requests to be overbroad, and vague and ambiguous; indeed, in many instances it was impossible to determine what it is plaintiff is looking for, and whether the requested information is relevant to his case. Wells Fargo asserted this and other objections in its responses to the individual requests, as it was required to do.

  In response, you sent us an April 28 letter in which you (1) dismissed all of Wells Fargo's objections as "boilerplate," (2) failed to address any objections to any of the requests, and (3) asserted that Wells Fargo had "waived" its objections to all of the requests pursuant to the case of *Burlington Northern v. USCD*, 408 F.3d 1142 (9th Cir. 2005), because it did not provide a

Severson
&Werson
A Professional Corporation

Ron Bochner, Esq.
May 14, 2008
Page 2

narrative explanation of each objection. Shortly thereafter, you sent a similar (though shorter) letter to Magistrate Judge Laporte complaining that Wells Fargo had not provided proper discovery responses, purportedly pursuant to the Court's Standing Order Re Discovery, ¶9.

    We responded to that letter by setting forth our belief that plaintiff is required to confer with us in a reasonable and good faith effort to resolve our discovery disputes; this obligation to confer is set forth in FRCP Rule 37, Local Rule 37-1(a) and ¶1 of the Court's Standing Order Re Discovery. It was Wells Fargo's hope and expectation that the over-breadth and lack of clarity affecting many of the requests could be resolved through a conference in which you clarified what it is plaintiff is seeking. Likewise, it was our hope and expectation that many of Wells Fargo's objections could be resolved through this meet and confer process, avoiding the need for a motion to compel by culmination of (1) plaintiff verifying a particular request, (2) Wells Fargo withdrawing an objection, or (3) plaintiff withdrawing that request. We sent you an email on May 5 and a letter on May 7 reminding you of your obligation to confer in an attempt to resolve these issues, and you sent us a letter on May 9 repeatedly asserting your position that plaintiff had no such obligation.

    This morning we sent you a letter providing you with a further explanation of the difficulties we had with many of plaintiff's discovery requests, and giving examples of the various respects in which these requests were overbroad, unclear, or objectionable for other reasons. At 1:00 p.m. today, my associate Peter Bales and I had a conference call with you—a call which you finally agreed to this morning after our numerous letters asserting that you are obligated to confer with us.

    Our conference call began at 1:00 p.m. and ended at 1:29 p.m., when we ended the call in the face of the parties' obvious inability to make any progress in resolving any of these issues. Throughout the call we attempted to discuss individual requests, including what it is plaintiff is seeking, whether the request could be clarified or narrowed, the basis for Wells Fargo's objections, and whether plaintiff would be willing to clarify, withdraw or narrow discovery requests to address those objections. You repeatedly asserted during that conference call that all of Wells Fargo's objections were boilerplate, that none of them had any merit, that all of plaintiff's discovery requests were clear and understandable, that none of them were overbroad or difficult to understand, etc. You refused to narrow, clarify or withdraw even one request. You repeatedly told us that Wells Fargo's objections were all waived. You complained that the letter we sent you earlier that morning did not address every one of the discovery requests in dispute, and you took the position that you should not be required to discuss each individual requests in our conference.

    Fairly early on in our conference call—and during its entirety—you demeanor became condescending, unyielding and unproductive, at least in our view. You repeatedly interrupted us. You stated that your discovery requests were all clear and understandable, and you asked both Mr. Bales and myself (at different points in the conversation) whether we could read. Each time

07515/0096/671125.1

Severson
&Werson
A Professional Corporation

Ron Bochner, Esq.
May 14, 2008
Page 3

we explained that we thought a particular request was unclear, you simply read it to us again, at one point asking Mr. Bales whether he needed you to read a request to him for a third time. At that point, I told you that I found your approach to be condescending, that I had reached the conclusion that the conference would not be productive, and that we were going to end the conference call.

It appears to Wells Fargo that plaintiff was always intent upon filing a motion to compel, and never had any serious interest in conferring to resolve discovery disputes short of a motion to compel. It is our position that plaintiff has not met and conferred "reasonably" and "in good faith," and we will certainly assert that position in opposition to any motion to compel which plaintiff may choose to file.

As we agreed in our conference call, Wells Fargo will provided amended responses to certain of these discovery requests within two weeks of today, or by May 28, 2008.

Very truly yours,

*/s/ PHB on behalf of*

Mark D. Lonergan

MDL:psc

07515/0096/671125.1