1  DONALD J. QUERIO (State Bar No. 54367)
   djq@severson.com
2  MARK D. LONERGAN (State Bar No. 143622)
   mdl@severson.com
3  PETER H. BALES (State Bar No. 251345)
   phb@severson.com
4  SEVERSON & WERSON
   A Professional Corporation
5  One Embarcadero Center, Suite 2600
   San Francisco, CA 94111
6  Telephone: (415) 398-3344
   Facsimile: (415) 956-0439
7

8  Attorneys for Defendant
   WELLS FARGO FINANCIAL
   ACCEPTANCE MISSOURI, INC.
9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12

13  RICHARD HOWARD,                    Case No.: C O7-05881 EDL

14          Plaintiff,                 **DEFENDANT WELLS FARGO
                                        FINANCIAL ACCEPTANCE**
15      vs.                            **MISSOURI, INC.'S STATEMENT OF
                                        DISCOVERY IN DISPUTE AND**
16  WELLS FARGO FINANCIAL             **REASONS NOT TO COMPEL
    ACCEPTANCE, WELLS FARGO AUTO       FURTHER RESPONSE**
17  FINANCE, INC., WELLS FARGO
    FINANCIAL CAR, LLC, and DOES 1-50,
18
            Defendants.                Complaint Date: November 20, 2007
19

20

21

22

23

24

25

26

27

28

1  DefendantWellsFargoFinancialMissouri,Inc.("W    ellsFargo")submitsthisStatementof

2  DiscoveryinDisputeandReasonsNottoCompelFurt    herResponseinoppositiontoplaintiff's

3  motiontocompelfurtherresponses.

4  **REQUESTSFORPRODUCTIONOFDOCUMENTS**

5  REQUESTFORPRODUCTIONNO.1:

6  Anyandalldocumentsorotherrecordingsevidencin    g,constitutingorreferringtoyour

7  policiesandproceduresinthecare,supervision,d    irection,custodyandcontrolofanydocuments

8  soughtbythisrequestfordocuments.

9  RESPONSETOREQUESTFORPRODUCTIONNO.1:

10  WellsFargoagreestoproduceallresponsivedocume    ntsrelatingtoitsrecordretention

11  policies.

12  *REASONWHYFURTHERRESPONSESSHOULDNOTBECOMPELLE    D:*

13  WellsFargoagreedtoproducedocumentsresponsive    tothisrequest.Aspermittedunder

14  Fed.R.Civ.P.34(b)(2)(E)(i),WellsFargohaspro    duceddocuments"astheyarekeptintheusual

15  courseofbusiness."

16  REQUESTFORPRODUCTIONNO.2:

17  Copiesofeachandeverydocumentwhichinanyway    referencesthecorresponding

18  accountnumbers,orwhichotherwisereferencesPlai    ntiffand/oranyofhispersonalidentifiers

19  otherthanhisname,withinfouryearsofthefilin    gofthecomplaintinthismatter.

20  a)    "WellsFargo"AccountNos.50237044183919001and    /or5023704418391;and

21  53825and/or5382580.

22  RESPONSETOREQUESTFORPRODUCTIONNO.2:

23  WellsFargoagreestoproduceallresponsivedocume    ntsrelatingtotheaccounts

24  mentionedabove.

25  *REASONWHYFURTHERRESPONSESSHOULDNOTBECOMPELLE    D:*

26  WellsFargoagreedtoproducedocumentsresponsive    tothisrequest.Aspermittedunder

27  Fed.R.Civ.P.34(b)(2)(E)(i),WellsFargohaspro    duceddocuments"astheyarekeptintheusual

28  courseofbusiness."

REQUEST FOR PRODUCTION NO. 4:

Copies of any statements you have taken or received from any third person in any way connected with this action, including, but not limited to, TransUnion, its attorneys and other agents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

Wells Fargo objects that compliance with this request would be oppressive and burdensome. Wells Fargo objects to this request to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Wells Fargo further objects to this request as overbroad, vague and ambiguous. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b).

*REASON WHY FURTHER RESPONSES SHOULD NOT BE COMPELLED:*

This request is vague and ambiguous, and plaintiff has failed describe the documents requested with "reasonable particularity." Fed. R. Civ. P. (34)(b). It is unclear whether plaintiff is merely seeking the production of formal witness statements (there are none) or whether he intends the request to reach any communication with TransUnion that might be considered "connected to this action;" for example, agreements or communications between those parties about their business relationship in general, but which may be deemed to relate in some way to this action.

Wells Fargo did not waive its objections, but timely asserted them. *Burlington Northern* does not require a responding party to provide a narrative description of the reasons why it is asserting a particular objection in order to preserve that objection. Plaintiff's own refusal to discuss and clarify individual requests, and to meet and confer reasonably and in good faith, precluded Wells Fargo from explaining its objections and prevented the resolution of this issue without court intervention. Furthermore, plaintiff has failed to *detail the basis* for plaintiff's contention that he is entitled to the requested discovery. Civ. L. R. 37-2; emphasis added.

REQUEST FOR PRODUCTION NO. 5:

All documents showing an auditor review by you of practices to determine compliance with 15 U.S.C. §l681s-2(a).

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

2      Wells Fargo objects that compliance with this request would be oppressive and

3  burdensome. Wells Fargo objects to this request to the extent it seeks information that is neither

4  relevant nor reasonably calculated to lead to the discovery of admissible evidence. Wells Fargo

5  objects to this request to the extent it expressly or impliedly seeks information protected from

6  discovery by the attorney-client privilege, the attorney work product doctrine, the self-critical

7  analysis privilege, and the bank examination privilege. Wells Fargo further objects to this request

8  as overbroad, vague and ambiguous. As drafted this request fails to describe the documents

9  requested with "reasonable particularity." Fed. R. Civ. P. 34(b).

10 *REASON WHY FURTHER RESPONSES SHOULD NOT BE COMPELLED:*

11     The request is ambiguous, overbroad, and not reasonably calculated to lead to the

12 discovery of admissible evidence.

13     Neither "audit" nor "review" is defined, and plaintiff refused to provide clarification

14 during the truncated "meet and confer" process. This Court has already held that plaintiff has no

15 private cause of action for violation of 15 U.S.C. §1681s-2(a). *Howard v. Blue Ridge Bank, et al.*,

16 371 F.Supp.2d 1139, 1147 (N.D.Ca. 2005). The event sat issue in plaintiff's second lawsuit took

17 place in 2007, but this request covers a five year period. "Audits" or "reviews" of Wells Fargo's

18 practices with respect to handling of other credit reporting disputes are not relevant to the

19 question of whether Wells Fargo handled this dispute appropriately, or whether its actions

20 concerning plaintiff were "willful." Plaintiff has not satisfied his obligation to affirmatively show

21 that the requested documents are relevant, *Vardon Golf Co., Inc. v. BBMG Golf, Ltd.*, 156 F.R.D.

22 641, 651 (N.D.Il. 1994), and that the request is not unreasonably cumulative or duplicative. Civ.

23 L.R. 37-2; Fed. R. Civ. P. 26(b)(2)(C). Furthermore, plaintiff has failed to *detail the basis* for

24 plaintiff's contention that he is entitled to the requested discovery. Civ. L.R. 37-2; emphasis

25 added.

26     Wells Fargo did not waive its objections by not explaining them in its responses, and it

27 should not be required to provide a privilege log until the Court rules on the permissible scope of

28 discovery. *U.S. v. Philip Morris Inc.*, 347 F.3d 951, 954 (D.C. Cir. 2003).

-4-

REQUEST FOR PRODUCTION NO. 6:

All documents showing an audit or review by you of practices to determine compliance with 15 USC section 1681s-2(b).

RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

Wells Fargo objects that compliance with this request would be oppressive and burdensome. Wells Fargo objects to this request to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Wells Fargo objects to this request to the extent it expressly or impliedly seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the self-critical analysis privilege, and the bank examination privilege. Wells Fargo further objects to this request as overbroad, vague and ambiguous. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed.R. Civ.P.34(b).

*REASON WHY FURTHER RESPONSES SHOULD NOT BE COMPELLED:*

The request is ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence.

Neither "audit" nor "review" is defined, and plaintiff refused to provide clarification during the truncated "meet and confer" process. The events at issue in plaintiff's second lawsuit took place in 2007, but this request covers a five year period. "Audits" or "reviews" of Wells Fargo's practices with respect to handling of other credit reporting disputes are not relevant to the question of whether Wells Fargo handled this dispute appropriately, or whether its actions concerning plaintiff were "willful." Plaintiff has not satisfied his obligation to affirmatively show that the requested documents are relevant, *Vardon Golf Co., Inc. v. BBMG Golf, Ltd.*, 156 F.R.D. 641, 651 (N.D.Il. 1994), and that the request is not unreasonably cumulative or duplicative. Civ. L.R. 37-2; Fed.R.Civ.P.26(b)(2)(C). Furthermore, plaintiff has failed to *detail the basis* for plaintiff's contention that he is entitled to the requested discovery. Civ. L.R. 37-2; emphasis added.

1   Wells Fargo did not waive its objections by not explaining them in its responses, and it

2   should not be required to provide a privilege log until the Court rules on the permissible scope of

3   discovery. *U.S. v. Philip Morris Inc.*, 347 F.3d 951, 954 (D.C. Cir. 2003).

4   REQUEST FOR PRODUCTION NO. 8:

5   Please produce all documents sent to Plaintiff by you in the last two years.

6   RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

7   Wells Fargo agrees to produce all responsive documents sent to plaintiff by Wells Fargo

8   in the last two years.

9   *REASON WHY FURTHER RESPONSES SHOULD NOT BE COMPELLED:*

10  Defendant has produced responsive documents to this request. As permitted under Fed.

11  R. Civ. P. 34(b)(2)(E)(i), Wells Fargo has produced documents "as they are kept in the usual

12  course of business."

13  REQUEST FOR PRODUCTION NO. 9:

14  Please produce all documents sent to you by Plaintiff in the last two years.

15  RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

16  Wells Fargo agrees to produce all responsive documents sent to Wells Fargo by plaintiff

17  in the last two years.

18  *REASON WHY FURTHER RESPONSES SHOULD NOT BE COMPELLED:*

19  Defendant has produced responsive documents to this request. As permitted under Fed.

20  R. Civ. P. 34(b)(2)(E)(i), Wells Fargo has produced documents "as they are kept in the usual

21  course of business."

