LAW OFFICE OF RON BOCHNER
Ron K. Bochner - 160093
3333 Bowers Avenue, Suite 130
Santa Clara, California 95054
(408) 200-9890
FAX: (510) 740-3699
robolaw@justice.com

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT

NORTHERN DIVISION OF CALIFORNIA

| | |
|---|---|
| RICHARD HOWARD,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>WELLS FARGO FINANCIAL MISSOURI, INC., WELLS FARGO FINANCIAL ACCEPTANCE, WELLS FARGO AUTO FINANCE, INC., WELLS FARGO FINANCIAL CAR, LLC, and DOES 1-50,<br><br>　　　　Defendants.<br>_____/ | Case No.   C07-05881 EDL<br><br>REPLY TO OPPOSITION TO MOTION TO COMPEL FURTHER RESPONSES TO DISCOVERY<br><br>DATE:　　July 22, 2008<br>TIME:　　9:00 a.m.<br>DEPT.:　　E |

**REPLY TO INTRODUCTION**

　　WF contends the parties have not met and conferred per FRCP 37, that some of the requests for documents are not made with reasonable particularity, that some of the requests are vague and ambiguous and that it did not waive objections by failing to state the substantive basis for objections. It states it has produced 400 pages of documents.

　　The demands were all made with reasonable particularity, none are so vague ambiguous that they cannot be responded-to, objections were waived by failing to adequately set forth a substantive basis for the objections and the unsorted-as-to-response 400 pages of documents includes many duplicates, irrelevant and extraneous information and fully every page from 215 to

416 constitutes a guide put together by a third party, the Consumer Data Industry Association (CDIA), is not specific to WF at all and which was not included in prior responses. If the court would like, plaintiff can bring the entire production to the hearing for the court's review.

**REPLY TO BACKGROUND**

Plaintiff does not wish to address the Background as set forth by WF, except to point out that the improper entry on plaintiff's report was not removed until after this lawsuit was filed.

An important factor is this case are the dates set by the court for early adjudication of this matter and discovery cut-off. It is plaintiff's belief that the delay and evasion of response is due in good part to this early time setting and WF's attempt to take advantage of it.

**REPLY TO TIMELINE**

In regard to WF's contention that it had already produced many responsive documents in its Rule 26 disclosure, it is not clear which of these documents were supposed to be responsive to which of the requests. Plaintiff asked WF to so identify, but it has refused.

Throughout its Timeline, WF makes non-substantive assertions regarding the production of documents or amended responses. They are non-substantive because the documents produced were either substantially non-responsive to the requests, or continue to be evasive.

In regard to the letter exchange about the deficiencies of WF's responses, plaintiff stands by what he said in his original papers and does not believe they need restating. WF complains it did not find the six page single spaced letter sufficiently detailed to apprise it of the defects of its responses. Plaintiff disagrees and invites the court to review Ex E to Mr. Bale's Declaration.

Again, the course of the meet and confer efforts were set forth in some detail in plaintiff's opening papers.

At the teleconference, plaintiff got through the interrogatories and requests for admission. WF then attempted to mischaracterize the content of the requests to find an ambiguity. When called on it, WF got upset and terminated the call. This, WF contends, was a failure of plaintiff, vitiating this motion. Plaintiff's urges that this position is bizarre, particularly in light of all the prior responses, efforts and the simple fact that it was WF that terminated the effort.

Finally, WF acknowledges it still has not provided the amended responses and production of documents it has promised. It provides no explanation for this failure.

**REPLY TO ARGUMENT**

    A.    **THE RECORD SHOWS A PLETHORA OF FRUSTRATED ATTEMPTS BY PLAINTIFF TO MEET AND CONFER**

This court succinctly stated the rule for meet and confers in WF's cited case, ***Crossbow Tech. v. YH Tech***, 2007 WL 9268756 *1: ""meet and confer" or "confer" means to "communicate directly and discuss in good faith the issue(s) required under the particular rule or order." Plaintiff asserts that numerous such attempts, including the WF aborted teleconference, constitute such efforts–at least by the plaintiff. Plaintiff denies being an impediment to meet and confer efforts. Plaintiff believes the history of discovery, and the disputes about it, as shown by the record clearly indicates who has not been acting in good faith in regards to discovery. Other than the *ad hominem* attacks WF asserts, there is simply no evidence that plaintiff has failed to attempt to meet and confer.

    WF asks the court to deny the motion, suggesting "it is likely that many of the disputes before the court on this motion could have been resolved, and that plaintiff would have clarified or narrowed his discovery requests." There is no evidence supporting this assertion, or that WF ever made a meaningful effort to do this. The converse seems more true. Indeed, WF repeatedly failed to meet its own promises regarding amendment and production and has not even amended or produced what it promised to produce to date.

