1  DONALD J. QUERIO (State Bar No. 54367)
   djq@severson.com
2  MARK D. LONERGAN (State Bar No. 143622)
   mdl@severson.com
3  PETER H. BALES (State Bar No. 251345)
   phb@severson.com
4  SEVERSON & WERSON
   A Professional Corporation
5  One Embarcadero Center, Suite 2600
   San Francisco, CA 94111
6  Telephone: (415) 398-3344
   Facsimile: (415) 956-0439
7
   Attorneys for Defendants
8  WELLS FARGO FINANCIAL
   MISSOURI, INC., et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HOWARD,<br><br>    Plaintiff,<br><br>  vs.<br><br>WELLS FARGO FINANCIAL MISSOURI, INC., WELLS FARGO FINANCIAL ACCEPTANCE, WELLS FARGO AUTO FINANCE, INC., WELLS FARGO FINANCIAL CAR, LLC, and DOES 1-50,<br><br>    Defendants. | Case No.: CO7-05881 EDL (BZ)<br><br>**WELL FARGO'S MOTION FOR ADMINISTRATIVE RELIEF TO REQUEST TO CHANGE DATE SET FOR MANDATORY SETTLEMENT CONFERENCE**<br><br>Settlement Conference Date:<br>August 19, 2008<br>Time: 9:00 a.m.<br>Dept.: G<br>Judge: Hon. Bernard Zimmerman<br><br>Complaint Date: November 20, 2007 |

Pursuant to Civ. L.R. 7-11, defendant Wells Fargo Financial Missouri, Inc. submits this motion for administrative relief requesting that the Court change the date currently set for the settlement conference for the following reasons:

1.  On June 18, 2008 Judge Zimmerman issued an "Order Scheduling Settlement Conference" which set the date for August 19, 2008. (Bales Decl., ¶ 2.)

2.  Counsel for Wells Fargo is not available on August 19, 2008 because of a mandatory settlement conference for another action which is set to take place in El Dorado

County Superior Court and which was scheduled prior to Judge Zimmerman's order. (Bales Decl., ¶3.)

3. In light of the scheduling conflict, on June 18, 2008 counsel for Wells Fargo, Peter H. Bales, sent an email to counsel for plaintiff asking if plaintiff would be willing to file a stipulation requesting that the Court change the date set for the conference. Plaintiff's counsel responded on Friday, June 20th stating that he would check his calendar. (Bales Decl., ¶4.)

4. On July 1, 2008, counsel for Wells Fargo sent a follow-up email to counsel for plaintiff since counsel for Wells Fargo had not received a substantive response to his June 18th email asking if plaintiff was willing to stipulate to the request. Plaintiff's counsel never responded to the July 1st email. (Bales Decl., ¶5.)

5. On Friday, July 11, 2008, counsel for Wells Fargo sent a third and final email to determine whether plaintiff was willing to stipulate to the request. The July 11th email was sent only after plaintiff's counsel failed to respond to the July 1st email and a telephone message that was left earlier in the week at counsel's office. This final email advised plaintiff that if Wells Fargo did not hear back by Monday July 14, 2008 regarding plaintiff's willingness to agree to a stipulation Wells Fargo would file this motion. (Bales Decl., ¶6.)

6. Within minutes after the July 11th email, plaintiff's counsel responded that he was "working on it." However, as of the date of this motion plaintiff's counsel has failed to provide a response as to whether plaintiff is willing or is not willing to stipulate to this request. (Bales Decl., ¶7.)

7. Due to the scheduling conflict and plaintiff's failure to respond, Well Fargo submits this motion requesting that the Court change the date set for the settlement conference. Wells Fargo requests the Court to set the settlement conference for one week following August 19, 2008, or August 26, 2008, if this date is agreeable with the Court.

1 | DATED: July 15, 2008              SEVERSON & WERSON
2 |                                   A Professional Corporation
3 |                                   By: /s/ Peter H. Bales
4 |                                        Peter H. Bales
5 |                                   Attorneys for Defendant
  |                                   WELLS FARGO FINANCIAL MISSOURI, INC.

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DECLARATION OF PETER H. BALES IN SUPPORT OF MOTION FOR ADMINISTRATIVE RELIEF

I, Peter H. Bales, declare as follows:

1. I am an attorney at law, licensed to practice in the State of California, and I am an attorney with the law firm of Severson & Werson, counsel of record for Wells Fargo Defendants. I have personal knowledge of the following facts, and if called as a witness, I would testify truthfully with respect to the matters stated herein.

2. On June 18, 2008 Judge Zimmerman issued an "Order Scheduling Settlement Conference" which set the date for August 19, 2008.

3. I am not available on August 19, 2008 because of a mandatory settlement conference for another action which is set to take place in El Dorado County Superior Court and which was scheduled prior to Judge Zimmerman's order.

4. In light of the scheduling conflict, on June 18, 2008 I sent an email to counsel for plaintiff asking if plaintiff would be willing to file a stipulation requesting that the Court change the date set for the conference. Plaintiff's counsel responded on Friday, June 20th stating that he would check his calendar.

5. On July 1, 2008, I sent a follow-up email to counsel for plaintiff since I had not received a substantive response to his June 18th email asking if plaintiff was willing to stipulate to the request. Plaintiff's counsel never responded to my July 1st email.

6. On Friday, July 11, 2008 I sent a third and final email to determine whether plaintiff was willing to stipulate to the request. I sent the July 11th email only after plaintiff's counsel failed to respond to my July 1st email and a telephone message that I left earlier in the week at counsel's office. I advised plaintiff's counsel that if Wells Fargo did not hear back by Monday July 14, 2008 regarding plaintiff's willingness to agree to a stipulation, Wells Fargo would file a motion requesting the Court to change the date.

7. Within minutes after the July 11th email, plaintiff's counsel responded that he was "working on it." However, as of the date of this request plaintiff's counsel has failed to provide a response as to whether plaintiff is willing or is not willing to stipulate to this request.

-4-

I declare under penalty of perjury that the foregoing is true and correct. Executed within the United States on July 15, 2008.

By: /s/ Peter H. Bales
Peter H. Bales

**[PROPOSED] ORDER**

Based upon the administrative motion and the declaration submitted in support of the administrative motion, and no opposition having been filed, Wells Fargo's request that the date for the settlement conference be changed is GRANTED. The settlement conference is now scheduled for __August 29, 2008__ at 9:00 a.m., in Courtroom G, 15th Floor, Federal Building, 450 Golden Gate Avenue, San Francisco, California. All deadlines corresponding to the settlement conference shall be changed to reflect the new date.

IT IS SO ORDERED.

Dated: __July 22__, 2008                          _____
                                                   Magistrate Judge
                                                   United States District Court



-6-

07515/0096/679750.1                          Wells Fargo's Request to Change Date for Settlement Conference
                                                                          Case No.: C07-05881 EDL