UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HOWARD,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO, et. al<br><br>Defendants. | Case No.: CO7-05881 EDL<br><br>**JOINT STATEMENT RE DISCOVERY DISPUTES**<br><br>Dept.: E<br>Judge: Hon. Elizabeth D. Laporte<br><br>Complaint Filed: November 20, 2007 |

Per the Court's Order of July 22, 2008, the parties to the above-entitled action jointly submit this Joint Statement re Discovery Disputes

**Plaintiff's Statement:**

The matter comes under the Fair Credit Reporting Act/Fair and Accurate Credit Transactions Act, 15 USC section 1681, et seq. The party listed on the credit report in question is Wells Fargo Financial Acceptance. Wells Fargo contends that Wells Fargo Missouri is responsible for this entry.

At the hearing of the Motion, the parties came to agreement on the vast majority of the Demands for Documents. As part of its Order, the Court stated that Wells Fargo was to "provide Plaintiff with declaration(s) from the person(s) most knowledgeable stating the categories for which document production has been completed and describing the diligent search made, and the

categories about which there is a dispute and document production has not been completed." No such Declaration has been provided.

As to the Requests for Documents, the court stated that Wells Fargo was to respond in good faith to the remaining 11 disputed requests. The revised 11 were served by facsimile on July 25, 2008. On August 5, 2008, the parties met and conferred again. On August 8, 2008, Wells Fargo did not formally respond, but sent a letter explaining it did not believe Plaintiff provided revised appropriately narrowed requests. It did, however, state the documents previously provided responded to Requests 60 and 62, provided a number responsive to 26, provided documents responsive to 10 and 11.

In regard to 59, Wells Fargo asserts it does not have access to its agreement with Trans Union because they are internet based. From plaintiff counsel's knowledge of other cases, this does not appear to be factually based. In regard to Requests 4, 5, 6 and 68, Wells Fargo stood by its objections as previously stated and stated the revised Requests were not appropriately narrowed. As to 68, Wells Fargo complained that it was still unduly overbroad. Plaintiff offered to allow Wells Fargo to produce all evaluations of employees involved with the reinvestigation of Mr. Howard's dispute or to select portions of evaluations having to do particularly with reinvestigation capability. As to the latter, Wells Fargo objected it was unduly burdensome.

The court did not specifically rule on the Requests for Admission Plaintiff sought to compel further answer to. Wells Fargo has formally denied 13, 14 and 15, but continues to refuse to respond to Requests 5, 6, 7 and 8.

As it appears disputes remain, plaintiff sets forth the following five requests for further court consideration. Plaintiff also asks that the court extend the discovery cut off in this matter so responses can be made to these requests and follow up discovery completed.

**Defendant's Statement:**

Per the Court's "Order Denying Plaintiff's Motion to Compel Without Prejudice," plaintiff was required to "draft revised appropriately narrowed requests." On July 25, 2008 plaintiff sent, via letter, his "re-drafted" requests. Although plaintiff has taken efforts to narrow the time span of the requests, the categories and/or subject matters which are requested remain

- 2 -

overbroad and irrelevant to this lawsuit. In response, Wells Fargo drafted a four page meet and confer letter to plaintiff outlining the deficiencies that remained and requested a telephone conference in an attempt to have plaintiff further narrow his requests. During the telephone conference, plaintiff's counsel refused to re-draft the requests or provide further clarification for the requests that remained at issue.

On August 8, 2008 Wells Fargo responded to plaintiff's re-drafted requests by letter because plaintiff served his requests by letter.[1] Wells Fargo responded to Requests Nos. 10 and 11 by producing responsive documents. Wells Fargo responded to Request 59 by stating that there were no documents responsive to that request.

As was discussed during the meet and confer conference, Wells Fargo stated in its responses that responsive documents were already produced for Requests Nos. 60 and 62. Furthermore, Wells Fargo provided plaintiff with the dollar amount of the budget which was allocated to credit disputes for 2007 and 2008, in exchange for plaintiff's withdrawal of document request No. 26, which was offered by plaintiff during the meet and confer conference.

