IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HOWARD, | No. C-07-05881 EDL |
| Plaintiff, | **ORDER RE JOINT STATEMENT RE DISCOVERY DISPUTES** |
| v. | |
| WELLS FARGO FINANCIAL ACCEPTANCE, | |
| Defendant. | |

On August 18, 2008, the parties filed a joint statement regarding discovery disputes, outlining discovery disputes that remain following the July 22, 2008 hearing on Plaintiff's motion to compel and following additional meet and confer efforts. The Court has considered that statement, and orders the following:

1. Defendant has now provided a sworn declaration from its person most knowledgeable as described in this Court's July 22, 2008 Order, and Plaintiff's request for such a declaration is moot.

2. As to document request number 59 regarding information provided to Trans Union, Defendant has provided a sworn declaration stating that no responsive documents exist. The Court will not require Defendant to produce documents it does not have based only on Plaintiff's counsel's theory that Defendant's representation does not appear to be factually based. Therefore, Plaintiff's request to compel documents responsive to this request is denied.

3. As to document request 68, Plaintiff is requesting all performance evaluations for every employee who took any action with regard to the reinvestigation of Plaintiff's dispute in 2007 or 2007. It has agreed to narrow this request to portions of the evaluations that deal with the employees' investigation capability. This request is too broad. However, Defendant is ordered to

produce the portions of evaluations having to do particularly with reinvestigation capability for all performance evaluations for every employee *assigned* to reinvestigate Plaintiff's dispute in 2007 or 2008.

    4.    As to the requests for admissions, Plaintiff's requests are denied insofar as the requests are vague and ambiguous. Further, Defendant has provided Plaintiff with some information regarding the requests despite this ambiguity. However, Defendant shall include what it has admitted in the parties' joint statement into actual responses to the requests for admission and provide those to Plaintiff immediately.

    5.    If the parties stipulate to an extension of the discovery cutoff, they shall provide the Court with a joint stipulation for the Court to consider, outlining the current case deadlines and the specific discovery that they need to conduct. If the parties do not so stipulate, Plaintiff shall file a request outlining the same. However, given that the Court granted the parties' previous request to extend the discovery and dispositive motion deadlines, and that the dispositive motion hearing deadline is now November 7, 2008 and trial is set for January 5, 2009, the Court may perhaps grant a brief discovery continuance only, but may well not continue the other dates set in the case.

**IT IS SO ORDERED.**

Dated: August 21, 2008

ELIZABETH D. LAPORTE
United States Magistrate Judge