LAW OFFICE OF RON BOCHNER
Ron K. Bochner - 160093
3333 Bowers Avenue, Suite 130
Santa Clara, California 95054
(408) 200-9890
FAX: (510) 740-3699
robolaw@justice.com

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT

NORTHERN DIVISION OF CALIFORNIA

| | |
|---|---|
| RICHARD HOWARD,<br><br>    Plaintiff,<br><br>vs.<br><br>WELLS FARGO FINANCIAL MISSOURI, INC., WELLS FARGO FINANCIAL ACCEPTANCE, WELLS FARGO AUTO FINANCE, INC., WELLS FARGO FINANCIAL CAR, LLC, and DOES 1-50,<br><br>    Defendants.<br>_____/ | Case No.   C07-05881 EDL<br><br>NOTICE OF MOTION AND MOTION TO EXTEND TIME FOR COMPLETION OF DISCOVERY<br><br><br><br>DATE:    NO HEARING PER<br>TIME:    LOCAL RULE 6-1<br>DEPT.:    E |

PLEASE TAKE NOTICE that Plaintiff Richard Howard will move this Court for an Order continuing the discovery cut off in this matter pursuant to Local Rules 6-1 and 6-3. This motion is made on the grounds that discovery is not complete in this matter, particularly due to the somewhat complex nature of the matter, including the defendants relationship(s) to each and failing to allow such discovery would prejudice Plaintiff's case. The motion will be based upon this notice, the attached points and authorities, the attached declaration of Ron Bochner, the court file in this case and such other and further evidence as may be aduced at or before any hearing on the matter.

1  Plaintiff specifically request extension of the date for discovery cut off to be October 8,
2  2008.

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   BACKGROUND FACTS**

This is a case for violation of the Fair Credit Reporting Act/Fair and Accurate Transactions Act (FCRA).  Plaintiff RICHARD HOWARD (Plaintiff) alleges that defendants WELLS FARGO FINANCIAL MISSOURI, INC., WELLS FARGO FINANCIAL ACCEPTANCE, WELLS FARGO AUTO FINANCE, INC., WELLS FARGO FINANCIAL CAR, LLC (WF) allowed a previously disputed and removed account (which had resulted fraud identity theft) to be re-reported on this credit report and that WF failed and refused to remove the returned account after he disputed it in accord with the FCRA.  Plaintiff seeks compensatory, statutory and punitive damages under the FCRA.

The court has previously set discovery cut off for September 30, 2008, the filing of dispositive motions for October 7, 2008 and hearing of dispositive motions for November 7, 2008.

Plaintiff previously filed a Motion to Compel, the upshot of which was that defendant Wells Fargo provided a Declaration from Ryan Bowie, who identified himself as working for Wells Fargo, N.A. (a non-party to this action) that certain documents had been produced.  Upon ruling on Plaintiff's Motion to Compel further Discovery responses, the court ordered that the court would consider a short extension of time to complete discovery.  Plaintiff has set the deposition of Mr. Bowie for September 18, 2008, and Wells Fargo has said he would be available that day, but has not provided his location so that the deposition can be set telephonically.  Plaintiff also set the deposition for Wells Fargo's person most knowledgeable, but Wells Fargo has been non-responsive on that.  This being the case, plaintiff has amended the PMK notice to move the date to September 25, 2008.  Plaintiff has also propounded a Set of Requests for Admission, Set One to Wells Fargo Auto Finance, Inc. which would have a due date of October 8, 2008.  Response to these Requests, a copy of which is attached as Exhibit A to the Declaration of Ron Bochner, would help to make trial of the matter more efficient as they may narrow issues.

On September 9, 2008, the undersigned requested that counsel for Wells Fargo stipulate to

1  the extension of time.  There has been no response.

2  **II.    ARGUMENT**

3  Local Rule 6-1(a) requires an order to enlarge or shorten time that alters an event or
4  deadline set by the court.  Here, plaintiff seeks to continue time to complete discovery to (1)
5  make Requests for Admission to defendant Wells Fargo Auto Finance, Inc. (2) to assure that all
6  entities that are necessary to be deposed.

7  Local Rule 6-3 sets forth that a Motion to enlarge or shorten time must be accompanied
8  by a declaration setting forth with particularity the reasons for the modified time, the efforts made
9  to obtain a stipulation, the harm or prejudice that would occur if time was not modified,
10 disclosure of all previous modifications and describe the effect the modification would have on
11 the case schedule.

12 Here, the modification is necessary to assure that depositions are completed and to narrow
13 the issues for trial.  The undersigned has made efforts to obtain a stipulation and that there has
14 been no response.  The harm or prejudice is that Plaintiff will not be able to obtain evidence
15 necessary to prosecute the case and that this issue seems to arise from the various Wells Fargo
16 entities that Wells Fargo has suggested are responsible for acts in dispute.  The court previously
17 moved the discovery cut off to September 30, 2008 and Plaintiff is only seeking an extension of
18 less than 10 days time.  While there may be minimal impact on the dates for filing dispositive
19 motions can be filed, this can also be dealt with by slightly modifying dates for filing papers
20 and/or the hearing date.

21 **III.   CONCLUSION**

22 Plaintiff asks that the court extend the discovery cut off to October 8, 2008.  If dispositive
23 motions are filed, Plaintiff asks that the court either maintain the current hearing date, November
24 7, 2008 and shorten the time for service to 24 days (October 14, 2008 (13th is Columbus Day),
25 Opposition to 14 days (October 24, 2008) and Reply to 7 days (October 31, 2008) before hearing.
26 Alternatively, the Plaintiff asks the Court to move the dispositive motion hearing date to a date

//

1 | where the normal filing dates may be maintained.

3 | September_____, 2008          LAW OFFICE OF RON BOCHNER

6 | BY _____
RON K. BOCHNER
Attorney for Plaintiff
Richard Howard