LAW OFFICE OF RON BOCHNER
Ron K. Bochner - 160093
3333 Bowers Avenue, Suite 130
Santa Clara, California 95054
(408) 200-9890
FAX: (510) 740-3699
robolaw@justice.com

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT

NORTHERN DIVISION OF CALIFORNIA

| | |
|---|---|
| RICHARD HOWARD, | Case No.   C07-05881 EDL |
| Plaintiff, | DECLARATION OR RON BOCHNER IN SUPPORT OF MOTION TO EXTEND TIME FOR COMPLETION OF DISCOVERY |
| vs. | |
| WELLS FARGO FINANCIAL MISSOURI, INC., WELLS FARGO FINANCIAL ACCEPTANCE, WELLS FARGO AUTO FINANCE, INC., WELLS FARGO FINANCIAL CAR, LLC, and DOES 1-50, | DATE:     NO HEARING PER<br>TIME:      LOCAL RULE 6-1 |
| Defendants. | DEPT.:     E |

I, Ron Bochner, declare as follows:

    This is a case for violation of the Fair Credit Reporting Act/Fair and Accurate Transactions Act (FCRA).  Plaintiff RICHARD HOWARD (Plaintiff) alleges that defendants WELLS FARGO FINANCIAL MISSOURI, INC., WELLS FARGO FINANCIAL ACCEPTANCE, WELLS FARGO AUTO FINANCE, INC., WELLS FARGO FINANCIAL CAR, LLC (WF) allowed a previously disputed and removed account (which had resulted fraud identity theft) to be re-reported on this credit report and that WF failed and refused to remove the returned account after he disputed it in accord with the FCRA.  Plaintiff seeks compensatory,

1  statutory and punitive damages under the FCRA.

2. The court had previously set discovery cut off for September 30, 2008, the filing of dispositive motions for October 7, 2008 and hearing of dispositive motions for November 7, 2008.

3. Plaintiff previously filed a Motion to Compel, the upshot of which was that defendant Wells Fargo provided a Declaration from Ryan Bowie, who identified himself as working for Wells Fargo, N.A. (a non-party to this action) that certain documents had been produced.  Upon ruling on Plaintiff's Motion to Compel further Discovery responses, the court ordered that the court would consider a short extension of time to complete discovery.  Plaintiff has set the deposition of Mr. Bowie for September 18, 2008, and Wells Fargo has said he would be available that day, but has not provided his location so that the deposition can be set telephonically.   Plaintiff also set the deposition for Wells Fargo's person most knowledgeable, but Wells Fargo has been non-responsive on that.  This being the case, plaintiff has amended the PMK notice to move the date to September 25, 2008.  Plaintiff has also propounded a Set of Requests for Admission, Set One to Wells Fargo Auto Finance, Inc. which would have a due date of October 8, 2008.  Response to these Requests, a true and correct copy of which is attached as Exhibit A to this Declaration, would help to make trial of the matter more efficient as they may narrow issues.

4. On September 9, 2008, the undersigned requested that counsel for Wells Fargo stipulate to the extension of time.  There has been no response.

5. Here, plaintiff seeks to continue time to complete discovery to (1) make Requests for Admission to defendant Wells Fargo Auto Finance, Inc. (2) to assure that all entities that are necessary to be deposed.

6. Here, the modification is necessary to assure that depositions are completed and to narrow the issues for trial.  The undersigned has made efforts to obtain a stipulation and that there has been no response.  The harm or prejudice is that Plaintiff will not be able to obtain evidence necessary to prosecute the case and that this issue seems to arise from the various Wells Fargo entities that Wells Fargo has suggested are responsible for acts in dispute.  The court previously moved the discovery cut off to September 30, 2008 and Plaintiff is only seeking an extension of less than 10

1  days time.  While there may be minimal impact on the dates for filing dispositive motions can be
2  filed, this can also be dealt with my slightly modifying dates for filing papers and/or the hearing
3  date.
4  7.  Plaintiff asks that the court extend the discovery cut off to October 8, 2008.   If dispositive
5  motions are filed, Plaintiff asks that the court either maintain the current hearing date, November
6  7, 2008 and shorten the time for service to 24 days (October 14, 2008 (13th is Columbus Day),
7  Opposition to 14 days (October 24, 2008) and Reply to 7 days (October 31, 2008) before hearing.
8  Alternatively, the Plaintiff asks the Court to move the dispositive motion hearing date to a date
9  where the normal filing dates may be maintained.

      I declare under the penalty of perjury that the above is correct.

      Executed at the City and County of Santa Clara this _____   day of September, 2008.

      BY _____
      RON K. BOCHNER

EXHIBIT A

LAW OFFICES OF RON BOCHNER
Ron K. Bochner - 160093
3333 Bowers Avenue, Suite 130
Santa Clara, California 95054
(408) 200-9890

ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HOWARD, | Case No. C07-05881 EDL |
| Plaintiff, | PLAINTIFF'S REQUESTS FOR ADMISSION, SET ONE |
| vs. | |
| WELLS FARGO ACCEPTANCE, MISSOURI, INC., et al. | |
| Defendants. | |

PROPOUNDING PARTY:   Plaintiff RICHARD HOWARD

RESPONDING PARTY:   Defendant WELLS FARGO AUTO FINANCE, INC.

NUMBER:   ONE

Pursuant to the Federal Rules of Civil Procedure, Plaintiff, by counsel, propounds the following Requests for Admission to Defendant WELLS FARGO AUTO FINANCE, INC. to be answered under oath within the time prescribed by the Federal Rules of Civil Procedure.

YOU ARE REQUESTED TO ADMIT:

1. YOU are the entity responsible for performing all Wells Fargo reinvestigations of Plaintiff's disputes in 2007.

2. YOU were notified by Trans Union that plaintiff had disputed the information about an account in 2007.

3. YOU received one or more CDV form(s) from Trans Union regarding the plaintiff and an account in 2007.

4. The CDV YOU received from Trans Union in June, 2007 did not trigger YOU duty to reinvestigate Mr. Howard's dispute.

5. In response to the CDV forms that YOU received from Trans Union in December, 2007, YOU conducted an investigation of plaintiff's dispute within thirty (30) days of YOUR receipt of the CDV form(s).

6. ADMIT YOUR employees who responded to plaintiff's June, 2007 dispute, completed CDV forms that did not verify the information about the account.

7. ADMIT YOUR employees who responded to Trans Union's December, 2007 CDV completed CDV forms that did not verify the information about the account.

8. ADMIT YOU did not remove an account from plaintiff's credit file within thirty days (30) after being notified by Trans Union that plaintiff disputed information being reported about the account in June, 2007.

10. ADMIT that the CDV YOU provided Trans Union in June, 2007 reported plaintiff disputed the account.

11. ADMIT that the CDV YOU provided Trans Union in December, 2007 reported plaintiff disputed the account.

12. ADMIT that at no point during the course of any of its 2007 investigation did any of YOUR employees examine any records of an account.

13. ADMIT the reason why the account number 50237593 was on plaintiff's credit report was due to a system conversion, by which an internal block was lifted and the account released with a different account number.

14. ADMIT that all the major credit reporting agencies except Trans Union followed YOUR instruction that the account, though being reported under a different account number, should still be treated as the account that was deleted and should not be reported.

15. ADMIT that YOU were aware plaintiff had filed a lawsuit against Wells Fargo before YOU removed the entry in dispute from his report.

September 8, 2008                      LAW OFFICE OF RON BOCHNER


                                       BY _____
                                       RON K. BOCHNER
                                       Attorney for Plaintiffs