22  REQUEST FOR PRODUCTION NO. 10:

23  Please produce copies of all of your quarterly profit and loss statements for the past three

24  (3) years.

25  RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

26  Wells Fargo objects that compliance with this request would be oppressive and

27  burdensome. Wells Fargo objects to this request to the extent it seeks information that is neither

28  relevant nor reasonably calculated to lead to the discovery of admissible evidence. Wells Fargo

-6-

1 further objects to this request as overbroad, vague and ambiguous. As drafted this request fails to

2 describe the documents requested with "reasonable particularity." Fed.R.Civ.P.34(b). Subject

3 to and without waiving these objections, Wells Fargo will produce documents responsive to this

4 request.

5 *REASON WHY FURTHER RESPONSES SHOULD NOT BE COMPELLED:*

6 The request is overbroad, and not reasonably calculated to lead to the discovery of

7 admissible evidence.

8 The events at issue in plaintiff's second lawsuit took place in 2007, but this request covers

9 a three year period. Wells Fargo's quarterly profit and loss statements are not relevant to the

10 question of whether Wells Fargo handled this dispute appropriately, or whether its actions

11 concerning plaintiff were "willful." Plaintiff's requests for admissions that seek Wells Fargo's

12 net worth should adequately assure plaintiff of Wells Fargo's "amenability and ability to pay

13 damages." Plaintiff has not satisfied his obligation to affirmatively show that the requested

14 documents are relevant, *Vardon Golf Co., Inc. v. BBMG Golf, Ltd.*, 156 F.R.D. 641, 651 (N.D.Il.

15 1994), and that the request is not unreasonably cumulative or duplicative. Civ.L.R.37-2; Fed.R.

16 Civ.P.26(b)(2)(C). Furthermore, plaintiff has failed to *detail the basis* for plaintiff's contention

17 that he is entitled to the requested discovery. Civ.L.R.37-2; emphasis added.

18 Wells Fargo did not waive its objections, but timely asserted them. *Burlington Northern*

19 does not require a responding party to provide a narrative description of the reasons why it is

20 asserting a particular objection in order to preserve that objection.

21 REQUEST FOR PRODUCTION NO. 11:

22 Please produce copies of all of your current balance sheets and financial statements.

23 RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

24 Wells Fargo objects that compliance with this request would be oppressive and

25 burdensome. Wells Fargo objects to this request to the extent it seeks information that is neither

26 relevant nor reasonably calculated to lead to the discovery of admissible evidence. Wells Fargo

27 further objects to this request as overbroad, vague and ambiguous. As drafted this request fails to

28 describe the documents requested with "reasonable particularity." Fed.R.Civ.P.34(b). Subject

-7-

1  to and without waiving these objections, Wells Fargo will produce documents responsive to this

2  request.

3  *REASON WHY FURTHER RESPONSES SHOULD NOT BE COMPELLED:*

4  The request is overbroad, and not reasonably calculated to lead to the discovery of

5  admissible evidence.

6  Wells Fargo's current balance sheets and financial statements are not relevant to the

7  question of whether Wells Fargo handled this dispute appropriately, or whether its actions

8  concerning plaintiff were "willful." Plaintiff's requests for admissions that seek Wells Fargo's

9  net worth should adequately assure plaintiff of Wells Fargo's "amenability and ability to pay

10  damages." Plaintiff has not satisfied his obligation to affirmatively show that the requested

11  documents are relevant, *Vardon Golf Co., Inc. v. BBMG Golf, Ltd.*, 156 F.R.D. 641, 651 (N.D. Il.

12  1994), and that the request is not unreasonably cumulative or duplicative. Civ. L.R. 37-2; Fed. R.

13  Civ. P. 26(b)(2)(C). Furthermore, plaintiff has failed to *detail the basis* for plaintiff's contention

14  that he is entitled to the requested discovery. Civ. L.R. 37-2; emphasis added.

15  Wells Fargo did not waive its objections, but timely asserted them. *Burlington Northern*

16  does not require a responding party to provide a narrative description of the reasons why it is

17  asserting a particular objection in order to preserve that objection.

18  REQUEST FOR PRODUCTION NO. 12:

19  Please produce all documents evidencing or including data concerning the names,

20  addresses, telephone numbers, current employers and current whereabouts of each and everyone

21  of your employees who performed any credit reporting work regarding Plaintiff.

22  RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

23  Wells Fargo objects to this request on the grounds that it seeks documents protected by

24  Wells Fargo's employees' rights to privacy under the California and United States Constitutions.

25  Wells Fargo objects that compliance with this request would be oppressive and burdensome.

26  Wells Fargo objects to this request to the extent it seeks information that is neither relevant nor

27  reasonably calculated to lead to the discovery of admissible evidence. Wells Fargo further

28

1   objectstothisrequestasoverbroad,vagueandamb       iguous.Asdraftedthisrequestfailsto

2   describethedocumentsrequestedwith"reasonablep       articularity."Fed.R.Civ.P.34(b).

3   *REASONWHYFURTHERRESPONSESSHOULDNOTBECOMPELLE       D:*

4           Therequestisoverbroad,andnotreasonablycalcul       atedtoleadtothediscoveryof

5   admissibleevidence.

6           Initsinitialdisclosuresandinresponsetoanin       terrogatory,WellsFargohasalready

7   providedalistofnamesandcontactinformationof       witnesseslikelytohaveknowledgeofthe

8   factsrelatingtothislawsuit.Thisdocumentrequ       estoverreachestocoverdocumentsthatare

9   protectedbyWellsFargo'semployees'rightstopri       vacy,includingbutnotlimitedtotax

10  documents,incomestatements,andperformanceevalu       ations.Plaintiffhasnotsatisfiedhis

11  obligationtoaffirmativelyshowthattherequested       documentsarerelevant,   *VardonGolfCo.,Inc.*

12  *v.BBMGGolf,Ltd.*   ,156F.R.D.641,651(N.D.Il.1994),andthatthe       requestisnotunreasonably

13  cumulativeorduplicative.Civ.L.R.37-2;Fed.R.       Civ.P.26(b)(2)(C).Furthermore,plaintiffhas

14  failedto *detailthebasis*   forplaintiff'scontentionthatheisentitledtot       herequesteddiscovery.

15  Civ.L.R.37-2;emphasisadded.

16          WellsFargodidnotwaiveitsobjections,butti       melyassertedthem. *BurlingtonNorthern*

17  doesnotrequirearespondingpartytoprovideana       rrativedescriptionofthereasonswhyitis

18  assertingaparticularobjectioninordertopreser       vethatobjection.

19  REQUESTFORPRODUCTIONNO.13:

20          Pleaseproducealldocumentsconstitutingyourenti       recreditfile(s),collectionfile(s)and

21  fraud)investigationfile(s),whichinanywayref       erencesPlaintiff,Plaintiffspersonalidentifiers

22  oranyof)theaccountnumbersassociatedwithPlai       ntiffsidentifiers.

23  RESPONSETOREQUESTFORPRODUCTIONNO.13:

24          WellsFargoagreestoproduceallresponsivedocume       ntstothisrequest.

25  REASONTOCOMPELFURTHERRESPONSE/FINDOBJECTIONSW       AIVED:

26          Despitepromisingtodoso,itisnotclearifWell       sFargohasproducedsuchdocuments.It

27  hadpreviouslyproduceddocumentspursuanttoitsi       nitialdisclosure,butsucharenotsortednor

28

1   identified as required. Defendant did not assert it would or had produced documents as kept in
2   the ordinary course of its business.
3   *REASON WHY FURTHER RESPONSES SHOULD NOT BE COMPELLED:*
4       Defendant has produced responsive documents to this request. As permitted under Fed.
5   R. Civ. P. 34(b)(2)(E)(i), Wells Fargo has produced documents "as they are kept in the usual
6   course of business."
7   REQUEST FOR PRODUCTION NO. 14:
8       Please produce all documents which evidence, constitute and/or address your means,
9   methods or abilities to correctly identify whether a tradeline or former address has been
10  previously reported as incorrect.
11  RESPONSE TO REQUEST FOR PRODUCTION NO. 14:
12      Wells Fargo agrees to produce all responsive documents to this request.
13  REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED:
14      Despite promising to do so, Wells Fargo has failed to produce such documents. It had
15  previously produced documents pursuant to its initial disclosure, but such are not sorted nor
16  identified as required. Defendant did not assert it would or had produced documents as kept in
17  the ordinary course of its business.
18  *REASON WHY FURTHER RESPONSES SHOULD NOT BE COMPELLED:*
19      Defendant has produced responsive documents to this request. As permitted under Fed.
20  R. Civ. P. 34(b)(2)(E)(i), Wells Fargo has produced documents "as they are kept in the usual
21  course of business."
22  REQUEST FOR PRODUCTION NO. 15:
23      Please produce all policy manuals, procedure manuals or other documents, which address
24  your policies, practices or procedures in correcting, updating, modifying and/or deleting or
25  suppressing credit data or historical address data which is disputed as inaccurate.
26  RESPONSE TO REQUEST FOR PRODUCTION NO. 15:
27      Wells Fargo objects to this request to the extent it expressly or impliedly seeks
28  information which is confidential or proprietary in nature or which constitutes protected

1  commercial, trade secret information of Wells Fargo . Subject to and without waiving these

2  objections, Wells Fargo will produce all responsive documents in its possession, custody, and

3  control that are not objectionable.

4  *REASON WHY FURTHER RESPONSES SHOULD NOT BE COMPELLED:*

5      Defendant has produced responsive documents to this request. As permitted under Fed.

6  R. Civ. P. 34(b)(2)(E)(i), Wells Fargo has produced documents "as they are kept in the usual

7  course of business."

8  REQUEST FOR PRODUCTION NO. 16:

9      Please produce all organizational charts for Wells Fargo Financial Missouri, Inc. from two

10  years before the complaint was filed in this case t o present.

11  RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

12      Wells Fargo objects to this request to the extent i t expressly or impliedly seeks

13  information which is confidential or proprietary in nature or which constitutes protected

14  commercial, trade secret information of Wells Fargo . Subject to and without waiving these

15  objections, Wells Fargo will produce all responsive documents in its possession, custody, and

16  control that are not objectionable.

17  *REASON WHY FURTHER RESPONSES SHOULD NOT BE COMPELLED:*

18      Defendant has produced responsive documents to this request. As permitted under Fed.

19  R. Civ. P. 34(b)(2)(E)(i), Wells Fargo has produced documents "as they are kept in the usual

20  course of business."