    Plaintiff believes that denying the motion would be imprudent. If the court denies the motion on the meet and confer basis, it may do so "without prejudice" and allow the parties to meet and confer. However, given the time constraints previously imposed on this case at WF's insistence, and the clarity of the parties' positions on the issues as evidenced by the exhibits and Statement of Items in dispute, it seems the court should go forward and decide the issues before it. The alternative is to require further meet and confer, but also modifying the various dates the court has set (which may be necessary anyway).

//

B.  **ALL OF THE REQUESTS FOR DOCUMENTS ARE DESCRIBED WITH REASONABLE PARTICULARITY, EVEN THE ONLY TWO WF CITES**

WF contends that some of the Requests are not described with reasonable particularity. As WF's own citations to authority show, the requirement is not strict. Reasonable notice is all that is required.

WF cites two requests as being unreasonably particular. First is request 61, asking for production of "all documents which address the accuracy, truthfulness, or reliability of your reporting to the credit reporting agencies." WF for the first time asserts it "cannot be sure whether plaintiff is seeking procedure manuals relating to credit reporting practices" or "individual consumer disputes or complaint letters; internal reviews of Wells Fargo' (sic) practices." It is without doubt that a responding party must produce to the extent a request is unobjectionable. It is not clear that WF has ever produced any of these. The only item plaintiff can construe as a procedure manual is the CDIA manual, but that was produced well after the motion was served. WF has not identified this production as being responsive to this request. If a consumer letter addresses the accuracy, etc. of WF credit reporting, it is relevant and should have been produced. It cannot provide this boilerplate objection and, only on pains of a motion, raise the reasons why it objected-to in the first place. The same is true of internal reviews.

Second, as to request 75, it is a cleanup request, particularly designed to assure that the attorney has carefully thought through any attorney-client privilege or work product protection objection made, and to assure that any document not produced pursuant to such objections not be allowed before the court as evidence if it has been withheld.

Other than these, the worst two WF could find, WF makes no argument. This shows not just the failure of the objection as it is generally made, but also the making of those objections were not substantiated in the first place.

C.  **NONE OF THE REQUESTS IS OVERBROAD OR IRRELEVANT AND RULE 37-2 HAS BEEN COMPLIED WITH**

WF contends that documents regarding its budget for allocating resources to reinvestigations (26) is irrelevant. Nothing could be further from the truth. Such documents, or

the lack of them, will show WF's commitment to assuring that reinvestigations are performed thoroughly and accurately.  WF states a five year period is too lengthy when the statute of limitations is two years, hence not relevant. It is relevant to know if WF maintains a standard expenditure per year, or if it varies per year; If it expended less and less resources year over year or is increasing them.  Or if WF decided over the years, as compared to others, to make less or more expenditures.  As WF's own statement of fact show, something went seriously awry in this matter and these documents may well be an explanation for it.

It is unclear from its Opposition why WF contends that request 5 is objectionable as overbroad.  Request 5 asks for "[a]ll documents showing an audit or review by you of practices to determine compliance with 15 USC section1681s-2(a).  WF says this objectionable because it has no time frame, but it does not explain how the lack of a time frame means it need not provide a response nor produce documents.  A party responding to discovery must respond to the extent a request is not objectionable, and WF clearly understands that any documents that showed an audit or review pertinent to practices applied to Mr. Howard's matter are both relevant and not overbroad.  Respectfully, contrary to WF's assertion otherwise, the terms "audit" and "review" have clear meaning easily understood in the context of the request.

WF contends that since it cannot be sued under 15 USC 1681s-2(a), no requests regarding it are relevant.  s-2(a) provides the duties of furnishers of credit information, such as WF.  It does not matter whether plaintiff can sue under it or not, so long as its compliance with these provisions are relevant to the complaint.  Here, whether WF was even aware of its duties regarding reporting information goes to willfulness and conscious disregard of the rights of others in the reinvestigation process upon dispute.

WF contends that seeking deposition transcripts of persons identified in its Rule 26 disclosures is overbroad and/or irrelevant, per request 30.  It mischaracterizes the request. Request 30 seeks not just transcript of persons disclosed pursuant to Rule 26, but is even further delimited to those having to do with maintaining data bases free from error.  That is relevant, in that it appears by WF's own recitation of facts that an inaccurate entry was allowed to re-appear

and remain on Mr. Howard's credit report due to reporting by WF.