As to the remaining document requests at issue Wells Fargo responded that it would continue to stand by its objections. Wells Fargo has repeatedly set for the its reasoning behind those objections- in its "Statement of Discovery In Dispute and Reasons Not to Compel Further Responses" submitted with its opposition to plaintiff's motion to compel, at the hearing, and during the meet and confer sessions to date.

As to the requests for admission that remain at issue, Well Fargo believes that plaintiff has not made a good faith effort to "draft revised appropriately narrowed requests." Indeed, unlike the document requests, in which plaintiff at least narrowed the time period, plaintiff has not made *any* substantive changes to the requests, and certainly none which would resolve Wells Fargo's objections.

Wells Fargo interpreted the Court's order, to require Wells Fargo to provide a declaration when and if plaintiff should renew his motion to compel. Thus, a declaration will be provided.

---

[1] Wells Fargo would be more than willing to "formally respond," as plaintiff requests, as soon as plaintiff serves "formal" amended requests.

# DISCOVERY IN DISPUTE--REQUESTS FOR DOCUMENTS

**59. Produce any agreement and amendments under which you used, reported or furnished credit information to Trans Union relating to the plaintiff which were operative at the time you performed any reinvestigation in the years 2007 or 2008.**

PLAINTIFF'S STATEMENT:

There is nothing oppressive and burdensome about this request, it is relevant and is stated with reasonable particularity. It seeks documents directly relating to matters relevant in this case: what its contractual obligations are under its various agreements, for example. It is not vague and ambiguous and defendant has not explained why it thinks it is. While it appears Wells Fargo no longer objects to this Requet, it asserts it does not have access to its agreement with Trans Union because they are internet based. From plaintiff counsel's knowledge of other cases, this does not appear to be factually based.

DEFENDANT'S STATEMENT:

Wells Fargo responded to this request that no responsive documents exist. Wells Fargo cannot be compelled to produce documents it does not have. Wells Fargo recommends plaintiff seek responsive documents from Trans Union itself, who plaintiff has a concurrent lawsuit against in California Superior Court.

**68. Produce any performance evaluation for every one of your employees who took any action with regard to the reinvestigation of plaintiff's dispute in 2007 or 2008.**

PLAINTIFF'S STATEMENT:

There is nothing oppressive and burdensome about this request, it is relevant and is stated with reasonable particularity. It seeks documents directly relating to matters relevant in this case: whether it knew its employees were performing adequately. It is not vague and ambiguous and defendant has not explained why it thinks it is. A protective order is in place and this case and privacy rights can be protected while allowing plaintiff to investigate his case. Wells Fargo stood by its objections as previously stated and stated the revised Requests were not appropriately narrowed. Plaintiff offered to allow Wells Fargo to produce all evaluations of employees involved with the reinvestigation of Mr. Howard's dispute or to select portions of evaluations having to do particularly with reinvestigation capability. As to the former, Wells Fargo objected

it was overbroad. As to the latter, it objected it was unduly burdensome.

DEFENDANTS' STATEMENT:

This request is an example of where the categories and/or subject matters which are requested remain overbroad and irrelevant to this lawsuit.

The "re-drafted" request continues to seek every performance evaluation for every employee who took *any action* on plaintiff's account with regard to the reinvestigation of plaintiff's dispute in 2007 and 2008. Thus, for every employee who *took any action* relating to the reinvestigation in that two-year span, which could be as minimal as handling a routine administrative matter irrelevant to plaintiff's claims, plaintiff still seeks every one of their performance evaluations since they first started at Wells Fargo. The request fails to describe the documents requested with reasonable particularity. Fed. R. Civ. P. 34(b).

For Wells Fargo to review each of these performance evaluations and provide, as plaintiff has offered, "select portions of evaluations having to do particularly with reinvestigation capability" would indeed be oppressive and burdensome. Furthermore, the term "reinvestigation capability" is vague and ambiguous, which would further frustrates Wells Fargo's ability to determine which documents were responsive to the request.