21  REQUEST FOR PRODUCTION NO. 17:

22      Please produce all organizational charts for Wells Fargo Financial Acceptance, Inc. from

23  two years before the complaint was filed in this ca se to present.

24  RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

25      Wells Fargo objects to this request to the extent i t expressly or impliedly seeks

26  information which is confidential or proprietary in nature or which constitutes protected

27  commercial, trade secret information of Wells Fargo . Subject to and without waiving these

28

07515/0096/675254.2

1    objections, Wells Fargo will produce all responsive    documents in its possession, custody, and

2    control that are not objectionable.

3    *REASON WHY FURTHER RESPONSES SHOULD NOT BE COMPELLED:*

4         Defendant has produced responsive documents to this    request. As permitted under Fed.

5    R. Civ. P. 34(b)(2)(E)(i), Wells Fargo has produced    documents "as they are kept in the usual

6    course of business."

7    REQUEST FOR PRODUCTION NO. 18:

8         Please produce copies of all papers, records and do    cuments referred, referenced or

9    reflected upon in response to Plaintiffs First Set    of Interrogatories Directed to Defendant.

10   RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

11        Wells Fargo objects that compliance with this reque    st would be oppressive and

12   burdensome. Wells Fargo objects to this request to    the extent it seeks information that is neither

13   relevant nor reasonably calculated to lead to the d    iscovery of admissible evidence. Wells Fargo

14   further objects to this request as overbroad, vague    and ambiguous. As drafted this request fails to

15   describe the documents requested with "reasonable p    articularity." Fed. R. Civ. P. 34(b). Subject

16   to and without waiving these objections, Wells Farg    o will produce all responsive documents in its

17   possession, custody, and control that are not objec    tionable.

18   *REASON WHY FURTHER RESPONSES SHOULD NOT BE COMPELLED:*

19        Defendant has produced responsive documents to this    request. As permitted under Fed.

20   R. Civ. P. 34(b)(2)(E)(i), Wells Fargo has produced    documents "as they are kept in the usual

21   course of business."

22   REQUEST FOR PRODUCTION NO. 20:

23        Please produce any and all documents or computer sc    reens which set forth or demonstrate

24   all of the account information that you are current    ly reporting about the Plaintiff.

25   RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

26        Wells Fargo agrees to produce all responsive docume    nts to this request.

27

28

1   *REASON WHY FURTHER RESPONSES SHOULD NOT BE COMPELLED:*

2         Defendant has produced responsive documents to this request. As permitted under Fed.

3   R. Civ. P. 34(b)(2)(E)(i), Wells Fargo has produced documents "as they are kept in the usual

4   course of business."

5   REQUEST FOR PRODUCTION NO. 21:

6         Any archived records of actions taken by you in relation to the plaintiff for any of the

7   plaintiffs personal identifiers.

8   RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

9         Wells Fargo agrees to produce all responsive documents to this request.

10   *REASON WHY FURTHER RESPONSES SHOULD NOT BE COMPELLED:*

11         Defendant has produced responsive documents to this request. As permitted under Fed.

12   R. Civ. P. 34(b)(2)(E)(i), Wells Fargo has produced documents "as they are kept in the usual

13   course of business."

14   REQUEST FOR PRODUCTION NO. 26:

15         Any budgets or projections prepared within the preceding five years, allocating resources

16   or expenditures to the conducting of reinvestigation under 15 U.S.C. § 1681-s2.

17   RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

18         Wells Fargo objects that compliance with this request would be oppressive and

19   burdensome. Wells Fargo objects to this request to the extent it seeks information that is neither

20   relevant nor reasonably calculated to lead to the discovery of admissible evidence. Wells Fargo

21   further objects to this request as overbroad, vague and ambiguous. As drafted this request fails to

22   describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b).

23   *REASON WHY FURTHER RESPONSES SHOULD NOT BE COMPELLED:*

24         The request is ambiguous, overbroad, and not reasonably calculated to lead to the

25   discovery of admissible evidence.

26         The events at issue in plaintiff's second lawsuit took place in 2007, but this request covers

27   a five year period. "Budgets" or "projections" allocating resources to the conducting of

28   reinvestigations on a companywide basis are not relevant to the question of whether Wells Fargo

1 handled this dispute appropriately, or whether its actions concerning plaintiff were "willful."

2 Plaintiff has not satisfied his obligation to affirmatively show that the requested documents are

3 relevant, *Vardon Golf Co., Inc. v. BBMG Golf, Ltd.*, 156 F.R.D. 641, 651 (N.D. Il. 1994), and that

4 the request is not unreasonably cumulative or duplicative. Civ. L.R. 37-2; Fed. R. Civ. P.

5 26(b)(2)(C). Furthermore, plaintiff has failed to *detail the basis* for plaintiff's contention that he

6 is entitled to the requested discovery. Civ. L.R. 37-2; emphasis added.

7       Wells Fargo did not waive its objections, but timely asserted them. *Burlington Northern*

8 does not require a responding party to provide a narrative description of the reasons why it is

9 asserting a particular objection in order to preserve that objection.

10 REQUEST FOR PRODUCTION NO. 28:

11       Any manuals, bulletins or notices provided to YOU describing YOUR contractual or

12 statutory duties relating to the reinvestigation of inaccurate or incomplete credit information.

13 RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

14       Wells Fargo objects that compliance with this request would be oppressive and

15 burdensome. Wells Fargo objects to this request to the extent it seeks information that is neither

16 relevant nor reasonably calculated to lead to the discovery of admissible evidence. Wells Fargo

17 further objects to this request as overbroad, vague and ambiguous. As drafted this request fails to

18 describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b).

19 REASON TO COMPEL FURTHER RESPONSE/FIND OBJECTIONS WAIVED:

20       Defendant has waived objections by making mere boilerplate objections and by not timely

21 substantiating its objections under *Burlington Northern v. US Dist. Ct.* (9th Cir. 2005) 408 F3d

22 1142. The request is reasonably calculated. There is nothing oppressive and burdensome about

23 this request. The request is not overbroad, vague nor ambiguous and is reasonably particularized:

24 it seeks documents establishing what defendant knew its duties to be.

25 *REASON WHY FURTHER RESPONSES SHOULD NOT BE COMPELLED:*

26       The request is ambiguous, overbroad, and not reasonably calculated to lead to the

27 discovery of admissible evidence.

28

-14-

1    Wells Fargo statutory duties relating to this lawsuit are clearly defined in 15 U.S.C.

2  § 1681s-2(b). Wells Fargo's knowledge of such duties is irrelevant to plaintiff's ability to prove

3  Wells Fargo liability under the statute. Plaintiff has not satisfied his obligation to affirmatively

4  show that the requested documents are relevant, *Vardon Golf Co., Inc. v. BBMG Golf, Ltd.*, 156

5  F.R.D. 641, 651 (N.D. Il. 1994), and that the request is not unreasonably cumulative or

6  duplicative. Civ. L.R. 37-2; Fed. R. Civ. P. 26(b)(2)(C). Furthermore, plaintiff has failed to

7  *detail the basis* for plaintiff's contention that he is entitled to the requested discovery. Civ. L.R.

8  37-2; emphasis added.

9    Wells Fargo did not waive its objections, but timely asserted them. *Burlington Northern*

10  does not require a responding party to provide a narrative description of the reasons why it is

11  asserting a particular objection in order to preserve that objection.

12  REQUEST FOR PRODUCTION NO. 29:

13    Transcripts of any deposition given by any individual identified by you in your disclosures

14  given pursuant to rule 26(a) regarding reinvestigation of consumer disputes.

15  RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

16    Wells Fargo objects that compliance with this request would be oppressive and

17  burdensome. Wells Fargo objects to this request to the extent it seeks information that is neither

18  relevant nor reasonably calculated to lead to the discovery of admissible evidence. Wells Fargo

19  further objects to this request as overbroad, vague and ambiguous. As drafted this request fails to

20  describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b).

21  *REASON WHY FURTHER RESPONSES SHOULD NOT BE COMPELLED:*

22    The request is ambiguous, overbroad, and not reasonably calculated to lead to the

23  discovery of admissible evidence.

24    To the extent this request seeks transcripts of depositions taken in this case, there are no

25  responsive documents. Employees' deposition transcripts as they relate to investigations other

26  than those which involved the plaintiff are not relevant to the question of whether Wells Fargo

27  handled this dispute appropriately, or whether its actions concerning plaintiff were "willful."

28  Plaintiff has not satisfied his obligation to affirmatively show that the requested documents are

-15-

1  relevant, *Vardon Golf Co., Inc. v. BBMG Golf, Ltd.*, 156 F.R.D. 641, 651 (N.D. Il. 1994), and that

2  the request is not unreasonably cumulative or dupli cative. Civ. L.R. 37-2; Fed. R. Civ. P.

3  26(b)(2)(C). Furthermore, plaintiff has failed to *detail the basis* for plaintiff's contention that he

4  is entitled to the requested discovery. Civ. L.R. 37-2; emphasis added.

5        Wells Fargo did not waive its objections, but ti mely asserted them. *Burlington Northern*

6  does not require a responding party to provide a na rrative description of the reasons why it is

7  asserting a particular objection in order to preser ve that objection.

8  <u>REQUEST FOR PRODUCTION NO. 30:</u>

9        Transcripts of any deposition given by any individu al identified by you in your disclosures

10  given pursuant to rule 26(a) regarding maintaining consumer reporting databases free from error.

11  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 30:</u>

12        Wells Fargo objects that compliance with this reque st would be oppressive and

13  burdensome. Wells Fargo objects to this request to the extent it seeks information that is neither

14  relevant nor reasonably calculated to lead to the d iscovery of admissible evidence. Wells Fargo

15  further objects to this request as overbroad, vague and ambiguous. As drafted this request fails to

16  describe the documents requested with "reasonable p articularity." Fed. R. Civ. P. 34(b).

17  <u>*REASON WHY FURTHER RESPONSES SHOULD NOT BE COMPELLE D:*</u>

18        The request is ambiguous, overbroad, and not treason ably calculated to lead to the

19  discovery of admissible evidence.

20        To the extent this request seeks transcripts of dep osition staken in this case, there are no

21  responsive documents. Employees' deposition transc ripts as they relate to investigations other

22  than those which involved the plaintiff are not rel evant to the question of whether Wells Fargo

23  handled this dispute appropriately, or whether its actions concerning plaintiff were "willful."