WF complains that the proportionality and other requirements required by Rule 26(b)(2) are not satisfied. Plaintiff has shown this by the separate statement for each Request. WF cites as its sole example where plaintiff has not satisfied Rule 26(b)(2) request 15 and overlapping requests. Plaintiff does not believe these overlap, and WF never made an issue of this in its letters or at the phone conference. But rather than fight about it, if WF wants to identify exactly which documents it has produced as responsive to 15 (and so the other "redundant" and "overlapping" requests), plaintiff will accept this, so long as WF does not attempt to produce other documents it could reasonably have produced that were responsive to this (and these) request(s) at or before the date of its Opposition to this Motion.

### D. WHEN OTHER OBJECTIONS ARE UNFOUNDED, "PRIVILEGE" OBJECTIONS SHOULD BE DEEMED WAIVED WHEN NO LOG IS PRODUCED

The clear learning, totally ignored by WF, of the 9th Circuit's opinion in ***Burlington Northern v. U.S. Dist. Ct.*** 408 F3d 1142, 1148 (9th Cir. 2005) is that boilerplate objections or blanket refusals in response to FRCP 34 requests are insufficient to assert a privilege. See Schwarzer, et al., ***Federal Civil Procedure Before Trial***, section 11:1918. WF asserts it should not have to provide the substance of its objections in the form of a log until other objections it made have been ruled upon. This encourages just the sort of game playing that is problematic in this case: making boilerplate objections as a matter of course. The Rule better stated is that the responding party should prepare the privilege log to the extent it reasonably could have. As WF points out, ***Burlington*** seems to afford to the trial court's broad discretion in determining the waiver issue (no per se waiver). Hence, where the court finds the non-privilege/protection objections are unfounded, it should find that the responding party assumes the risk of waiver by failing to provide the log and waives those objections by failing to produce one. This helps to take the game element out of discovery. Here, as has been shown and as WF as failed to oppose, the vast majority of objections were unfounded, no privilege log has been produced and, hence, the privilege type objections should be deemed waived.

E. **PROVIDING A SELECTION OF DOCUMENTS IS NOT PRODUCING DOCUMENTS AS THEY ARE KEPT IN THE USUAL COURSE OF BUSINESS**

WF continues to assert that it should not have to say which documents are responsive to which requests because it produced the documents as it keeps them in the usual course of business. It is very unlikely that the selection of documents covering vastly diverse areas of WF's business practice were produced as kept in the usual course of business. Rather, they were selected by someone in response to the Requests made. Failing to say what documents are responsive to which requests make use of the documents difficult for summary judgment or trial purposes. The fundamental purpose of discovery is to pin a party's position down. A court may order the responding party to segregate documents into categories and plaintiff, by this motion, is requesting this. See Schwarzer, *supra* at 11:1944, citing FRCP 37(a)(3). A simple means of doing this is simply to provide the Bates Stamp numbers of documents responsive to each request.

F. **REQUESTS FOR ADMISSION 5-10 AND 13-15 WERE NOT VAGUE AND AMBIGUOUS AND HAVE NOT BEEN PROPERLY RESPONDED TO**

WF only argues requests for admission 5-8 are vague and ambiguous, contending the other requests are moot because it supplemented 9-12 and will supplement 13-15 at some point of its apparent choosing. WF is wrong as to each.

WF served a supplemental response to Requests 9 and 10, but they merely state objections and then say "[s]ubject to and without waiving these objections, Wells Fargo currently lacks sufficient information to admit or deny this request." These requests ask if the investigation performed in 2007 regarding plaintiff was or was not accomplished in accord with WF's standard procedure and practice. This is not the type of request that requires extensive investigation.

WF promised it would supplement responses to 13-15, but has not. It does not cite to any law that allows it to delay a timely response without some good excuse. These admissions, regarding WF's net worth, are not complicated or difficult to determine. Therefore, response must be compelled.

As to 5-8, WF continues to contend that the word "intended" is vague and ambiguous, but

it is not. WF then appears to contend that it is not "intended" that is vague and ambiguous, but rather what actions or investigation are referred to. This objection was not made, but in any case, each of the requests properly delimit what is referred to. Requests five and six are delimited to intent regarding WF's reporting to Trans Union that plaintiff was personally liable. Requests seven and eight are delimited to an investigation in 2007. Since plaintiff only made one dispute, only one investigation should have taken place. But if WF contends it made two investigations, it should be for any investigation made in 2007. The request is sufficiently clear on this point, so much so that no objection was made on this basis. The word intention is clear and WF should be compelled to answer these requests.

**CONCLUSION**

WF should be compelled to remove objections and respond to requests for documents and admission. To the extent it has produced documents, it should be compelled to explain what requests they are responsive to.

July 1, 2008                                LAW OFFICE OF RON BOCHNER


                                            BY _____
                                            RON K. BOCHNER
                                            Attorney for Plaintiff
                                            Richard Howard