### REQUESTS FOR ADMISSION

**5. Admit that you intended your actions when you reported to Trans Union that the information plaintiff disputed as inaccurate was accurate in 2007.**

PLAINTIFF'S STATEMENT:

The request is reasonably calculated. Under the Fair Credit Reporting Act/Fair and Accurate Transactions Act (the "ACT"), whether one acts willfully and whether punitive damages can be assessed is based in part on whether acts were intentional. Plaintiff has pled willful violation of the ACT. The request is not overbroad, vague nor ambiguous. Intention has a well accepted definition in the law.

DEFENDANT'S STATEMENT:

Although plaintiff changed a few select words, the request still reads the same as the previous request which requested Wells Fargo to admit:

- 5 -

> "that you intended your actions in 2006 and 2007 when you reported to Trans Union that Plaintiff was personally liable to you on an account."

Plaintiff has not made any substantive changes to the request, and certainly none which would resolve Wells Fargo's objections. The request is vague and ambiguous. Indeed, it is non-sensical, in that Wells Fargo did not report to Trans Union in 2007 that information plaintiff disputed as inaccurate was accurate. If the request is intended to refer to Wells Fargo's responses to Trans Unions CDV's in June and December of 2007, Wells Fargo responded that the customer disputed the account (in June and December) and it instructed Trans Union to delete the account in December, which is what Wells Fargo intended to do. In this context of this request, asking whether Wells Fargo "intended its actions" is inherently ambiguous.

**6. Admit that you did not intend your actions when you reported to Trans Union that the information plaintiff disputed as inaccurate was accurate in 2007.**

PLAINTIFF'S STATEMENT:

The request is reasonably calculated. Under the Fair Credit Reporting Act/Fair and Accurate Transactions Act (the "ACT"), whether one acts willfully and whether punitive damages can be assessed is based in part on whether acts were intentional. Plaintiff has pled willful violation of the ACT. The request is not overbroad, vague nor ambiguous. Intention has a well accepted definition in the law.

DEFENDANT'S STATEMENT:

Please see Defendant's response to Request for Admission No. 5.

**7. Admit that the investigation you performed in response to Mr. Howard's dispute in 2007 was accomplished as you intended.**

PLAINTIFF'S STATEMENT:

The request is reasonably calculated. Under the Fair Credit Reporting Act/Fair and Accurate Transactions Act (the "ACT"), whether one acts willfully and whether punitive damages can be assessed is based in part on whether acts were intentional. Plaintiff has pled willful violation of the ACT. The request is not overbroad, vague nor ambiguous. Intention has a well accepted definition in the law.

DEFENDANTS' STATEMENT:

Although plaintiff changed a few select words, the request still reads the same as the previous request which requested Wells Fargo to admit:

> "that the investigation you performed in 2007 regarding Plaintiff was accomplished as you intended.."

Plaintiff has not made any substantive changes to the request, and certainly none which would resolve Wells Fargo's objections. The request is vague and ambiguous. It does not specify the investigation to which it refers, and there were two, in June and December of 2007. Wells Fargo completed those investigations based upon the information provided to it by Trans Union. Wells Fargo does not contend that a clerical error occurred during either investigation, that is, it does not contend that it inadvertently reported something to Trans Union which it "did not intend" to report at that time. However, this does not necessarily mean that one or both investigations would not have been accomplished differently if circumstances had been different, or if Wells Fargo had been provided with different or additional information from Trans Union when the investigations were commenced. In this context of this request, asking whether Wells Fargo "intended its actions" is inherently ambiguous.

## CONCLUSION

Plaintiff' Statement: Plaintiff requests the Court compel further response and production as appropriate. Plaintiff requests the Court extend the discovery cut off for the purpose of further response and reasonable follow up and to allow such time to take depositions after the amended responses are served.

Defendant's Statement: For the reasons set forth above, and as set forth Wells Fargo's papers submitted in opposition to plaintiff's motion to compel, Wells Fargo respectfully requests that the Court deny plaintiff's motion to compel with prejudice.

Respectfully submitted.

DATED: August 18, 2008

SEVERSON & WERSON
A Professional Corporation

By: _____
Peter H. Bales

Attorneys for Defendant
WELLS FARGO FINANCIAL MISSOURI, INC.

DATED: _____, 2008

LAW OFFICE OR RON BOCHNER

By: _____
Ron Bochner

Attorneys for Plaintiff
RICHARD HOWARD