24  Plaintiff has not satisfied his obligation to affir matively show that the requested documents are

25  relevant, *Vardon Golf Co., Inc. v. BBMG Golf, Ltd.*, 156 F.R.D. 641, 651 (N.D. Il. 1994), and that

26  the request is not unreasonably cumulative or dupli cative. Civ. L.R. 37-2; Fed. R. Civ. P.

27  26(b)(2)(C). Furthermore, plaintiff has failed to *detail the basis* for plaintiff's contention that he

28  is entitled to the requested discovery. Civ. L.R. 37-2; emphasis added.

-16-

Wells Fargo did not waive its objections, but ti mely asserted them. *Burlington Northern* does not require a responding party to provide a na rrative description of the reasons why it is asserting a particular objection in order to preser ve that objection.

REQUEST FOR PRODUCTION NO. 31:

Please produce any and all policy manuals, procedur e manuals, or other recordings or documents of any kind, which address any or all of your policies, practices or procedures in insuring the maximum possible accuracy of data post ed, maintained or disseminated by you.

RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

Wells Fargo objects that compliance with this reque st would be oppressive and burdensome. Wells Fargo objects to this request to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Wells Fargo further objects to this request as overbroad, vague and ambiguous. As drafted this request fails to describe the documents requested with "reasonable p articularity." Fed.R.Civ.P.34(b).

*REASON WHY FURTHER RESPONSES SHOULD NOT BE COMPELLE D:*

The request is ambiguous, overbroad, and not reason ably calculated to lead to the discovery of admissible evidence.

To the extent this request seeks information pertai ning to the accuracy of reporting information to credit reporting agencies, these doc uments are irrelevant to this action. This Court has already held that plaintiff has no private caus e of action for violation of 15 U.S.C. §l681s-2(a), which covers accurate reporting. *Howard v. Blue Ridge Bank, et al.*, 371 F.Supp.2d 1139, 1147 (N.D.Ca.2005). Wells Fargo has already prod uced relevant policy and procedure manuals relating to its investigations under 15 U.S.C. §168 1s-2(b). Plaintiff has not satisfied his obligation to show that the request is not unreason ably cumulative or duplicative when compared to the other numerous requests seeking similar poli cy and procedure manuals. Civ.L.R.37-2; Fed.R.Civ.P.26(b)(2)(C). Furthermore, plaintif f has failed to *detail the basis* for plaintiff's contention that he is entitled to the requested dis covery. Civ.L.R.37-2; emphasis added.

1    Wells Fargo did not waive its objections, but it merely asserted them. *Burlington Northern*

2    does not require a responding party to provide a narrative description of the reasons why it is

3    asserting a particular objection in order to preserve that objection.

4    REQUEST FOR PRODUCTION NO. 32:

5    Please produce any and all policy manuals, procedure manuals, or other documents, which

6    address your policies, practices or procedures in insuring the pre-reinvestigation accuracy of data

7    maintained or disseminated by you.

8    RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

9    Wells Fargo objects that compliance with this request would be oppressive and

10    burdensome. Wells Fargo objects to this request to the extent it seeks information that is neither

11    relevant nor reasonably calculated to lead to the discovery of admissible evidence. Wells Fargo

12    further objects to this request as overbroad, vague and ambiguous. As drafted this request fails to

13    describe the documents requested with "reasonable particularity." Fed.R.Civ.P.34(b).

14    *REASON WHY FURTHER RESPONSES SHOULD NOT BE COMPELLED:*

15    The request is ambiguous, overbroad, and not reasonably calculated to lead to the

16    discovery of admissible evidence.

17    To the extent this request seeks information pertaining to the accuracy of reporting

18    information to credit reporting agencies, these documents are irrelevant to this action. This Court

19    has already held that plaintiff has no private cause of action for violation of 15 U.S.C. §l681s-

20    2(a), which covers accurate reporting. *Howard v. Blue Ridge Bank, et al.*, 371 F.Supp.2d 1139,

21    1147 (N.D.Ca.2005). Wells Fargo has already produced relevant policy and procedure manuals

22    relating to its investigations under 15 U.S.C. §168 1s-2(b). Plaintiff has not satisfied his

23    obligation to show that the request is not unreasonably cumulative or duplicative when compared

24    to the other numerous requests seeking similar policy and procedure manuals. Civ.L.R.37-2;

25    Fed.R.Civ.P.26(b)(2)(C). Furthermore, plaintiff has failed to *detail the basis* for plaintiff's

26    contention that he is entitled to the requested discovery. Civ.L.R.37-2; emphasis added.

27

28

1    Wells Fargo did not waive its objections, but ti mely asserted them. *Burlington Northern*

2    does not require a responding party to provide a na rrative description of the reasons why it is

3    asserting a particular objection in order to preser ve that objection.

4    REQUEST FOR PRODUCTION NO. 33:

5    Please produce any and all policy manuals, procedur e manuals, or other documents, which

6    address your policies, practices or procedures in i nsuring the post reinvestigation accuracy of data

7    maintained or disseminated by you.

8    RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

9    Wells Fargo objects that compliance with this reque st would be oppressive and

10   burdensome. Wells Fargo objects to this request to the extent it seeks information that is neither

11   relevant nor reasonably calculated to lead to the d iscovery of admissible evidence. Wells Fargo

12   further objects to this request as overbroad, vague and ambiguous. As drafted this request fails to

13   describe the documents requested with "reasonable p articularity." Fed.R.Civ.P.34(b).

14   *REASON WHY FURTHER RESPONSES SHOULD NOT BE COMPELLE D:*

15   The request is ambiguous, overbroad, and not reason ably calculated to lead to the

16   discovery of admissible evidence.

17   To the extent this request seeks information pertai ning to the accuracy of reporting

18   information to credit reporting agencies, these doc uments are irrelevant to this action. This Court

19   has already held that plaintiff has no private caus e of action for violation of 15 U.S.C. §l681s-

20   2(a), which covers accurate reporting. *Howard v. Blue Ridge Bank, et al.* , 371 F.Supp.2d 1139,

21   1147 (N.D.Ca.2005). Wells Fargo has already prod uced relevant policy and procedure manuals

22   relating to its investigation under 15 U.S.C. §168 1s-2(b). Plaintiff has not satisfied his

23   obligation to show that the request is not unreason ably cumulative or duplicative when compared

24   to the other numerous requests seeking similar poli cy and procedure manuals. Civ.L.R.37-2;

25   Fed.R.Civ.P.26(b)(2)(C). Furthermore, plaintif f has failed to *detail the basis* for plaintiff's

26   contention that he is entitled to the requested dis covery. Civ.L.R.37-2; emphasis added.

27

28

1    Wells Fargo did not waive its objections, but it merely asserted them. *Burlington Northern*

2   does not require a responding party to provide a narrative description of the reasons why it is

3   asserting a particular objection in order to preserve that objection.

4   REQUEST FOR PRODUCTION NO. 35:

5    Please produce any and all policy manuals, procedure manuals, or other documents, which

6   are training manuals for your employees, in the following areas: consumer credit disputes,

7   reinvestigation, delete mechanisms, suppression functions and deletion functions.

8   RESPONSE TO REQUEST FOR PRODUCTION NO. 35:

9    Wells Fargo objects to this request to the extent it expressly or impliedly seeks

10   information which is confidential or proprietary in nature or which constitutes protected

11   commercial, trade secret information of Wells Fargo. Subject to and without waiving these

12   objections, Wells Fargo will produce all responsive documents in its possession, custody, and

13   control that are not objectionable.

14   *REASON WHY FURTHER RESPONSES SHOULD NOT BE COMPELLED:*

15    Defendant has produced responsive documents to this request. As permitted under Fed.

16   R. Civ. P. 34(b)(2)(E)(i), Wells Fargo has produced documents "as they are kept in the usual

17   course of business."

18   REQUEST FOR PRODUCTION NO. 39:

19    Please produce your policy manuals, procedure manuals, or other documents, which

20   address instructions or directions, provided by any nationwide credit reporting agency to YOU,

21   with regard to the means, methods and guidelines for communicating corrections of credit data by

22   you.

23   RESPONSE TO REQUEST FOR PRODUCTION NO. 39:

24    Wells Fargo objects to this request on the grounds that it seeks documents protected by

25   third parties' right to confidentiality. Wells Fargo objects that compliance with this request

26   would be oppressive and burdensome. Wells Fargo objects to this request to the extent it seeks

27   information that is neither relevant nor reasonably calculated to lead to the discovery of

28   admissible evidence. Wells Fargo further objects to this request as overbroad, vague and

ambiguous. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed.R.Civ.P.34(b).

*REASON WHY FURTHER RESPONSES SHOULD NOT BE COMPELLED:*

The request is ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence.

To the extent this request seeks information pertaining to the accuracy of reporting information to credit reporting agencies, these documents are irrelevant to this action. This Court has already held that plaintiff has no private cause of action for violation of 15 U.S.C. §l681s-2(a), which covers accurate reporting. *Howard v. Blue Ridge Bank, et al.*, 371 F.Supp.2d 1139, 1147 (N.D.Ca.2005). Wells Fargo has already produced relevant policy and procedure manuals relating to its investigations under 15 U.S.C. §168 1s-2(b). Plaintiff has not satisfied his obligation to show that the request is not unreasonably cumulative or duplicative when compared to the other numerous requests seeking similar policy and procedure manuals. Civ.L.R.37-2; Fed.R.Civ.P.26(b)(2)(C). Furthermore, plaintiff has failed to *detail the basis* for plaintiff's contention that he is entitled to the requested discovery. Civ.L.R.37-2; emphasis added.

Wells Fargo did not waive its objections, but timely asserted them. *Burlington Northern* does not require a responding party to provide a narrative description of the reasons why it is asserting a particular objection in order to preserve that objection.

REQUEST FOR PRODUCTION NO. 51:

Please produce any and all documents which contain data listing or otherwise identifying each of your operators or other employees, their corresponding office descriptions and numbers, and their corresponding badge and identification numbers, who has knowledge about the matters in dispute in this case.

RESPONSE TO REQUEST FOR PRODUCTION NO. 51:

Wells Fargo objects that compliance with this request would be oppressive and burdensome. Wells Fargo objects to this request to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Wells Fargo

1  further objects to this request as overbroad, vague and ambiguous. As drafted this request fails to

2  describe the documents requested with "reasonable particularity." Fed.R.Civ.P.34(b).

3  *REASON WHY FURTHER RESPONSES SHOULD NOT BE COMPELLED:*

4  The request is overbroad, and not reasonably calculated to lead to the discovery of

5  admissible evidence.

6  In its initial disclosures and in response to an interrogatory, Wells Fargo has already

7  provided a list of names and contact information of witnesses likely to have knowledge of the

8  facts relating to this lawsuit. To force Wells Fargo to search for documents providing such

9  information would be unduly burdensome and oppressive. Plaintiff has not satisfied his

10  obligation to affirmatively show that the requested documents are relevant, *Vardon Golf Co., Inc.*

11  *v. BBMG Golf, Ltd.*, 156 F.R.D. 641, 651 (N.D.Il.1994), and that the request is not unreasonably

12  cumulative or duplicative. Civ.L.R.37-2; Fed.R. Civ.P.26(b)(2)(C). Furthermore, plaintiff has

13  failed to *detail the basis* for plaintiff's contention that he is entitled to the requested discovery.

14  Civ.L.R.37-2; emphasis added.

15  Wells Fargo did not waive its objections, but timely asserted them. *Burlington Northern*

16  does not require a responding party to provide a narrative description of the reasons why it is

17  asserting a particular objection in order to preserve that objection.

18  REQUEST FOR PRODUCTION NO. 52:

19  Produce any documents bearing plaintiffs name or social security number relating to the

20  debt in question in this case, the account relating to that debt, any account reviews, any credit

21  applications, and the reporting of that debt to any credit reporting agency.

22  RESPONSE TO REQUEST FOR PRODUCTION NO. 52:

23  Wells Fargo agrees to produce all responsive documents sought in this request.

24  *REASON WHY FURTHER RESPONSES SHOULD NOT BE COMPELLED:*

25  Defendant has produced responsive documents to this request. As permitted under Fed.

26  R.Civ.P.34(b)(2)(E)(i), Wells Fargo has produced documents "as they are kept in the usual

27  course of business."

28

07515/0096/675254.2

1   REQUEST FOR PRODUCTION NO. 53:

2       Produce any contract or obligation which relate to     any contract or obligation attributed to

3   plaintiffs name or social security number.

4   RESPONSE TO REQUEST FOR PRODUCTION NO. 53:

5       Wells Fargo agrees to produce all responsive docume     nts sought in this request.

6   *REASON WHY FURTHER RESPONSES SHOULD NOT BE COMPELLE     D:*

7       Defendant has produced responsive documents to this     request. As permitted under Fed.

8   R. Civ. P. 34(b)(2)(E)(i), Wells Fargo has produced     documents "as they are kept in the usual

9   course of business."

10  REQUEST FOR PRODUCTION NO. 54:

11      Produce any contract, obligation, application, appr     ovals, denials, credit evaluations, credit

12  reports, reinvestigation notes, correspondence, not     ices, credit scores, account history, billing

13  statements, collection notes, dispute logs, memoran     da, data, credit reportings, CDV's, ACDV's,

14  responses to CDV's, requests for reinvestigation of     credit data (including any documents

15  provided along with the request), responses to ACDV     's, UDF's, consumer disputes, responses to

16  requests for reinvestigation, Metro data, MetroII     data, or other documents which relate to any

17  account attributed to plaintiffs name or social sec     urity number in the period before four years

18  before this complaint was filed and the present.

19  RESPONSE TO REQUEST FOR PRODUCTION NO. 54:

20      Wells Fargo agrees to produce all responsive docume     nts sought in this request.

21  *REASON WHY FURTHER RESPONSES SHOULD NOT BE COMPELLE     D:*

22      Defendant has produced responsive documents to this     request. As permitted under Fed.

23  R. Civ. P. 34(b)(2)(E)(i), Wells Fargo has produced     documents "as they are kept in the usual

24  course of business."

25  REQUEST FOR PRODUCTION NO. 55:

26      Produce any credit information supplied to any cred     it reporting agency relating to plaintiff

27  s credit report, plaintiffs social security number     , or any account attributable to plaintiff or

28  plaintiffs social security number.

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 55:

2      Wells Fargo agrees to produce all responsive documents sought in this request.

3  *REASON WHY FURTHER RESPONSES SHOULD NOT BE COMPELLED:*

4      Defendant has produced responsive documents to this request. As permitted under Fed.

5  R. Civ. P. 34(b)(2)(E)(i), Wells Fargo has produced documents "as they are kept in the usual

6  course of business."

7  REQUEST FOR PRODUCTION NO. 56:

8      Produce all manuals, guides, bulletins, memoranda, or other documents, which address

9  your policies, practices or procedures in training or instructing employees in the handling

10  disputes, investigations, or reinvestigation of credit data furnished to credit reporting agencies.

11  RESPONSE TO REQUEST FOR PRODUCTION NO. 56:

12      Wells Fargo objects to this request to the extent it expressly or impliedly seeks

13  information which is confidential or proprietary in nature or which constitutes protected

14  commercial, trade secret information of Wells Fargo. Subject to and without waiving these

15  objections, Wells Fargo will produce all responsive documents in its possession, custody, and

16  control that are not objectionable.

17  *REASON WHY FURTHER RESPONSES SHOULD NOT BE COMPELLED:*

18      Defendant has produced responsive documents to this request. As permitted under Fed.

19  R. Civ. P. 34(b)(2)(E)(i), Wells Fargo has produced documents "as they are kept in the usual

20  course of business."

21  REQUEST FOR PRODUCTION NO. 57:

22      Produce all manuals, guides, bulletins, memoranda, or other documents, which address

23  your policies, practices or procedures in training or instructing employees in verification of credit

24  data in response to any credit dispute initiated through directly dispute with you.

25  RESPONSE TO REQUEST FOR PRODUCTION NO. 57:

26      Wells Fargo objects to this request to the extent it expressly or impliedly seeks

27  information which is confidential or proprietary in nature or which constitutes protected

28  commercial, trade secret information of Wells Fargo. Subject to and without waiving these

1    objections, Wells Fargo will produce all responsive    documents in its possession, custody, and
2    control that are not objectionable.
3    *REASON WHY FURTHER RESPONSES SHOULD NOT BE COMPELLED:*
4        Defendant has produced responsive documents to this    request. As permitted under Fed.
5    R. Civ. P. 34(b)(2)(E)(i), Wells Fargo has produced    documents "as they are kept in the usual
6    course of business."
7    REQUEST FOR PRODUCTION NO. 58:
8        Produce any other documents prepared, sent, or rece    ived by YOU in the course of
9    conducting any reinvestigation regarding plaintiff'    s consumer report in period between four years
10   before the complaint was filed and the present.
11   RESPONSE TO REQUEST FOR PRODUCTION NO. 58:
12       Wells Fargo agrees to produce all responsive docume    nts sought in this request.
13   *REASON WHY FURTHER RESPONSES SHOULD NOT BE COMPELLED:*
14       Defendant has produced responsive documents to this    request. As permitted under Fed.
15   R. Civ. P. 34(b)(2)(E)(i), Wells Fargo has produced    documents "as they are kept in the usual
16   course of business."
17   REQUEST FOR PRODUCTION NO. 59:
18       Produce any agreement and amendments under which YO    U use, report or furnish credit
19   information to any credit reporting agency to which    you provided credit data or account
20   information relating to plaintiff operative in the    period between four years before the complaint
21   was filed and the present.
22   RESPONSE TO REQUEST FOR PRODUCTION NO. 59:
23       Wells Fargo objects that compliance with this reque    st would be oppressive and
24   burdensome. Wells Fargo objects to this request to    the extent it seeks information that is neither
25   relevant nor reasonably calculated to lead to the d    iscovery of admissible evidence. Wells Fargo
26   further objects to this request as overbroad, vague    and ambiguous. As drafted this request fails to
27   describe the documents requested with "reasonable p    articularity." Fed. R. Civ. P. 34(b).
28

*REASON WHY FURTHER RESPONSES SHOULD NOT BE COMPELLED:*

The request is ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence.

The events at issue in plaintiff's second lawsuit took place in 2007, but this request covers a four year period. TransUnion is the only credit reporting agency that allegedly reported the account; plaintiff fails to explain how agreements with the other credit reporting agencies are relevant. Even if the request was limited to agreements with TransUnion, plaintiff has not satisfied his obligation to affirmatively show how such agreements are relevant, *Vardon Golf Co., Inc. v. BBMG Golf, Ltd.*, 156 F.R.D. 641, 651 (N.D.Il. 1994). Furthermore, plaintiff has failed to *detail the basis* for plaintiff's contention that he is entitled to the requested discovery. Civ.L.R. 37-2; emphasis added.

To the extent this request seeks information pertaining to the accuracy of reporting information to credit reporting agencies, these documents are irrelevant to this action. This Court has already held that plaintiff has no private cause of action for violation of 15 U.S.C. §l681s-2(a), which covers accurate reporting. *Howard v. Blue Ridge Bank, et al.*, 371 F.Supp.2d 1139, 1147 (N.D.Ca. 2005).

Wells Fargo did not waive its objections, but timely asserted them. *Burlington Northern* does not require a responding party to provide a narrative description of the reasons why it is asserting a particular objection in order to preserve that objection.

REQUEST FOR PRODUCTION NO. 60:

Produce any training materials including manuals, memos, videos, instructions, agreements, or any other document provided to you by any credit reporting agency relating to reinvestigations of credit data.

RESPONSE TO REQUEST FOR PRODUCTION NO. 60:

Wells Fargo objects that compliance with this request would be oppressive and burdensome. Wells Fargo objects to this request to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Wells Fargo

-26-

1  further objects to this request as overbroad, vague and ambiguous. As drafted this request fails to

2  describe the documents requested with "reasonable particularity." Fed.R.Civ.P.34(b).

3  *REASON WHY FURTHER RESPONSES SHOULD NOT BE COMPELLED:*

4  The request is ambiguous, overbroad, and not reasonably calculated to lead to the

5  discovery of admissible evidence.

6  Wells Fargo has already produced relevant policy and procedure manuals relating to its

7  investigations under 15 U.S.C. §1681s-2(b). Plaintiff has not satisfied his obligation to show that

8  the request is not unreasonably cumulative or duplicative when compared to the other numerous

9  requests seeking similar policy and procedure manuals. Civ.L.R. 37-2; Fed.R.Civ.P.

10  26(b)(2)(C). Furthermore, plaintiff has failed to *detail the basis* for plaintiff's contention that he

11  is entitled to the requested discovery. Civ.L.R. 37-2; emphasis added.

12  Wells Fargo did not waive its objections, but timely asserted them. *Burlington Northern*

13  does not require a responding party to provide a narrative description of the reasons why it is

14  asserting a particular objection in order to preserve that objection.

15  REQUEST FOR PRODUCTION NO. 61:

16  Produce all documents which address the accuracy, truthfulness, or reliability of your

17  reportings to the credit reporting agencies.

18  RESPONSE TO REQUEST FOR PRODUCTION NO. 61:

19  Wells Fargo objects that compliance with this request would be oppressive and

20  burdensome. Wells Fargo objects to this request to the extent it seeks information that is neither

21  relevant nor reasonably calculated to lead to the discovery of admissible evidence. Wells Fargo

22  further objects to this request as overbroad, vague and ambiguous. As drafted this request fails to

23  describe the documents requested with "reasonable particularity." Fed.R.Civ.P.34(b).

24  *REASON WHY FURTHER RESPONSES SHOULD NOT BE COMPELLED:*

25  The request is ambiguous, overbroad, and not reasonably calculated to lead to the

26  discovery of admissible evidence.

27  It is unclear what documents plaintiff is requesting. Wells Fargo cannot be sure whether

28  plaintiff is seeking procedure manuals relating to its credit reporting practices (which have been

-27-

produced); individual consumer disputes or complaint letters; internal reviews of Wells Fargo's practices (sought in another category, and over broad/irrelevant in any event); Wells Fargo's responses to other credit reporting complaints; or, something else. This request makes no attempt to set forth documents by "individual item or by category with reasonable particularity." *In re IBM Peripheral EDP Devices Antitrust Litigation* 77 F.R.D. at 42.

Plaintiff has not satisfied his obligation to affirmatively show that the requested documents are relevant, *Vardon Golf Co., Inc. v. BBMG Golf, Ltd.*, 156 F.R.D. 641, 651 (N.D. Il. 1994), and that the request is not unreasonably cumulative or duplicative. Civ.L.R. 37-2; Fed. R. Civ. P. 26(b)(2)(C). Furthermore, plaintiff has failed to *detail the basis* for plaintiff's contention that he is entitled to the requested discovery. Civ.L.R. 37-2; emphasis added.

Wells Fargo did not waive its objections, but timely asserted them. *Burlington Northern* does not require a responding party to provide a narrative description of the reasons why it is asserting a particular objection in order to preserve that objection.

REQUEST FOR PRODUCTION NO. 62:

Produce any report, memoranda, bulletin or other document which describes the potential adverse effects or consequences on consumers of inaccurate, untruthful, or unreliable credit reporting by YOU.

RESPONSE TO REQUEST FOR PRODUCTION NO. 62:

Wells Fargo objects that compliance with this request would be oppressive and burdensome. Wells Fargo objects to this request to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Wells Fargo further objects to this request as overbroad, vague and ambiguous. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b).

*REASON WHY FURTHER RESPONSES SHOULD NOT BE COMPELLED:*

The request is ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence.

To the extent this request seeks information pertaining to the accuracy of reporting information to credit reporting agencies, these materials are irrelevant to this action. This Court

has already held that plaintiff has no private cause of action for violation of 15 U.S.C. §1681s-2(a), which covers accurate reporting. *Howard v. Blue Ridge Bank, et al.*, 371 F.Supp.2d 1139, 1147 (N.D.Ca.2005). Documents which describe the potential adverse effects or consequences to all consumers in general are not relevant to the question of whether Wells Fargo handled this dispute appropriately, or whether its actions concerning plaintiff were "willful." Plaintiff has not satisfied his obligation to affirmatively show that the requested documents are relevant, *Vardon Golf Co., Inc. v. BBMG Golf, Ltd.*, 156 F.R.D. 641, 651 (N.D.Il. 1994), and that the request is not unreasonably cumulative or duplicative. Civ.L.R. 37-2; Fed.R.Civ.P. 26(b)(2)(C). Furthermore, plaintiff has failed to *detail the basis* for plaintiff's contention that he is entitled to the requested discovery. Civ.L.R. 37-2; emphasis added.

Wells Fargo did not waive its objections, but it merely asserted them. *Burlington Northern* does not require a responding party to provide a narrative description of the reasons why it is asserting a particular objection in order to preserve that objection.

REQUEST FOR PRODUCTION NO. 65:

Produce all policy manuals, procedure manuals, or documents, which address your policies, practices or procedures regarding correcting, updating, modifying, deleting credit data which is disputed as inaccurate and/or preventing re-insertion of previously corrected, updated, modified, and/or deleted credit data.

RESPONSE TO REQUEST FOR PRODUCTION NO. 65:

Wells Fargo objects to this request to the extent it expressly or impliedly seeks information which is confidential or proprietary in nature or which constitutes protected commercial, trade secret information of Wells Fargo. Subject to and without waiving these objections, Wells Fargo will produce all responsive documents in its possession, custody, and control that are not objectionable.

*REASON WHY FURTHER RESPONSES SHOULD NOT BE COMPELLED:*

Wells Fargo agreed to produce documents responsive to this request. As permitted under Fed.R.Civ.P. 34(b)(2)(E)(i), Wells Fargo has produced documents "as they are kept in the usual course of business."

REQUESTFORPRODUCTIONNO.66:

Produceallpolicymanuals,proceduremanuals,oro    therdocuments,whichaddressyour policies,practicesorproceduresforcollection,m    aintenance,retention,disseminationordisposal ofaccountdata,duringeachoftheprecedingfive    years.

RESPONSETOREQUESTFORPRODUCTIONNO.66:

WellsFargoobjectstothisrequesttotheextenti    texpresslyorimpliedlyseeks informationwhichisconfidentialorproprietaryin    natureorwhichconstitutesprotected commercial,tradesecretinformationofWellsFargo    .Subjecttoandwithoutwaivingthese objections,WellsFargowillproduceallresponsive    documentsinitspossession,custody,and controlthatarenotobjectionable.

*REASONWHYFURTHERRESPONSESSHOULDNOTBECOMPELLE    D:*

WellsFargoagreedtoproducedocumentsresponsive    tothisrequest.Aspermittedunder Fed.R.Civ.P.34(b)(2)(E)(i),WellsFargohaspro    duceddocuments"astheyarekeptintheusual courseofbusiness."

REQUESTFORPRODUCTIONNO.67:

Producealldocumentsconcerningthenames,address    es,telephonenumbers,current employersandcurrentwhereaboutsofeachandevery    oneofyouremployeeswhowereinvolved inplacing,maintainingand/orreinsertingtheacco    untindisputeonplaintiffscreditfileorreport    .

RESPONSETOREQUESTFORPRODUCTIONNO.67:

WellsFargoobjectstothisrequestonthegrounds    thatitseeksdocumentsprotectedby thirdparties'rightstoprivacyundertheCalifor    iaandUnitedStatesConstitutions.WellsFargo objectsthatcompliancewiththisrequestwouldbe    oppressiveandburdensome.WellsFargo objectstothisrequesttotheextentitseeksinfo    rmationthatisneitherrelevantnorreasonably calculatedtoleadtothediscoveryofadmissiblee    vidence.WellsFargofurtherobjectstothis requestasoverbroad,vagueandambiguous.Asdraf    tedthisrequestfailstodescribethe documentsrequestedwith"reasonableparticularity.    "Fed.R.Civ.P.34(b).

1   *REASON WHY FURTHER RESPONSES SHOULD NOT BE COMPELLED:*

2   The request is overbroad, and not reasonably calculated to lead to the discovery of

3   admissible evidence.

4   In its initial disclosures and in response to an interrogatory, Wells Fargo has already

5   provided a list of names and contact information of witnesses likely to have knowledge of the

6   facts relating to this lawsuit. This document request goes over reaches to cover documents that are

7   protected by Wells Fargo's employees' rights to privacy, including but not limited to tax

8   documents, income statements, and performance evaluations. Plaintiff has not satisfied his

9   obligation to affirmatively show that the requested documents are relevant, *Vardon Golf Co., Inc.*

10  *v. BBMG Golf, Ltd.*, 156 F.R.D. 641, 651 (N.D. Il. 1994), and that the request is not unreasonably

11  cumulative or duplicative. Civ. L.R. 37-2; Fed. R. Civ. P. 26(b)(2)(C). Furthermore, plaintiff has

12  failed to *detail the basis* for plaintiff's contention that he is entitled to the requested discovery.

13  Civ. L.R. 37-2; emphasis added.

14  Wells Fargo did not waive its objections, but timely asserted them. *Burlington Northern*

15  does not require a responding party to provide a narrative description of the reasons why it is

16  asserting a particular objection in order to preserve that objection.

17  REQUEST FOR PRODUCTION NO. 68:

18  Produce all performance evaluations for each and every one of your employees who took

19  any action with regard to the resolution of any of plaintiff's credit dispute.

20  RESPONSE TO REQUEST FOR PRODUCTION NO. 68:

21  Wells Fargo objects to this request on the grounds that it seeks documents protected by

22  third parties' rights to privacy under the California and United States Constitutions. Wells Fargo

23  objects that compliance with this request would be oppressive and burdensome. Wells Fargo

24  objects to this request to the extent it seeks information that is neither relevant nor reasonably

25  calculated to lead to the discovery of admissible evidence. Wells Fargo further objects to this

26  request as over broad, vague and ambiguous. As drafted this request fails to describe the

27  documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b).

28  *REASON WHY FURTHER RESPONSES SHOULD NOT BE COMPELLED:*

1    The request is ambiguous, overbroad, and not reason ably calculated to lead to the

2    discovery of admissible evidence.

3        In its initial disclosures and in response to an interrogatory, Wells Fargo has already

4    provided a list of names and contact information of witnesses likely to have knowledge of the

5    facts relating to this lawsuit. Every performance evaluation for these employees during all the

6    years such employees have worked for Wells Fargo could not be relevant to the question of

7    whether Wells Fargo handled this dispute appropriat ely, or whether its actions concerning

8    plaintiff were "willful." This document request ov erreaches to cover documents that are

9    protected by Wells Fargo's employees' rights to pri vacy. Plaintiff has not satisfied his obligation

10   to affirmatively show that the requested documents are relevant, *Vardon Golf Co., Inc. v. BBMG*

11   *Golf, Ltd.*, 156 F.R.D. 641, 651 (N.D. Il. 1994), and that the request is not unreasonably

12   cumulative or duplicative. Civ. L.R. 37-2; Fed. R. Civ. P. 26(b)(2)(C). Furthermore, plaintiff has

13   failed to *detail the basis* for plaintiff's contention that he is entitled to t he requested discovery.

14   Civ. L.R. 37-2; emphasis added.

15       Wells Fargo did not waive its objections by not exp laining them in its responses, and it

16   should not be required to provide a privilege log u ntil the Court rules on the permissible scope of

17   discovery. *U.S. v. Philip Morris Inc.*, 347 F.3d 951, 954 (D.C. Cir. 2003).

18   REQUEST FOR PRODUCTION NO. 69:

19       Produce all policies, procedures, and practices reg arding the renumbering of your

20   accounts and/or notification to the credit bureaus of such renumbering.

21   RESPONSE TO REQUEST FOR PRODUCTION NO. 69:

22       No such documents exist.

23   *REASON WHY FURTHER RESPONSES SHOULD NOT BE COMPELLE D:*

24       Wells Fargo already responded that no responsive d ocuments exist. Wells Fargo cannot

25   respond further to this request.

26   REQUEST FOR PRODUCTION NO. 70:

27       Produce all policy manuals, procedure manuals, or d ocuments, which address your

28   policies, practices or procedures regarding your co nsiderations and safeguards employed when a

1   consumerreportonacreditapplicanttoyourcompa      nycontainsastatementalertingyouof

2   possiblefraudormisuseoftheconsumer'spersonal     identifiers.

3   <u>RESPONSETOREQUESTFORPRODUCTIONNO.70:</u>

4        WellsFargoobjectsthatcompliancewiththisreque     stwouldbeoppressiveand

5   burdensome.WellsFargoobjectstothisrequestto     theextentitseeksinformationthatisneither

6   relevantnorreasonablycalculatedtoleadtothed     iscoveryofadmissibleevidence.WellsFargo

7   furtherobjectstothisrequestasoverbroad,vague     andambiguous.Asdraftedthisrequestfailsto

8   describethedocumentsrequestedwith"reasonablep     articularity."Fed.R.Civ.P.34(b).

9   <u>*REASONWHYFURTHERRESPONSESSHOULDNOTBECOMPELLE     D:*</u>

10        Therequestisambiguous,overbroad,andnotreason     ablycalculatedtoleadtothe

11   discoveryofadmissibleevidence.

12        WellsFargohasalreadyproducedrelevantpolicyan     dproceduremanualsrelatingtoits

13   investigationsunder15U.S.C.§1681s-2(b).Plaint     iffhasnotsatisfiedhisobligationtoshowthat

14   therequestisnotunreasonablycumulativeordupli     cativewhencomparedtotheothernumerous

15   requestsseekingsimilarpolicyandproceduremanua     ls.Civ.L.R.37-2;Fed.R.Civ.P.

16   26(b)(2)(C).Furthermore,plaintiffhasfailedto     *detailthebasis*   forplaintiff'scontentionthathe

17   isentitledtotherequesteddiscovery.Civ.L.R.     37-2;emphasisadded.

18        WellsFargodidnotwaiveitsobjections,butti     melyassertedthem.  *BurlingtonNorthern*

19   doesnotrequirearespondingpartytoprovideana     rrativedescriptionofthereasonswhyitis

20   assertingaparticularobjectioninordertopreser     vethatobjection.

21   <u>REQUESTFORPRODUCTIONNO.71:</u>

22        Produceallpolicymanuals,proceduremanuals,oro     therdocuments,whichaddressyour

23   policies,practicesorproceduresintheinvestigat     ionorreinvestigationofcreditdatawhichis

24   disputedasinaccurate.

25   <u>RESPONSETOREQUESTFORPRODUCTIONNO.71:</u>

26        WellsFargoobjectstothisrequesttotheextenti     texpresslyorimpliedlyseeks

27   informationwhichisconfidentialorproprietaryin     natureorwhichconstitutesprotected

28   commercial,tradesecretinformationofWellsFargo     .Subjecttoandwithoutwaivingthese

1    objections, Wells Fargo will produce all responsive    documents in its possession, custody, and

2    control that are not objectionable.

3    *REASON WHY FURTHER RESPONSES SHOULD NOT BE COMPELLED:*

4    The request is ambiguous, overbroad, and not reason    ably calculated to lead to the

5    discovery of admissible evidence.

6    Wells Fargo has already produced relevant policy an    d procedure manuals relating to its

7    investigations under 15 U.S.C. § 1681s-2(b). Plaint    iff has not satisfied his obligation to show that

8    the request is not unreasonably cumulative or dupli    cative when compared to the other numerous

9    requests seeking similar policy and procedure manua    ls. Civ.L.R. 37-2; Fed.R.Civ.P.

10   26(b)(2)(C). Furthermore, plaintiff has failed to    *detail the basis*    for plaintiff's contention that he

11   is entitled to the requested discovery. Civ.L.R.    37-2; emphasis added.

12   Wells Fargo did not waive its objections, but ti    mely asserted them. *Burlington Northern*

13   does not require a responding party to provide a na    rrative description of the reasons why it is

14   asserting a particular objection in order to preser    ve that objection.

15   REQUEST FOR PRODUCTION NO. 72:

16   Produce all documents evidencing, constituting or i    ncluding data concerning your first

17   notification of any allegation that any account bea    ring either or both plaintiffs' personal

18   identifiers and/or any of the account numbers had b    een created by application fraud or been used

19   by a person not authorized to use or possess such a    ccount.

20   RESPONSE TO REQUEST FOR PRODUCTION NO. 72:

21   Wells Fargo agrees to produce all responsive docume    nts sought in this request.

22   *REASON WHY FURTHER RESPONSES SHOULD NOT BE COMPELLED:*

23   Wells Fargo agreed to produce documents responsive    to this request. As permitted under

24   Fed.R.Civ.P. 34(b)(2)(E)(i), Wells Fargo has pro    duced documents "as they are kept in the usual

25   course of business."

26

27

28

1   REQUEST FOR PRODUCTION NO. 75:

2   Produce all documents or correspondence in your, or    your attorney's, possession that

3   refers to or relates to any fact(s) which may be re       levant in this lawsuit excluding letters between

4   you and your attorney.

5   RESPONSE TO REQUEST FOR PRODUCTION NO. 75:

6   Wells Fargo objects that compliance with this reque       st would be oppressive and

7   burdensome. Wells Fargo objects to this request to        the extent it seeks information that is neither

8   relevant nor reasonably calculated to lead to the d       iscovery of admissible evidence. Wells Fargo

9   objects to this request to the extent it expressly        or impliedly seeks information protected from

10  discovery by the attorney-client privilege, the att       orney work product doctrine, the self-critical

11  analysis privilege, and the bank examination privil       ege. Wells Fargo further objects to this request

12  as overbroad, vague and ambiguous. As drafted this        request fails to describe the documents

13  requested with "reasonable particularity." Fed. R.        Civ. P. 34(b).

14  *REASON WHY FURTHER RESPONSES SHOULD NOT BE COMPELLE       D:*

15  The request is ambiguous, overbroad, and not reason       ably calculated to lead to the

16  discovery of admissible evidence.

17  Wells Fargo cannot reasonably be expected to produc       e "all documents" relating to facts

18  which "may be relevant." The only limiting aspect o       f this request is that plaintiff is not seeking

19  letters between counsel for Wells Fargo and Wells F       argo. Other than that, Wells Fargo cannot

20  even begin to ascertain what kind of documents plai       ntiff is seeking. Plaintiff has not satisfied his

21  obligation to show that the request is not unreason       ably cumulative or duplicative when compared

22  to the other numerous requests seeking similar poli       cy and procedure manuals. Civ. L.R. 37-2;

23  Fed. R. Civ. P. 26(b)(2)(C). Furthermore, plaintif       f has failed to *detail the basis* for plaintiff's

24  contention that he is entitled to the requested dis       covery. Civ. L.R. 37-2; emphasis added.

25  Wells Fargo did not waive its objections, but timel       y asserted them. *Burlington Northern*

26  does not require a responding party to provide a na       rrative description of the reasons why it is

27  asserting a particular objection in order to preser       ve that objection.

28

07515/0096/675254.2

REQUEST FOR PRODUCTION NO. 77:

Produce any document containing any description, definition, concordance, or index of any shorthand, abbreviations, codes, shorthand, or notations contained in any documents which would be responsive to any of the prior requests.

RESPONSE TO REQUEST FOR PRODUCTION NO. 77:

Wells Fargo objects that compliance with this request would be oppressive and burdensome. Wells Fargo objects to this request to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Wells Fargo objects to this request to the extent it expressly or impliedly seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the self-critical analysis privilege, and the bank examination privilege. Wells Fargo further objects to this request as overbroad, vague and ambiguous. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b).

*REASON WHY FURTHER RESPONSES SHOULD NOT BE COMPELLED:*

As permitted under Fed. R. Civ. P. 34(b)(2)(E)(i), Wells Fargo has produced documents "as they are kept in the usual course of business."

REQUEST FOR PRODUCTION NO. 78:

Produce any deposition transcripts in which YOU or any of YOUR agents offered testimony regarding YOUR policies, procedures or practices relating to credit reporting or reinvestigation.

RESPONSE TO REQUEST FOR PRODUCTION NO. 78:

Wells Fargo objects that compliance with this request would be oppressive and burdensome. Wells Fargo objects to this request to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Wells Fargo further objects to this request as overbroad, vague and ambiguous. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b).

07515/0096/675254.2

_REASON WHY FURTHER RESPONSES SHOULD NOT BE COMPELLED:_

The request is ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence.

To the extent this request seeks transcripts of deposition stakenin this case, there are no responsive documents. Any deposition transcripts as they relate to investigations other than those which involved the plaintiff are not relevant to th equestion of whether Wells Fargo handled this dispute appropriately, or whether its actions conce rning plaintiff were "willful." Plaintiff has not satisfied his obligation to affirmatively show that the requested documents are relevant, _Vardon Golf Co., Inc. v. BBMG Golf, Ltd._, 156 F.R.D. 641, 651 (N.D. Il. 1994), and that the request is not unreasonably cumulative or duplicative. Civ. L.R. 37-2; Fed.R.Civ.P. 26(b)(2)(C). Furthermore, plaintiff has failed to _detail the basis_ for plaintiff's contention that he is entitled to the requested discovery. Civ. L.R. 37-2; emphasis added.

Wells Fargo did not waive its objections by not explaining them in its responses, and it should not be required to provide a privilege log until the Court rules on the permissible scope of discovery. _U.S. v. Philip Morris Inc._, 347 F.3d 951, 954 (D.C. Cir. 2003).

07515/0096/675254.2

1

**REQUESTSFORADMISSION**

2

REQUESTFORADMISSIONNO.5:

3

    ADMITthatyouintendedyouractionsin2006and20     07whenyoureportedtoTrans

4

UnionthatPlaintiffwaspersonallyliabletoyouo     nanaccount.

5

RESPONSETOREQUESTFORADMISSIONNO.5:

6

    WellsFargoobjectstothisrequesttotheextenti     tseeksinformationthatisneither

7

relevantnorreasonablycalculatedtoleadtothed     iscoveryofadmissibleevidence.WellsFargo

8

furtherobjectstothisrequestasoverbroad,vague     andambiguousastotheterm"youintended

9

youractions."

10

*REASONWHYFURTHERRESPONSETOREQUESTSHOULDNOTB     ECOMPELLED:*

11

    Therequestisvagueandambiguous.Indeed,itis     non-sensical,inthatWellsFargodid

12

notreporttoTransUnionin2006or2007thatplai     ntiffwaspersonallyliableonanaccount.If

13

therequestisintendedtorefertoWellsFargo'sr     esponsestoTransUnionsCDV'sinJuneand

14

Decemberof2007,WellsFargorespondedthatthecu     stomerdisputedtheaccount(inJuneand

15

December)anditinstructedTransUniontodeletet     heaccountinDecember,whichiswhatWells

16

Fargointendedtodo.Iftherequestisintendedt     orefertoWellsFargo'sliftingoftheinternal

17

creditreportingblockin2006,thatactionwasuni     ntended,aswasanyreappearanceofthis

18

informationonplaintiff'screditreport.Inthis     contextofthisrequest,askingwhetherWells

19

Fargo"intendeditsactions"isinherentlyambiguou     s.

20

    Therequestshouldnotbedeemedadmittedbecauset     hisisnotapermissibleremedyfora

21

deficientresponse,andbecauseWellsFargohasres     pondedtothisrequesttothebestofitsability

22

basedupontheunclearnatureoftherequestandba     sedupontheinformationknowntoWells

23

Fargo.

24

REQUESTFORADMISSIONNO.6:

25

    ADMITthatyoudidnotintendyouractionsin2006     and2007whenyoureportedtoTrans

26

UnionthatPlaintiffwaspersonallyliabletoyouo     nanaccount.

27

28

07515/0096/675254.2

1  RESPONSE TO REQUEST FOR ADMISSION NO. 6:

2      Wells Fargo objects to this request to the extent it seeks information that is neither

3  relevant nor reasonably calculated to lead to the discovery of admissible evidence. Wells Fargo

4  further objects to this request as overbroad, vague and ambiguous as to the term "you did not

5  intend your actions."

6  *REASON WHY FURTHER RESPONSE TO REQUEST SHOULD NOT BE COMPELLED:*

7      The request is vague and ambiguous. Indeed, it is non-sensical, in that Wells Fargo did

8  not report to TransUnion in 2006 or 2007 that plaintiff was personally liable on an account. If

9  the request is intended to refer to Wells Fargo's responses to TransUnions CDV's in June and

10 December of 2007, Wells Fargo responded that the customer disputed the account (in June and

11 December) and it instructed TransUnion to delete the account in December, which is what Wells

12 Fargo intended to do. If the request is intended to refer to Wells Fargo's lifting of the internal

13 credit reporting block in 2006, that action was unintended, as was any reappearance of this

14 information on plaintiff's credit report. In this context of this request, asking whether Wells

15 Fargo "intended its actions" is inherently ambiguous.

16     The request should not be deemed admitted because this is not a permissible remedy for a

17 deficient response, and because Wells Fargo has responded to this request to the best of its ability

18 based upon the unclear nature of the request and based upon the information known to Wells

19 Fargo.

20 REQUEST FOR ADMISSION NO. 7:

21     ADMIT that the investigation you performed in 2007 regarding Plaintiff was

22 accomplished as you intended.

23 RESPONSE TO REQUEST FOR ADMISSION NO. 7:

24     Wells Fargo objects to this request to the extent it seeks information that is neither

25 relevant nor reasonably calculated to lead to the discovery of admissible evidence. Wells Fargo

26 further objects to this request as overbroad, vague and ambiguous as to the term "as you

27 intended."

28

1  <u>REASONWHYFURTHERRESPONSETOREQUESTSHOULDNOTB        ECOMPELLED:</u>

2  Therequestisvagueandambiguous.Itdoesnotsp        ecifytheinvestigationtowhichit

3  refers,andthereweretwo,inJuneandDecemberof        2007.WellsFargocompletedthose

4  investigationsbaseduponttheinformationprovided        toitbyTransUnion.WellsFargodoesnot

5  contendthataclericalerroroccurredduringeithe        rinvestigation,thatis,itdoesnotcontendthat        it

6  inadvertentlyreportedsomethingtoTransUnionwhi        chit"didnotintend"toreportatthattime.

7  However,thisdoesnotnecessarilymeanthatoneor        bothinvestigationswouldnothavebeen

8  accomplisheddifferentlyifcircumstanceshadbeen        different,orifWellsFargohadbeenprovided

9  withdifferentoradditionalinformationfromTrans        Unionwhentheinvestigationswere

10 commenced.Inthiscontextofthisrequest,asking        whetherWellsFargo"intendeditsactions"is

11 inherentlyambiguous.

12 Therequestshouldnotbedeemedadmittedbecauset        hisisnotapermissibleremedyfora

13 deficientresponse,andbecauseWellsFargohasres        pondedtothisrequesttothebestofitsability

14 baseduponttheunclearnatureoftherequestandba        seduponttheinformationknowntoWells

15 Fargo.Furthermore,plaintiffhasfailedto        *detailthebasis*        forplaintiff'scontentionthatheis

16 entitledtotherequesteddiscovery.Civ.L.R.37-        2;emphasisadded.

17 <u>REQUESTFORADMISSIONNO.8:</u>

18 ADMITthattheinvestigationyouperformedin2007        regardingPlaintiffwasnot

19 accomplishedasyouintended.

20 <u>RESPONSETOREQUESTFORADMISSIONNO.8:</u>

21 WellsFargoobjectsonthegroundsthatthisreques        tisvagueandambiguous.Wells

22 Fargofurtherobjectstothisrequestasoverbroad,        vagueandambiguousastotheterm"asyou

23 intended."

24 <u>REASONWHYFURTHERRESPONSETOREQUESTSHOULDNOTB        ECOMPELLED:</u>

25 Therequestisvagueandambiguous.Itdoesnotsp        ecifytheinvestigationtowhichit

26 refers,andthereweretwo,inJuneandDecemberof        2007.WellsFargocompletedthose

27 investigationsbaseduponttheinformationprovided        toitbyTransUnion.WellsFargodoesnot

28 contendthataclericalerroroccurredduringeithe        rinvestigation,thatis,itdoesnotcontendthat        it

1  inadvertently reported something to TransUnion which it "did not intend" to report at that time.

2  However, this does not necessarily mean that one or both investigations would not have been

3  accomplished differently if circumstances had been different, or if Wells Fargo had been provided

4  with different or additional information from Trans Union when the investigations were

5  commenced. In this context of this request, asking whether Wells Fargo "intended its actions" is

6  inherently ambiguous.

7  The request should not be deemed admitted because t his is not a permissible remedy for a

8  deficient response, and because Wells Fargo has res ponded to this request to the best of its ability

9  based upon the unclear nature of the request and ba sed upon the information known to Wells

10  Fargo. Furthermore, plaintiff has failed to *detail the basis* for plaintiff's contention that he is

11  entitled to the requested discovery. Civ. L.R. 37- 2; emphasis added.

12  REQUEST FOR ADMISSION NO. 13:

13  ADMIT that your Net Worth is in excess of $1 Billio n.

14  RESPONSE TO REQUEST FOR ADMISSION NO. 13:

15  Wells Fargo objects to this request on the grounds that it seeks confidential documents.

16  Wells Fargo objects to this request to the extent i t seeks information that is neither relevant nor

17  reasonably calculated to lead to the discovery of a dmissible evidence. Wells Fargo further

18  objects to this request as overbroad, vague and amb iguous.

19  ***WELLS FARGO DOES NOT DISPUTE REQUEST FOR ADMISSION NO. 13:***

20  Wells Fargo has agreed to supplement its response t o this request, but has not yet gathered

21  sufficient information to be able to admit or deny this request.

22  REQUEST FOR ADMISSION NO. 14:

23  ADMIT that your Net Worth is in excess of $500 Mill ion.

24  RESPONSE TO REQUEST FOR ADMISSION NO. 14:

25  Wells Fargo objects to this request on the grounds that it seeks confidential documents.

26  Wells Fargo objects to this request to the extent i t seeks information that is neither relevant nor

27  reasonably calculated to lead to the discovery of a dmissible evidence. Wells Fargo further

28  objects to this request as overbroad, vague and amb iguous.

-41-

1  *WELLSFARGODOESNOTDISPUTEREQUESTFORADMISSION        NO.14:*

2  WellsFargohasagreedtosupplementitsresponset        othisrequest,buthasnotyetgathered

3  sufficientinformationtobeabletoadmitordeny        thisrequest.

4  REQUESTFORADMISSIONNO.15:

5  ADMITthatyourNetWorthisinexcessof$200Mill        ion.

6  RESPONSETOREQUESTFORADMISSIONNO.15:

7  WellsFargoobjectstothisrequestonthegrounds        thatitseeksconfidentialdocuments.

8  WellsFargoobjectstothisrequesttotheextenti        tseeksinformationthatisneitherrelevantnor

9  reasonablycalculatedtoleadtothediscoveryofa        dmissibleevidence.WellsFargofurther

10 objectstothisrequestasoverbroad,vagueandamb        iguous.

11 *WELLSFARGODOESNOTDISPUTEREQUESTFORADMISSION        NO.15*

12 WellsFargohasagreedtosupplementitsresponset        othisrequest,buthasnotyetgathered

13 sufficientinformationtobeabletoadmitordeny        thisrequest.

14

15

16 DATED:June24,2008                    SEVERSON&WERSON
                                        AProfessionalCorporation

17

18
                                        By: _____ /S/PeterH.Bales
19                                               PeterH.Bales

20                                      AttorneysforDefendant
                                        WELLSFARGOFINANCIALACCEPTANCE
21                                      MISSOURI,INC.

22

23

24

25

26

27

28

-42-